| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: | |
| <u>Southern</u> District of <u>Texas</u> (State) | |
| Case number (If known): _____ Chapter <u>11</u> | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**   Red River Talc LLC

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names
   
   _____

3. **Debtor's federal Employer Identification Number (EIN)**   9 9 – 4 5 2 8 5 0 8

4. **Debtor's address**

   **Principal place of business**
   
   501  George Street
   Number  Street
   
   _____
   
   New Brunswick    NJ    08933
   City            State  ZIP Code
   
   Middlesex
   County

   **Mailing address, if different from principal place of business**
   
   Number  Street
   
   P.O. Box
   
   City    State   ZIP Code
   
   **Location of principal assets, if different from principal place of business**
   
   Number  Street
   
   _____
   
                                Texas
   City    State   ZIP Code

5. **Debtor's website (URL)**   https://dm.epiq11.com/redrivertalc

---

Official Form 201         Voluntary Petition for Non-Individuals Filing for Bankruptcy         page 1

Debtor    Red River Talc LLC_____    Case number *(if known)*_____
           Name

| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>❏ Partnership (excluding LLP)<br>❏ Other. Specify: _____ |
|---|---|---|
| 7. | Describe debtor's business | A. *Check one:*<br>❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>❏ Railroad (as defined in 11 U.S.C. § 101(44))<br>❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>■ None of the above<br><br>B. *Check all that apply:*<br>❏ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>  6  7  1  9 |
| 8. | Under which chapter of the Bankruptcy Code is the debtor filing?<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>❏ Chapter 7<br>❏ Chapter 9<br>■ Chapter 11. *Check **all** that apply*:<br>  ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ❏ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ■ A plan is being filed with this petition.<br>  ■ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>❏ Chapter 12 |

Debtor  __Red River Talc LLC_____   Case number (if known)_____
           Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ■ No
   ☐ Yes.  District _____  When _____  Case number _____
                                              MM / DD / YYYY
            District _____  When _____  Case number _____
                                              MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ■ No
    ☐ Yes.  Debtor _____  Relationship _____
            District _____  When _____
                                                              MM / DD / YYYY
            Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ■ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                                Number    Street
                                _____
                                _____    _____  _____
                                City                                State   ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name _____
           Phone _____

---

**Statistical and administrative information**

Debtor   Red River Talc LLC
         Name

Case number *(if known)*_____

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☑ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☑ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☑ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   09/20/2024
              MM / DD / YYYY

X _____          John K. Kim _____
Signature of authorized representative of debtor          Printed name

Title Chief Legal Officer _____

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

Debtor  Red River Talc LLC
        Name

Case number (if known) _____

**18. Signature of attorney**   ✘ ___/s/John F. Higgins_____   Date __09/20/2024_____
Signature of attorney for debtor              MM / DD / YYYY

John F. Higgins
Printed name

Porter Hedges LLP
Firm name

1000         Main Street, 36th Floor
Number       Street

Houston                                      TX         77002
City                                         State      ZIP Code

(713) 226-6648                               jhiggins@porterhedges.com
Contact phone                                Email address

09597500                                     TX
Bar number                                   State

## SECRETARY'S CERTIFICATE

September 19, 2024

     John K. Kim, in his capacity as Secretary of Red River Talc LLC, a Texas limited liability company (the "Company"), hereby certifies that (1) the resolutions attached hereto as Exhibit A (the "Resolutions") are a complete and accurate copy of the resolutions adopted on September 19, 2024 by the board of managers of the Company related to the authorization of the Company to file a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "Chapter 11 Case") and (2) all the Resolutions are in full force and effect and are all the resolutions adopted in connection with the filing of the Chapter 11 Case as of the date hereof.

**[SIGNATURE PAGE FOLLOWS]**

NAI-1540518887

IN WITNESS WHEREOF, the undersigned has executed and delivered this certificate as of the date first written above.

