UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>RED RIVER TALC LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-90505 (CML) |

**DEBTOR'S PRELIMINARY RESPONSE TO
OBJECTION OF THE COALITION OF COUNSEL FOR JUSTICE
FOR TALC CLAIMANTS TO DEBTOR'S EMERGENCY EX PARTE APPLICATION
FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF EPIQ CORPORATE AND EMERGENCY EX PARTE MOTION FOR THE ENTRY
OF AN ORDER RECONSIDERING AND VACATING THE EX PARTE ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF EPIQ CORPORATE
RESTRUCTURING, LLC AS CLAIMS, NOTICING AND SOLICITATION AGENT**

(Related to Docket Nos. 19, 39, 257)

Red River Talc LLC, the above-captioned debtor (the "Debtor") files this preliminary response to the Coalition of Counsel for Justice of Talc Claimants' (the "Coalition") objection to the *Debtor's Emergency Ex Parte Application for Entry of an Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC as Claims, Noticing and Solicitation Agent*[2] and emergency ex parte motion for the entry of an order reconsidering and vacating the *Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC as Claims, Noticing and Solicitation Agent*[3] [Dkt. 257] (the Coalition's objection and motion together, the "Emergency Motion").

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] See Dkt. 19.

[3] See Dkt. 39.

NAI-1541524511

At the conclusion of the hearing before the Court on October 10, 2024, the Court directed the parties to meet-and-confer on a schedule to address dismissal, voting and confirmation-related issues that have been raised since the filing of this chapter 11 case. At the hearing, counsel for the Coalition proposed that the parties meet the following day, October 11, 2024. Counsel for the Debtor thereafter communicated with counsel for the Coalition to schedule a meet-and-confer on October 11, 2024. The Coalition requested that the meeting be adjourned—due to the religious holiday and scheduling conflicts of counsel for the Coalition— and counsel to the Debtor agreed, with the parties scheduling the meet-and-confer for Sunday, October 13, 2024. Counsel to the Coalition subsequently cancelled that meet-and-confer due to another conflict, and rescheduled it for October 14, 2024 at 2:30 p.m., Central Time.

Yet, on Sunday, October 13, 2024, prior to any meet-and-confer and with no advance notice to the Debtor, the Coalition filed the Emergency Motion, which raises voting and confirmation-related issues that will be the subject of the meet-and-confer.[4] See Emergency Mot. at 2-12 (detailing Coalition's view of the procedures for voting and the voting results). The Debtor strongly disputes the allegations set forth in the Emergency Motion and, given the

---

[4] Notwithstanding the Court's statement that the Coalition will have "a hill to climb" with regard to reconsideration of Epiq Corporate Restructuring, LLC's ("Epiq") retention in this case, see Sept. 30, 2024 Hr'g Tr. at 31:7-11, the Coalition has stated its intention to object to the retention of Epiq since the beginning of this chapter 11 case and has suggested that the Debtor acted improperly in "trying to ram through the retention of a claims agent." See Sept. 23, 2024 Hr'g Tr. at 37:24-38:2, 43:12-18; see also Emergency Mot. ¶¶ 2, 43-45. But the Debtor simply followed the process set forth in the Procedures for Complex Cases in the Southern District of Texas (the "Complex Procedures"), which provides that "[m]otions seeking to employ a Claims Agent should use the official form of order located on the Court's website," which form is styled as an emergency ex parte application for employment and retention of a claims agent. See Complex Procedures, F. 12; see also https://www.txs.uscourts.gov/sites/txs/files/ClaimsAgentRetention01-23-23.pdf. Neither the Coalition nor any other party has been deprived of any rights or ability to object to the solicitation and tabulation of votes in this case, or to take discovery with respect to Epiq's role in the solicitation and voting process, as a result of Epiq's retention as the claims, noticing and solicitation agent in this case.

NAI-1541524511

overlapping issues, intends to discuss scheduling of and discovery related to the Emergency Motion at the meet-and-confer later today.

As set forth in the *Declaration of John K. Kim in Support of Chapter 11 Case and Certain First Day Pleadings* [Dkt. 17] (the "Kim Declaration"), it is the opposing firms, including Beasley Allen Crow Methvin Portis & Miles, PC of the Coalition, that engaged in improper behavior with regard to the vote on the Debtor's prepackaged plan of reorganization. See Kim. Decl. ¶¶ 125, 128.  The Debtor itself intends to seek discovery regarding the Coalition member firms' and other opposing firms' actions during the solicitation and voting process, the allegations raised in the Emergency Motion, as well as the other dismissal and confirmation issues that have been raised.  But any alleged voting improprieties are not a basis to challenge the retention of Epiq as claims, noticing and solicitation agent in this case—rather, such allegations go only to the propriety of the solicitation and tabulation procedures.

The Debtor, therefore, respectfully requests the Court deny the request to consider the Emergency Motion on an emergency ex parte basis, and instead, address the Emergency Motion after full discovery of the voting and confirmation-related issues that the parties have raised in this chapter 11 case.  Indeed, the Coalition's request for emergency ex parte consideration of the Emergency Motion is itself in tension with the Coalition's statements in the Emergency Motion that the "Court should consider the evidence," "[d]iscovery should occur" and the Court should "rule based on what that evidence shows."  Emergency Mot. ¶¶ 38, 49.

At this time, prior to discovery, there is only limited evidence before the Court. Any hearing and ruling on the Emergency Motion should await the completion of discovery on the voting and confirmation related-issues, which the Debtor submits will demonstrate that the

-4-

Debtor, Epiq, Johnson & Johnson and the other parties-in-interest in support of this chapter 11 case acted properly and in accordance with the solicitation procedures proposed by the Debtor.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: October 14, 2024<br>Houston, Texas | Respectfully submitted,<br><br>*/s/ Dan B. Prieto*<br>Gregory M. Gordon (TX 08435300)<br>Dan B. Prieto (TX 24048744)<br>Amanda Rush (TX 24079422)<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>dbprieto@jonesday.com<br>asrush@jonesday.com<br><br>Brad B. Erens (IL 06206864)<br>Caitlin K. Cahow (IL 6317676)<br>(Admitted *pro hac vice*)<br>JONES DAY<br>110 North Wacker Drive, Suite 4800<br>Chicago, Illinois 60606<br>Telephone: (312) 782-3939<br>Facsimile: (312) 782-8585<br>bberens@jonesday.com<br>ccahow@jonesday.com<br><br>-and-<br><br>John F. Higgins (TX 09597500)<br>M. Shane Johnson (TX 24083263)<br>Megan Young-John (TX 24088700)<br>James A. Keefe (TX 24122842)<br>PORTER HEDGES LLP<br>1000 Main Street, 36th Floor<br>Houston, Texas 77002<br>Telephone: (713) 226-6000<br>Facsimile: (713) 228-1331<br>jhiggins@porterhedges.com<br>sjohnson@porterhedges.com<br>myoung-john@porterhedges.com<br>jkeefe@porterhedges.com<br><br>PROPOSED ATTORNEYS FOR DEBTOR |

-6-

**Certificate of Service**

       I certify that on October 14, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtor's claims, noticing, and solicitation agent.

                                                                        */s/ John F. Higgins*
                                                                        John F. Higgins

NAI-1541524511