**brown**rudnick

ERIC R. GOODMAN
EGoodman@brownrudnick.com

October 20, 2024

**VIA ECF**

Hon. Christopher M. Lopez
United States Bankruptcy Court
515 Rusk Street, Courtroom 401
Houston, TX 77002

RE:   *In re Red River Talc, LLC*, **Case No. 24-90505 (CML)**

Dear Judge Lopez:

We write on behalf of the Coalition of Counsel for Justice for Talc Claimants (the "Coalition"). The parties have been negotiating a case management order but have not been able to resolve a dispute over the sequencing of hearings and confirmation notice. The parties have met and conferred and discussed submitting letters of no more than two pages so that the Court can consider and address this matter at the hearing TRO tomorrow.

There are six (6) pending motions relevant to the issues addressed herein. The Coalition respectfully submits that the issues raised in these motions must be resolved *first* to determine *whether* the Debtor can proceed to a confirmation hearing and, if so, what issues and evidence will be considered at that hearing. If the Court rules against the Debtor on any one of these motions, any plan process may have to begin anew if this case is not dismissed. These motions should be resolved *before* a confirmation hearing is scheduled. The motions are as follows:

**Motions for Reinstatement of Votes [Dkt. No. 266] and Vacatur of Epiq Appointment [Dkt. No. 257]**. The Coalition has moved for an order reinstating 11,434 votes to reject the Plan which were changed after the voting deadline on *two days' (or less) negative notice to these talc claimants and without Court approval*. Epiq's voting declaration falsely represents that women who "reject" the Plan "accept" it. If the Court agrees and grants the motion, then this case is likely over because J&J has not achieved the 75% threshold for a section 524(g) channeling injunction.

**Motion for Designation of Votes [Dkt. No. 265]**. The Coalition has moved for an order designating all votes to accept the Plan. Designation is required here because J&J solicited votes using a disclosure statement that contains false and misleading information.[1] Further, designation should be required because J&J effectively paid off holders of non-compensable and settled claims to vote to accept the Plan, and solicited votes from claimants who have no illness and stand to recover nothing under the Plan. If the Coalition prevails on this Motion, and the case is not dismissed, the Debtor should have to resolicit the vote.

**Motion for Bar Date [Dkt. No. 264]**. The Coalition has moved for a bar date order. When determining class acceptance, the Court can only count the votes of holders of "allowed" claims.[2]

---

[1]   *See* 11 U.S.C. §§ 1125(a), 1126(b) & 1126(e); FED. R. BANKR. P. 3018(b).

[2]   *See* 11 U.S.C. § 1126(a) ("The holder of a claim or interest **allowed** under section 502 of this title may accept or



Hon. Christopher M. Lopez
October 20, 2024
Page 2

All talc claims are disputed. No talc claims have been filed and "deemed allowed."[3] Unvetted, un-filed claims, asserted by claimants who may not exist, and who may not have an illness that is linked to talc exposure (or may have no illness at all) do not count for the purpose of determining class acceptance.[4] Compliance with the Code and the Rules is critical here given the surge in new, unfiled claims since J&J's first bankruptcy case (with most of these newer cases never having been filed in the tort system). The strictures of a bar date may compel re-solicitation.

**Motion for Estimation [Dkt. No. 267]**. The Coalition has moved for an order estimating claims for voting purposes. Someone who has no illness, but merely alleges fear from exposure to J&J's talc products cannot be given equal voting power as a woman who trusted J&J's talc products as part of her personal care regime and is now dying of ovarian cancer. If the Court agrees, then the Court must estimate claims for voting purposes. How the Court rules on this matter will impact the scope of discovery and the evidence presented at plan confirmation.

**Motion to Approve Disclosure Statement, Solicitation Procedures, etc. [Dkt. No. 46]**. Finally, there is the Debtor's own motion to approve the adequacy of the disclosure statement, solicitation and tabulations procedures, and notice program. The Coalition has filed an objection [Dkt. No. 268] explaining why this motion should be denied, and why, *inter alia*, the Debtor's notice program, including the proposed notice of any confirmation hearing, is wholly deficient.

The Coalition believes these matters should be decided *before* the Court proceeds with a confirmation hearing. Unless the Debtor can clear each of the above-described hurdles, this case cannot proceed to confirmation. Until these gating issues are addressed, scheduling a confirmation hearing, and providing notice of a confirmation hearing, particularly given the Coalition's objection to the Debtor's proposed notice of that very hearing, would be premature. The Parties intend to seek this Court's guidance on and resolution of these issues during the TRO hearing scheduled for Monday, October 21, 2024.

Respectfully submitted,

*/s/ Eric R. Goodman*
Eric R. Goodman

---

  reject a plan.") (emphasis added); 11 U.S.C. § 1126(c) ("A class of claims has accepted a plan if such plan has been accepted by creditors … that hold at least two-thirds in amount and more than one-half in number of the **allowed** claims of such class held by creditors … that have accepted or rejected such plan.") (emphasis added).

[3] 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed **allowed**, unless a party in interest … objects.") (emphasis added); FED. R. BANKR. P. 3003(c)(2) ("any creditor who fails to [file a proof of claim within the time prescribed by subdivision (c)(3)] **shall not** be treated as a creditor with respect to such claim for the purposes of **voting** and distribution.") (emphasis added).

[4] This is true regardless of when votes are solicited. In most pre-packs, a defined universe of debt holders vote pre-filing. The debt at issue is not disputed, contingent, or unliquidated. Allowance is not an issue. This means that when such debt holders vote to accept a plan before the commencement of a case, the Court can count those votes as votes to accept the Plan after the commencement of the case so long as the Court finds that the other requirements of Bankruptcy Rule 3018(b) are satisfied. Rule 3018(b) does not override section 1126.