IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § |
| | §  Case No. 24-90505 |
| RED RIVER TALC, LLC | §  Chapter 11 |
| | § |
| Debtor(s). | § |

**U.S. TRUSTEE'S MOTION TO RECONSIDER THE ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EPIQ CORPORATE RESTRUCTURING, LLC AS CLAIMS, NOTICING, AND SOLICITING AGENT**
(Docket Nos. 139, 43)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**BLR 9013 NOTICE**: THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
U.S. BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), moves to reconsider, in part, the Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC ("Epiq") as Claims, Noticing, and Soliciting Agent [ECF No. 39] (the "Epiq Retention Order") and respectfully states:

Page 1 of 7

**Preliminary Statement**

On September 21, 2024, as authorized by the Procedures for Complex Cases in the Southern District of Texas (the "Complex Case Procedures"), the Court entered the Epiq Retention Order as a first-day order and on a final basis. *See* Complex Case Procedures at B.IV(d).

Certain parties in interest have since raised issues involving actions taken by Epiq both before and during this case. *See, e.g.*, Initial Statement of Coalition of Counsel for Justice for Talc Claimants Regarding Chapter 11 Case [ECF Dkt. No. 41], Motion for Ex Parte Relief Filed by Creditor Coalition of Counsel for Justice for Talc Claimants [ECF Dkt. No. 257]. The U.S. Trustee understands that these matters will be subject to discovery. At this time, the U.S. Trustee takes no position on the various allegations that have been raised concerning Epiq and does <u>not</u> seek to vacate Epiq's retention. However, because Epiq's conduct is now at issue, the U.S. Trustee seeks reconsideration of the Epiq Retention Order to clarify the effect of certain provisions that may operate to limit Epiq's liability and to vacate those provisions to the extent they provide relief that is outside the scope of a permissible first-day administrative order.

**Factual Overview**

1. On September 20, 2024, Red River, LLC (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code.

2. On September 20, 2024, Red River, LLC filed Debtor's Emergency Ex Parte Application for Entry of an Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC, as Claims, Noticing and Solicitation Agent (the "Epiq Retention Application") [ECF Dkt. No. 19].

3. Attached as Exhibit A to the Epiq Retention Application is an Amended Standard Services Agreement, effective April 29, 2024, between Epiq and the Debtor's predecessor (the "<u>Engagement Letter</u>"). The Engagement Letter includes a provision, under the heading of "Limitation of Liability," that states as follows:

> (a) EXCEPT IN THE CASE OF A PARTY'S GROSS NEGLIGENCE, WILLFUL MISCONDUCT, FRAUD OR BAD FAITH, EACH PARTY AND ITS RESPECTIVE AGENTS SHALL NOT HAVE ANY OBLIGATION OR LIABILITY TO THE OTHER PARTY OR TO ANY THIRD PARTY (WHETHER IN TORT, EQUITY, CONTRACT, WARRANTY OR OTHERWISE AND NOTWITHSTANDING ANY FAULT, NEGLIGENCE, PRODUCT LIABILITY, OR STRICT LIABILITY IN ACCORDANCE WITH APPLICABLE LAW, RULE OR REGULATION) FOR ANY INDIRECT, GENERAL, PUNITIVE, INCIDENTAL, SPECIAL, OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO BUSINESS INTERRUPTION, LOST WAGES, BUSINESS OR PROFITS, OR LOSS OF DATA INCURRED BY CLIENT OR ANY OTHER PERSON, ARISING OUT OF RELATING TO THIS AGREEMENT, OR ANY USE, INABILITY TO USE OR RESULTS OF USE OF THE SERVICES OR SOFTWARE OR OTHERWISE, EVEN IF SUCH PARTY WAS ADVISED OF THE POSSIBILITY OF SUCH DAMAGES…
>
> (c) EXCEPT IN THE CASE OF LIABILITY CAUSED BY A PARTY'S GROSS NEGLIGENCE, WILLFUL MISCONDUCT, FRAUD OR BAD FAITH, THE TOTAL LIABILITY OF EACH PARTY AND ITS AGENTS TO THE OTHER PARTY OR TO ANY THIRD PARTY FOR ALL LOSSES ARISING OUT OF OR RELATING TO THIS AGREEMENT, OR THE SERVICES SHALL NOT EXCEED THE TOTAL AMOUNT PAID BY THE CLIENT TO EPIQ FOR THE PARTICULAR SERVICES WHICH GAVE RISE TO THE LOSSES IN THE IMMEDIATE SIX (6) MONTHS PRIOR TO THE DATE OF THE ACTION GIVING RISE TO THE ALLEGED LOSS.