                                        RED RIVER TALC LLC,
                                        a Texas limited liability company

                                        By: *John K. Kim*
                                               Name: John K. Kim
                                               Title:   Secretary

# EXHIBIT A

**Resolutions**

NAI-1540518887

# RED RIVER TALC LLC

## Resolutions

## September 19, 2024

**WHEREAS**, Red River Talc LLC, a Texas limited liability company (the "Company"), the Company's predecessor LLT Management LLC, a Texas limited liability company that was formerly a North Carolina limited liability company named LTL Management LLC ("LLT"), the Company's predecessor Johnson & Johnson Holdco (NA) Inc., a New Jersey corporation that was formerly the direct owner of 100% of the membership interest of LLT ("Old Holdco"), and Johnson & Johnson, a New Jersey corporation and the indirect owner of 100% of the outstanding membership interests of the Company ("J&J"), have, since the dismissal of the prior chapter 11 bankruptcy cases of LLT, engaged in extensive negotiations with counsel representing the vast majority of claimants asserting ovarian and gynecological cancer-related talc claims and a representative for future talc claimants regarding the terms of a prepackaged plan of reorganization that would be implemented under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") to finally and comprehensively resolve all current and future ovarian cancer and other gynecological cancer claims relating to JOHNSON'S® Baby Powder and Shower to Shower by establishing a talc personal injury trust to process and pay such claims;

**WHEREAS**, these negotiations culminated in the development of the Prepackaged Chapter 11 Plan of Reorganization of the Company (the "Original Plan") and LLT commenced solicitation of votes on the Original Plan for and on behalf of the Company on or about June 3, 2024, with the voting period for claimants to accept or reject the Plan ending on July 26, 2024 at 4:00 p.m. (central time) (the "Voting Deadline");

**WHEREAS**, with the requisite acceptance of the Original Plan having been obtained, on August 19, 2024, LLT and Holdco effected a corporate restructuring (the "Pre-Petition Corporate Restructuring") in which, among other things: (1) Old Holdco converted into a Texas limited liability company named J&J Holdco (NA) LLC ("Old Holdco (Texas)"); (2) LLT merged with and into Old Holdco (Texas), with Old Holdco (Texas) as the surviving entity and LLT ceasing to exist; (3) Old Holdco (Texas) effected a divisional merger under Texas law pursuant to which, among other things, (a) Old Holdco (Texas) ceased to exist, (b) three new Texas limited liability companies – the Company, Pecos River Talc LLC ("Pecos") and J&J Holdco (NA) LLC ("New Holdco (Texas)") – were created, and (c) the talc-related liabilities of Old Holdco (Texas) to be resolved pursuant to the Original Plan, as well as other specified liabilities and assets, were allocated to the Company, the other talc-related liabilities of Old Holdco (Texas), as well as other specified liabilities and assets, were allocated to Pecos, and all other liabilities and assets of Old Holdco (Texas) were allocated to New Holdco (Texas); (4) New Holdco (Texas) merged with and into J&J Intermediate Holding Corp, with J&J Intermediate Holding Corp. as the surviving entity and New Holdco (Texas) ceasing to exist and, in connection therewith, J&J Intermediate Holding Corp. changed its name to Johnson & Johnson Holdco (NA) Inc. ("New Holdco"); and (5) New Holdco became the direct owner of 100% of the outstanding membership interests of each of the Company and Pecos;

NAI-1540519191

**WHEREAS**, before and after the Voting Deadline, LLT (until the Pre-Petition Corporate Restructuring was effected), the Company (after the Pre-Petition Corporate Restructuring was effected) and J&J continued to engage in extensive negotiations with certain plaintiff law firms, including The Smith Law Firm, PLLC, to resolve their objections to the Original Plan, as a result of which negotiations an agreement was ultimately reached with The Smith Law Firm, PLLC and memorialized in a Confidential Memorandum of Understanding & Agreement Regarding Talc Bankruptcy Plan Support, effective August 30, 2024 (the "Smith Agreement");

**WHEREAS**, the Original Plan has been amended to incorporate the terms of the Smith Agreement (the Original Plan as so amended, the "Amended Plan");

**WHEREAS**, the Company and New Holdco have entered into: (1) a Second Amended and Restated Indemnity Cost Funding Agreement dated September 19, 2024, pursuant to which, following the Company's commencement of a chapter 11 bankruptcy case, New Holdco is obligated to provide the Company with funding for, among other things, (a) amounts to satisfy the Company's talc-related liabilities in connection with funding of the talc personal injury trust to be created pursuant to the Amended Plan, (b) if the Amended Plan does not become effective and the Company's chapter 11 case is dismissed, amounts to satisfy the Company's talc-related liabilities established by judgment of a court of competent jurisdiction or final settlement, and (c) amounts to satisfy the Company's talc-related liabilities under certain master settlement agreements entered into prior to the Company's commencement of the Company's chapter 11 bankruptcy case, all on the terms and subject to the conditions set forth therein (the "Indemnity Cost Funding Agreement"); and (2) a Second Amended and Restated Expense Funding Agreement dated September 19, 2024, pursuant to which, following the Company's commencement of a chapter 11 bankruptcy case, New Holdco is obligated to provide the Company with funding for, among other things, (a) costs and expenses of the Company incurred during the pendency of the Company's chapter 11 bankruptcy case, (b) costs and expenses of the Company incurred in the ordinary course of business at any time after the Company's chapter 11 bankruptcy case has been closed or, if applicable, dismissed, (c) distributions or other cash payments (excluding trust funding) to be made by the Company pursuant to the Amended Plan, and (d) maintaining a specified minimum amount of cash on hand, all on the terms and subject to the conditions set forth therein (the "Expense Funding Agreement");