Engagement Letter at 8.

4. The Epiq Retention Order provides that the Debtor is authorized to employ Epiq "under the terms of the Engagement Letter attached to the Application as modified by this Order." Epiq Employment Order at 1. The Epiq Employment Order does not directly reference the limitation of liability provisions of the Engagement Letter.

**Discussion**

5. A motion to reconsider must be filed within fourteen days of entry of a final order. Fed. R. Bankr. P. 9023, Fed. R. Civ. P. 59. In this case, the Court stayed all proceedings between September 21, 2024, and October 11, 2024, in order to permit consideration of venue in this case and this motion is therefore timely. *See* Transcript of Hearing Held September 21, 2024 at 113 [ECF Dkt. No 117].

6. The Epiq Employment Order was approved on an ex parte basis under paragraph 4 of the Complex Case Procedures, which authorize entry of first-day relief on a final basis for time sensitive matters that are "procedural in nature and do not affect the substantive rights of creditors and other parties-in-interest." Complex Case Procedures at B.4.(g). For this reason, it is inappropriate to include substantive, non-administrative relief as part of an ex parte first day order.

7. Here, the Epiq Retention Order could arguably be construed to incorporate the limitation of liability section of the Engagement Letter. That provision purports to exculpate Epiq for actions taken both before and during the Debtor's bankruptcy case and also appears to release claims that the Debtor and third parties might otherwise be able to assert against Epiq. Because release and exculpation provisions are substantive in nature, they may not be approved without notice to creditors or an opportunity to object, particularly to the extent that they relate to actions that Epiq may take in the future.

8. In addition, to the extent that applicable law authorizes exculpations beyond 11 U.S.C. § 1125(e), a limitation of Epiq's liability on the terms set forth in the Engagement Letter would be inconsistent with both Fifth Circuit and Supreme Court precedent. The Fifth Circuit has affirmed that, in accordance with *Bank of New York Trust Company, NA v. Official Unsecured Creditors' Committee (In re Pacific Lumber Co.),* 584 F.3d 229 (5th Cir. 2009), and section

524(e) of the Bankruptcy Code, "any exculpation in a Chapter 11 reorganization plan [must] be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties." *In re Highland Cap. Mgmt., L.P.,* 48 F.4th at 437 (5th Cir. 2022) (holding that independent directors could not be made beneficiary of exculpation clause). In this case, Epiq is not the debtor or a member of a committee, and therefore may not be exculpated under *Highland Capital*.

9. The limitation of liability also appears to affect third-party claims based on actions taken by Epiq outside of this case, including in connection with its provision of services to the Debtor's predecessor prepetition. Because no potential third party claimants have consented to that limitation of liability, such a release would be invalid under the Supreme Court's holding in *Harrington v. Purdue Pharma, L.P.*, 144 S. Ct. 2071, 2082-88 (2024), that bankruptcy courts lack authority to issue non-consensual releases of third-party claims against nondebtors, as well as prior decisions of the Fifth Circuit. *See Pacific Lumber Co.*, 584 F.3d at 252 (observing that prior Fifth Circuit authority "seem broadly to foreclose non-consensual non-debtor releases and permanent injunctions").

10. In any event, the Court does not now need to decide the question of what limitations of liability, if any, might be appropriate in this case for a nondebtor such as Epiq. Rather, for purposes of this motion, it is sufficient for the Court to find that any request by the Debtor to limit Epiq's liability affects the substantive rights of creditors and should be presented to the Court on regular notice with an opportunity for all parties to object.

[Space Intentionally Blank]

**Conclusion**

Wherefore, the United States trustee respectfully requests that the Court:

A. Reconsider and modify the Epiq Employment Order pursuant to Fed. R. Bankr. P. 9023 to expressly provide that the limitation of liability provisions of the Epiq Engagement Letter are not incorporated therein, and

B. Grant further proper relief.

Dated: October 21, 2024	Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

By:	/s/ *Jayson B. Ruff*
	Jayson B. Ruff
	Trial Attorney
	Michigan Bar No. P69893
	515 Rusk, Suite 3516
	Houston, Texas   77002
	(713) 718-4662
	jayson.b.ruff@usdoj.gov

	and

	Linda Richenderfer
	Trial Attorney
	United States Department of Justice
	Office of the United States Trustee
	J. Caleb Boggs Federal Building
	844 King Street, Suite 2207, Lockbox 35
	Wilmington, DE 19801
	(302) 573-6491 (Phone)
	linda.richenderfer@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases, on the 21st day of October 2024.

>*/s/ Jayson B. Ruff*
>Jayson B. Ruff