**WHEREAS**, in order to effectuate the terms of the Amended Plan, the board of managers (the "Board") of the Company has: (1) carefully reviewed the materials and other information presented by the Company's management and advisors regarding the Company's talc-related liabilities, the Original Plan, the process for, and results of, the solicitation of votes on the Original Plan, the Smith Agreement, the Amended Plan, the Indemnity Cost Funding Agreement, the Expense Funding Agreement and other relevant information; (2) thoroughly evaluated the commencement of a chapter 11 bankruptcy case by the Company; (3) conferred with the Company's management and advisors regarding these matters; and (4) determined that the filing of a voluntary petition for relief under chapter 11 of the Bankruptcy Code is in the best interests of the Company and its stakeholders;

2

**Chapter 11 Filing**

    **Filing**

    **NOW, THEREFORE, BE IT RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other interested parties that the Company seek relief under the Bankruptcy Code;

    **FURTHER RESOLVED**, that the Company be, and it hereby is, authorized and directed to file a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") on such day and at such time as the officers of the Company (collectively, the "Authorized Persons"), or any of them, including the Chief Restructuring Officer of the Company (the "CRO"), may determine and to perform any and all such other acts as the Authorized Persons, or any of them, including the CRO, may determine to be necessary, desirable or appropriate to effect any of the foregoing, with the filing of such Petition or performance of such other acts to be conclusive evidence of such determination; and

    **FURTHER RESOLVED**, that the Authorized Persons be, and each of them, including the CRO, hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to: (1) execute, acknowledge, deliver and verify, and cause to be filed with the Bankruptcy Court, the Petition and all other ancillary documents, with each in such form, as the Authorized Persons, or any of them, including the CRO, may determine to be necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (2) execute, acknowledge, deliver, verify and file, or cause to be filed, all petitions, schedules, statements, lists, motions, complaints, declarations, applications, notices and other papers or documents, with each in such form, as the Authorized Persons, or any of them, including the CRO, may determine to be necessary, desirable or appropriate in connection with the foregoing; and (3) execute, acknowledge, deliver and verify any and all other documents, with each in such form, as the Authorized Persons, or any of them, including the CRO, may determine to be necessary, desirable or appropriate in connection therewith and to administer the Chapter 11 Case, including by executing, acknowledging, delivering, verifying and filing, or causing to be filed, such petitions, schedules, statements, lists, motions, complaints, declarations, applications, notices and other papers or documents as may be determined to be necessary, desirable or appropriate in connection with the Chapter 11 Case; all with the taking of any such action, including any such execution, acknowledgment, delivery, verification or filing, to be conclusive evidence of such determination;

    **FURTHER RESOLVED**, that, in addition to advising the Board and other officers of the Company on matters contemplated by that certain agreement with Accordion Partners, LLC dated July 19, 2024 and exercising the powers and duties normally given to a chief restructuring officer and such other powers and duties consistent with the role of chief restructuring officer as from time to time may be assigned to the CRO by the Board, the CRO shall generally assist in the administration of the Chapter 11 Case by executing, acknowledging, delivering, verifying and filing, or causing to be filed, such petitions, schedules, statements, lists, motions, complaints, declarations, applications, notices and other papers or documents as the CRO may determine to be necessary, desirable or appropriate in connection with the Chapter 11 Case (with the taking of

3

any such action, including any such execution, acknowledgement, delivery, verification or filing, by the CRO to be conclusive evidence of such determination), except in cases where such action shall be expressly and exclusively delegated by the Board or the Company's limited liability company agreement (the "LLC Agreement") to some other officer or agent of the Company or shall be required by law to be otherwise effected;

**Retention of Professionals**

**RESOLVED**, that the Authorized Persons be, and each of them, including the CRO, hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to retain (1) Jones Day, (2) Porter Hedges LLP, (3) King & Spalding LLP, (4) Shook, Hardy & Bacon L.L.P., (5) McCarter & English, LLP, (6) Weil, Gotshal & Manges LLP, (7) Skadden, Arps, Slate, Meagher & Flom LLP, (8) Bates White, LLC, (9) Accordion Partners, LLC, and (10) such additional professionals, including attorneys, accountants, financial advisors, actuaries, consultants or agents (together with the foregoing identified firms, the "Professionals"), as the Authorized Persons, or any of them, including the CRO, may determine to be necessary, desirable or appropriate in connection with the Chapter 11 Case and other related matters, and to execute, deliver and perform retention agreements with the Professionals in such form and reflecting such terms as the Authorized Persons, or any of them, including the CRO, may approve, all with the retention of any Professional to be conclusive evidence of such determination and approval; and

**FURTHER RESOLVED**, that the law firms of Jones Day and Porter Hedges LLP and any additional special or local counsel selected by the Authorized Persons, or any of them, including the CRO, be, and each of them hereby is, authorized, directed and empowered to represent the Company, as debtor and debtor in possession, in connection with any chapter 11 bankruptcy case commenced by or against the Company under the Bankruptcy Code, including the Chapter 11 Case.

**General Authority**

**RESOLVED**, that the Authorized Persons be, and each of them, including the CRO, hereby is, authorized and empowered to execute and deliver such additional agreements, instruments and documents, and to take such other actions (including the payment of costs and expenses), in the name and on behalf of the Company, in each case, as the Authorized Persons, or any of them, including the CRO, may determine to be necessary, desirable or appropriate to implement the purposes and intent of the foregoing resolutions, with the execution and delivery of any such agreement, instrument or document or taking of any such action by the Authorized Persons, or any of them, including the CRO, to be conclusive evidence of such determination;

**FURTHER RESOLVED**, that the Authorized Persons be, and each of them, including the CRO, hereby is, authorized and empowered to certify and furnish to any person or entity such copies of the resolutions set forth herein, and to certify to any person or entity that the resolutions set forth herein have been duly adopted by the Board, are in full force and effect and are in conformity with the Certificate of Formation of the Company and the LLC Agreement, as the Authorized Persons, or any of them, including the CRO, may determine to be necessary, desirable or appropriate to implement the purposes and intent of the foregoing resolutions, with

4

the certification and furnishing of such copies or the certification of such matters to be conclusive evidence of such determination; and

   **FURTHER RESOLVED**, that, in the event that the Authorized Persons, or any of them, including the CRO, determines a specific form of resolutions is necessary, advisable or appropriate in connection with the implementation of the purposes and intent of the foregoing resolutions, resolutions in such form be, and each of them hereby is, adopted by the Board as if such resolutions were expressly set forth herein and that the Authorized Persons be, and each of them, including the CRO, hereby is, authorized and empowered to certify and furnish to any person or entity copies of such resolutions, and to certify to any person or entity that such resolutions have been duly adopted by the Board, are in full force and effect and are in conformity with the Certificate of Formation of the Company and the LLC Agreement, with the certification and furnishing of such copies or the certification of such matters to be conclusive evidence of such determination.

**Ratification**

   **RESOLVED**, that all actions taken in the name and on behalf of the Company prior to the adoption of these resolutions that would have been authorized by the foregoing resolutions had they been taken after the adoption of these resolutions be, and each of them hereby is, approved, adopted, ratified and confirmed in all respects.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re:

RED RIVER TALC LLC,[1]

Debtor.

Chapter 11

Case No. 24-_____ (CML)

## CORPORATE OWNERSHIP STATEMENT

## RED RIVER TALC LLC

Check one:  __X__ DEBTOR   ___ PLAINTIFF   ___ DEFENDANT   ___ OTHER (specify):

*Instructions: Federal Rule of Bankruptcy Procedure 7007.1 requires corporate parties to an adversary proceeding, other than the debtor or a governmental unit, to file a statement of corporate ownership with the first pleading filed. Similarly, Federal Rule of Bankruptcy Procedure 1007(a)(1) requires corporate debtors to file a corporate ownership statement with their petitions containing the information described in Rule 7007.1. Check one of the statements set forth below and provide any information as directed.*

☒ 1. **The following corporations directly or indirectly own 10% or more of any class of the above named corporate debtor's/party's equity interests:[2]**

DePuy Synthes, Inc.
700 Orthopaedic Drive
Warsaw, IN 46582

Janssen Pharmaceuticals, Inc.
1125 Trenton-Harbourton Rd.
Titusville, NJ 08560

Johnson & Johnson
One Johnson & Johnson Plaza
New Brunswick, NJ 08933

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] The corporations are listed in alphabetical order.

NAI-1540199992

- 2 -

Johnson & Johnson Holdco (NA) Inc.
One Johnson & Johnson Plaza
New Brunswick, NJ 08933

Johnson & Johnson International
One Johnson & Johnson Plaza
New Brunswick, NJ 08933

☐  2.  There are no entities that directly or indirectly own 10% or more of any class of the above named corporate debtor's/party's equity interests.

Date:  September 20, 2024

/s/ John K. Kim
Signature of Authorized Individual for Corporate Debtor/Party

John K. Kim
Printed Name of Authorized Individual for Corporate Debtor/Party

Chief Legal Officer
Title of Authorized Individual for Corporate Debtor/Party

| Fill in this information to identify the case: |
|---|
| Debtor name: <u>Red River Talc LLC</u> |
| United States Bankruptcy Court for the Southern District of Texas |
| Case Number (if known): _____ |

☐ Check if this is an amended filing

# Chapter 11 Case: The List of the Top Law Firms With the Most Significant Representations of Parties With Ovarian and Gynecological-Cancer Talc Claims Against the Debtor

The following is an alphabetical list of the top law firms with the most significant representations of parties with ovarian and gynecological-cancer talc claims (the "<u>Top Talc Counsel List</u>") against Red River Talc LLC, as debtor (the "<u>Debtor</u>") based on volume of claims. Concurrently with this petition, the Debtor has filed a motion seeking authority to file this Top Talc Counsel List in lieu of a list of the 20 largest unsecured creditors.[1] This list does not include any person or entity who is an "insider" under section 101(31) of title 11 of the United States Code. The Top Talc Counsel List was prepared with information available to the Debtor. The Debtor reserves the right to amend the Top Talc Counsel List based on additional information it may identify. The information contained in the Top Talc Counsel List shall not constitute an admission by, nor shall it be binding on, the Debtor.

| | Name of law firm and complete mailing address, including zip code | Name, telephone number, and email address of law firm contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Andrew Thornton Higgins Razmara LLP 4701 Von Karman Avenue Ste. 300 Newport Beach, CA 92660 | Robert Siko (949) 748-1000 rsiko@andrewsthornton.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 2 | Ashcraft & Gerel 1825 K Street NW, Ste. 700 Washington, DC 20006 | Michelle A. Parfitt (703) 824-4762 mparfitt@ashcraftlaw.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 3 | Aylstock, Witkin, Kreis & Overholtz PLLC 17 E. Main Street, Ste. 200 Pensacola, FL 32502 | Daniel Thornburgh (850) 202-1010 dthornburgh@awkolaw.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 4 | Beasley, Allen, Crow, Methvin, Portis & Miles, P.C 218 Commerce Street Montgomery, AL 36104 | Andy D. Birchfield, Jr. (800) 898-2034 andy.birchfield@beasleyallen.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 5 | Duncan Stubbs 825 Watters Creek Blvd., #360 Allen, TX 75013 | Matthew R. Stubbs (877) 971-0830 matthew@duncanstubbs.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 6 | Johnson Law Group 2925 Richmond, Ste. 1700 Houston, TX 77098 | Basil Adham (713) 626-9336 talc@johnsonlawgroup.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |

---

[1] This list is in substantially the same form as Official Bankruptcy Form 204 for chapter 11 cases setting forth the list of creditors, other than insiders, who have the 20 largest unsecured claims against a debtor.

Debtor Name:  Red River Talc LLC                                                  Case Number (if known): _____

| | Name of law firm and complete mailing address, including zip code | Name, telephone number, and email address of law firm contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | The Miller Firm, LLC  108 Railroad Avenue  Orange, VA 22960 | Nancy Miller  (866) 529-3323  nmiller@millerfirmllc.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 8 | Morelli Law Firm, PLLC  777 Third Avenue, 31st FL  New York, NY 10017 | Bennedict Morelli  (212) 751-9800  dlamberg@morellilaw.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 9 | Nachawati Law Group  5489 Blair Road  Dallas, TX 75231 | Majed Nachawati  (214) 890-0711  mn@ntrial.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 10 | Napoli Shkolnik, PLLC  360 Lexington Avenue, 11th FL  New York, NY 10017 | Shayna E. Sacks  (844) 860-0949  ssacks@napolilaw.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 11 | Onderlaw, LLC  110 E. Lockwood, 2nd FL  ST. Louis, MO 63119 | James G. Onder  (314) 963-9000  onder@onderlaw.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 12 | Pulaski Kherkher PLLC  2925 Richmond Avenue  Ste. 1725  Houston, TX 77098 | Adam Pulaski  (713) 664-4555  adam@pulaskilawfirm.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 13 | Schneider Wallace Cottrell Konecky  2000 Powell Street, Ste. 1400  Emeryville, CA 94608 | Amy Eskin  (415) 421-7100  aeskin@schneiderwallace.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 14 | The Smith Law Firm PLLC  300 Concourse Blvd., Ste. 104  Ridgeland, MS 39157 | Allen Smith  (601) 952-1422  asmith@smith-law.org | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 15 | Watts Guerra LLP  811 Barton Springs Rd. #725  Austin, TX 78704 | Mikal Watts  (210) 315-4477  mikal@wattsllp.com | Ovarian and Gynecological-Cancer Personal Injury Talc Claims | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |

**Fill in this information to identify the case and this filing:**

Debtor Name __Red River Talc LLC__

United States Bankruptcy Court for the: __Southern__   District of __Texas__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  __List of the Top Law Firms With the Most Significant Representations of Parties With Ovarian and Gynecological-Cancer Talc Claims Against the Debtor__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __09/20/2024__        ✗ __/s/ John K. Kim_____
              MM / DD / YYYY             Signature of individual signing on behalf of debtor

                           __John K. Kim_____
                           Printed name

                           __Chief Legal Officer_____
                           Position or relationship to debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> RED RIVER TALC LLC,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 24-_____ (CML) |

## MASTER CREDITORS LIST

Red River Talc LLC, as debtor in the above-captioned chapter 11 case (the "Debtor"), filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code (the "Voluntary Petition"). In accordance with Rule 1007(a) of the Federal Rules of Bankruptcy Procedure, the Debtor filed concurrently herewith a matrix of the names and addresses of creditors, potential creditors and other parties in interest (the "Master Creditors List"). The Master Creditors List has been prepared from the books and records of the Debtor or its predecessor, and contains only those parties whose names and addresses were maintained in the databases of the Debtor or its predecessor or were otherwise readily ascertainable by the Debtor prior to the commencement of this chapter 11 case. The Debtor will update the Master Creditors List as more information becomes available.

Contemporaneously with the filing of the Voluntary Petition, the Debtor filed a motion (the "Motion") requesting, among other things, authority to serve all notices, mailings or other documents required to be provided to creditors who are claimants asserting ovarian and gynecological cancer-related talc personal injury claims against the Debtor, through filed lawsuits or otherwise, through counsel (collectively, the "Talc Claimants"), on the Talc Claimants in care of their counsel at such counsel's address in lieu of service on the individual Talc Claimants at their personal addresses. Accordingly, the Master Creditors List includes the addresses of counsel for each of the Talc Claimants rather than the addresses of each individual Talc Claimant. In addition, the Motion requests that, to the extent a pro se Talc Claimant has been identified, the Debtor be authorized to redact such pro se Talc Claimant's contact information and address in documents filed with the Court, including the Master Creditors List. Accordingly, the Master Creditors List does not include such information for the pro se Talc Claimants.

Certain of the creditors listed on the Master Creditors List may not hold outstanding claims against the Debtor and therefore may not be creditors in the Debtor's bankruptcy case. By filing the Master Creditors List, the Debtor is not acknowledging that any listed party is a creditor, nor is it waiving or otherwise affecting its right to object to the extent, validity or enforceability of the claims, if any, held or asserted by the parties listed on the Master Creditors List.

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1540199934

**Fill in this information to identify the case and this filing:**

Debtor Name __Red River Talc LLC_____

United States Bankruptcy Court for the: __Southern_____   District of __Texas____
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Master Creditors List_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __09/20/2024__          ✗ __/s/ John K. Kim_____
MM / DD / YYYY                             Signature of individual signing on behalf of debtor

                                          __John K. Kim_____
                                          Printed name

                                          __Chief Legal Officer_____
                                          Position or relationship to debtor

Official Form 202              **Declaration Under Penalty of Perjury for Non-Individual Debtors**