UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RED RIVER TALC LLC,[1] | : | Case No. 24-90505 (CML) |
| | : | |
| Debtor. | : | |
| | : | |

**UNITED STATES TRUSTEE'S MOTION FOR AN ORDER
ESTABLISHING A PROTOCOL FOR THE APPOINTMENT OF A
FUTURE CLAIMANTS' REPRESENTATIVE**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**BLR 9013 NOTICE**: THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 ("U.S. Trustee"), hereby moves ("Motion") this Court to establish a protocol for the appointment of a Future Claimants' Representative ("FCR") and respectfully states:

**PRELIMINARY STATEMENT**

The Debtor has indicated that it intends to seek the Court's approval of Ms. Randi Ellis to

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508.  The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

serve as FCR in this case.² The appointment of a legal representative for future talc claimants is important and appropriate relief in a chapter 11 case alleging significant tort claim liabilities from asbestos.³ However, pursuant to 11 U.S.C. § 524(g)(4)(B)(i), the Court, not the Debtor or another party, should appoint the representative.

With respect to any candidate to serve as FCR, the Court must ensure he or she meets the necessary fiduciary standard—akin to a guardian ad litem— and is "able to act in accordance with a duty of independence from the Debtors and other parties in interest in the bankruptcy, a duty of undivided loyalty to the future claimants, and an ability to be an effective advocate for the best interests of the future claimants."⁴ As such, the Court should institute a process that allows parties-in-interest to nominate FCR candidates and requires that they provide the Court with sufficient information on the candidates to make a decision. The U.S. Trustee requests that the Court issue an order outlining such a process that allows all parties-in-interest to nominate a proposed FCR, for the Court to evaluate the candidates, and for the Court to appoint any FCR. As explained below, the United States Bankruptcy Court for the District of New Jersey (the "New Jersey Court") ordered such a process in the first case filed by the Debtor's predecessor.

## JURISDICTION

1. This Court has jurisdiction to hear and determine this Motion.

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. This duty is part of the U.S.

---

² *See Declaration of John K. Kim in Support of Chapter 11 Case and Certain First Day Pleadings*, filed on September 20, 2024 [Dkt. No. 17] (the "Kim Dec.") at ¶ 117, n. 31. Upon information and belief, the Debtor will file a motion seeking Ms. Ellis' appointment on the same day this Motion is filed.

³ The Debtor has not conceded that the J&J talc products at issue contained asbestos. *See* Kim Dec. at ¶ 11.

⁴ *See In re Imerys Talc America, Inc.*, 38 F.4th 361, 374 (3d Cir. 2022).

2

Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

**STATEMENT OF RELEVANT FACTS AND BACKGROUND**

**I. The First Bankruptcy Filing.**

4. In October 2021, LTL Management LLC ("LTL") was formed out of J&J's former consumer products division and assigned responsibility for billions of dollars of liability for personal injuries (principally ovarian cancer and mesothelioma) allegedly caused by exposure to talc-containing products manufactured by J&J. *See* Kim Dec. at ¶ 29.

5. On October 20, 2021, LTL filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of North Carolina. On November 16, 2021, the case was transferred to the New Jersey Court. *See In re LTL Management LLC,* Case No. 21-30589 (MBK) ("LTL 1.0").

6. On January 3, 2022, the New Jersey Court issued an order setting forth a protocol for the appointment of an FCR. [LTL 1.0, Dkt. 1048]. As a result of the process, on March 18, 2022, Randi S. Ellis was appointed as the FCR. [LTL 1.0, Dkt. 1786].

7. Various creditors and committees filed motions to dismiss LTL's first case as a bad faith filing under section 1112 of the Bankruptcy Code. The New Jersey Court's denial of these

3

motions was appealed to the Third Circuit Court of Appeals. On January 30, 2023, the Third Circuit reversed the New Jersey Court, holding that LTL had not filed its bankruptcy in good faith, and remanded the case to the New Jersey Court with instructions to dismiss. *In re LTL Mgmt. LLC*, 64 F.4th 84 (3d Cir. 2023).

## II. The Second Bankruptcy Filing.

8. On April 4, 2023, the New Jersey Court dismissed LTL's first case pursuant to the Third Circuit's mandate. A little more than two hours later, LTL commenced a second bankruptcy case in the same court. *See LTL Management LLC,* Case No. 23-12825 (MBK) ("LTL 2.0").

9. Approximately one week later, on April 10, 2023, LTL filed a motion asking the Court to appoint Ms. Ellis as the FCR in LTL 2.0. [LTL 2.0, Dkt. No. 87.] On April 26, 2023, the Official Committee of Talc Claimants in LTL 2.0 (the "LTL 2.0 TCC") objected to Ms. Ellis's appointment on the grounds that she lacked the requisite disinterestedness. [LTL 2.0 Dkt. 311].

10. The primary concerns expressed by the LTL 2.0 TCC were that while Ms. Ellis was still serving as the FCR in LTL 1.0, she appeared to have been in discussions with LTL to support the terms of a proposed plan term sheet that LTL intended to use as the basis for a plan in the not yet filed second LTL case. The proposed term sheet included, *inter alia,* possible recovery terms.

11. The U.S. Trustee also filed an objection to Ms. Ellis' appointment, requesting that the Court implement the same process as was used in LTL 1. The objection also noted that additional information was necessary to determine if Ms. Ellis at that time met the required fiduciary standard. [LTL 2.0, Dkt. 321].

12. The New Jersey Court overruled the objections and appointed Ms. Ellis as the FCR in LTL 2.0. [LTL 2.0, Dkt. No. 551]. The LTL 2.0 TCC subsequently appealed that order to the

United States District Court for the District of New Jersey (the "FCR Appeal"). *The Official Committee of Talc Claimants et al. v. LTL Mgmt. LLC*, 23-cv-02567- MAS (D.N.J.). The FCR Appeal was administratively stayed. *Id.* Dkt. Nos. 25-26. Then on December 1, 2023, the District Court entered a Text Order administratively terminating the matter, noting the parties may e-file a request to reopen if appropriate.

13. In the meantime, motions to dismiss were again filed, and on July 28, 2023, the New Jersey Court granted the motions, finding that LTL's second chapter 11 case suffered from the same defects as its first and that dismissal was required under the test articulated by the Third Circuit. [LTL 2.0, Dkt. 1127].

14. LTL and an ad hoc committee of supporting law firms appealed the dismissal of LTL 2.0. On July 25, 2024, the Third Circuit affirmed the bankruptcy court's dismissal of LTL's second case "for want of good faith." *In re LTL Mgmt. LLC*, Case Nos. 23-2971, 23-2972 (3d Cir. July 25, 2024).

15. LTL's second bankruptcy case remains open pending the resolution of certain professional fee matters and appeals. On August 27, 2024, counsel purporting to represent "LLT Management LLC, formerly known as LTL Management LLC and formerly the above-captioned Debtor," requested that the pending case closure hearing be adjourned until November 7, 2024. The reason given was that "Efficiency would best be served if the above referenced matter is adjourned until after the time to petition for a writ of certiorari has passed." [LTL 2.0, Dkt. 1844]. The New Jersey Court granted the request, and a hearing regarding the closure of LTL 2.0 is currently scheduled for November 7, 2024.

16. A further extension of LTL 2.0 may be necessary. On October 11, 2024, counsel for Red River Talc, LLC ("Red River"), the Debtor in this Case, applied to the United States

5

Supreme Court for a "60-day extension of time, up to and including December 23, 2024, to file a petition for a writ of certiorari to the United States Court of Appeals for the Third Circuit, seeking review of that court's decision in *In re LTL Management LLC*, Nos. 23-2971, 23-2972 (3d Cir. July 25, 2024). Red River asserted it "is the corporate successor to LTL Management LLC as relevant to this bankruptcy proceeding." *See* Supreme Court Rule 35 (permitting substitution of parties).

### III.  The Third Bankruptcy Filing.

17.  In August 2024, Red River was formed through a divisional merger involving LLT (f/k/a LTL) and was assigned substantially all of the former assets and liabilities of LTL, with the exception of certain mesothelioma and other liabilities that were assigned to a different entity. Kim Dec. at ¶¶ 35 – 37.

18.  A proposed bankruptcy plan for Red River was negotiated prior to its formation by J&J, LLT, certain counsel representing ovarian talc claimants, and Ms. Ellis. Kim Dec., ¶ 117. In his Declaration, Mr. Kim addresses why Ms. Ellis was involved in the negotiations:

> LLT determined that Ms. Ellis's knowledge and experience made her ideally suited to serve as the prepetition FCR in connection with a potential prepackaged plan of reorganization for LLT. Ms. Ellis agreed to serve as the prepetition FCR. In that role, Ms. Ellis retained various professionals to assist her in exercising her fiduciary duties, namely counsel, an estimation expert and a financial advisor. To support the efforts of Ms. Ellis to achieve settlement, LLT agreed to reimburse certain of Ms. Ellis' expenses, including the reasonable and documented fees and expenses of Ms. Ellis' counsel and other professionals. The Debtor is seeking the Court's approval of the appointment of Ms. Ellis as the FCR in this Chapter 11 Case.

Kim Dec., n. 31.

19.  On September 20, 2024, Red River filed in this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing this Case. *See* Dkt. 1.

20. On September 21, 2024, the Coalition of Counsel for Justice for Talc Claimants (the "Coalition") filed a Motion to Establish a Protocol for the Appointment of an FCR. [Dkt. 45]. The Coalition's motion and proposed form of order describe a process similar to that followed by the New Jersey Court in LTL 1.0.

21. Upon information and belief, the Debtor will be filing a motion asking the Court to appoint Ms. Ellis as the FCR. As set forth below, the U.S. Trustee, by this Motion, requests that a process be established by which the Court, not the Debtor, will appoint an FCR for Red River's estate.

## ARGUMENT

### I. The Standard for Appointment of a Future Claimants' Representative.

22. The standard for appointment of an FCR was recently articulated by the Third Circuit. *In re Imerys Talc America, Inc.,* 38 F.4th 361, 374 (3d Cir. 2022).[5] It is the only court of appeals to have addressed this issue.

23. The Third Circuit ruled that "the FCR standard requires more than disinterestedness. An FCR must be able to act in accordance with a duty of independence from the debtor and other parties in interest in the bankruptcy, a duty of undivided loyalty to the future claimants, and an ability to be an effective advocate for the best interests of the future claimants." *See id.* (footnote omitted).

24. The Third Circuit explained that an FCR "standard does not herald a categorical approach to an FCR's appointment." *See id.* at 378. The existence of a conflict in connection with the appointment of an FCR is less relevant than the nature of the conflict and its importance to the interests of future claimants. *See id.*

25. The Third Circuit further explained that it was not proscribing any process a

---

[5] This new standard was set after the appointment of Ms. Ellis in LTL 1.0.

bankruptcy court must follow in making an appointment of an FCR but "implicit in the FCR appointment standard is one procedural requirement: that whatever process the bankruptcy court follows ensures that the court has the information necessary to assess the candidate(s)'s qualifications." *See id.* at 379. Provided the bankruptcy court has adequate information to assess an FCR's qualifications, "variations in the appointment process are otherwise within the discretion of the bankruptcy court." *See id.*

## II. A Future Claimants' Representative Should be Appointed Pursuant to a Robust and Open Process.

26. The statute plainly contemplates that the Court, not the debtor or another party, should appoint the representative. The statute provides that "the *court* appoints a legal representative." 11 U.S.C. § 524(g)(4)(B)(i) (emphasis added). Unlike other Code provisions, section 524(g) does not provide that the Court defer to choices advocated by a particular party. *See id.* § 702(b) (stating that creditors "may elect one person to serve as trustee" in chapter 7 case if certain conditions are met); *id.* § 327(a) ("[T]he trustee, with the court's approval, may employ" professionals.). The Court thus should not appoint the representative solely based on the Debtor's selection.

27. This makes sense. In general, a representative who owes her selection to a particular party in a bankruptcy case may well be reluctant to jeopardize her future relations with that party. And such parties likely have no incentive to select a strong advocate as a counterparty in negotiations. *Cf. In re Williams*, 277 B.R. 114, 118 (Bankr. C.D. Cal. 2002) (noting that "any creditor with a disputed claim would love to select her future opponent"). Courts have thus instead concluded that any party in interest, including the debtor, may nominate an FCR. *See, e.g., In re Duro Dyne Nat'l Corp.*, No. 18-27963 MBK, 2019 WL 4745879, at *6 (D.N.J. Sept. 30, 2019) (noting that any party in interest, including the debtor, may nominate an FCR); *Federal Ins. Co. v.*

*W.R. Grace*, No. 04-844, 2004 WL 5517843, at *8 (D. Del. Nov. 22, 2004) (same); *Fairbanks*, 601 B.R. at 838 (same).  Nomination is not the same as selection.

28. The Court should institute a process that allows all parties-in-interest to nominate an FCR to the extent they wish to do so.  The process should provide for notice and an opportunity to be heard, as well as declarations to be filed.  *See In re UNR Industries, Inc.*, 46 B.R. 671, 676 (Bankr. N.D. Ill. 1985) (providing for notice and a hearing); *In re Duro Dyne Nat'l Corp.*, No. 18-27963 MBK, 2019 WL 4745879, at *6 (D.N.J. Sept. 30, 2019) (upholding process that included disclosures, notice, and a hearing).  Limited discovery may be allowed, including but not limited to information bearing upon whether the nominee is a "disinterested person" under 11 U.S.C. § 101(14).[6]

### III. Because a Future Claimants' Representative Does Not Represent the Debtor, the Debtor's Choice is Entitled to No Deference.

29. The selection of an FCR raises entirely different concerns than does the selection of an estate professional under 11 U.S.C. § 327.  In the latter case, courts will typically approve the debtor's selection of a professional provided that it meets the requirements of the section, including that it does not hold or represent an interest adverse to the estate and that it is disinterested.  *See In re Huntco Inc.*, 288 B.R. 229, 232 (Bankr. E.D. Mo. 2002) (bankruptcy court should give "significant deference" to debtor-in-possession's choice of counsel); *but see In re Wheatfield Business Park LLC*, 286 B.R. 412, 418 (Bankr. C.D. Cal. 2002) (debtor "does not have absolute right to counsel of its choice").  But there is no reason for the Court to give any deference at all to the Debtor's choice of the FCR because the FCR does not represent the Debtor.

---

[6] In *Imerys,* the Third Circuit ruled that "disinterestedness" is not the standard to use when selecting a Future Claimants' Representative.  38 F.4th 361, 374.  Ms. Ellis's appointment in the first bankruptcy case, which occurred prior to the issuance of the *Imerys* opinion, appears to have been under the "disinterestedness" standard.

30. The U.S. Trustee is unaware of any other circumstance in bankruptcy in which it would be appropriate for a party to select the fiduciary representing the very interests against which it will negotiate or litigate. Any request to be made by the Debtor to have an FCR of its own choosing is comparable to the target of an investigation being allowed to choose the section 1104 examiner who will conduct that investigation, to the debtor-in-possession being allowed to appoint the members of a creditors' committee, or to a creditor with a disputed claim being allowed to select the chapter 7 or 11 trustee against whom his claim will be litigated. *See In re TBR USA, Inc.*, 429 B.R. 599, 629 (Bankr. N.D. Ind. 2010) ("Congress did not intend to allow creditors who had disputed claims against the estate to participate in an election and choose their opponent"); *In re Williams*, 277 B.R. 114, 118 (Bankr. C.D. Cal. 2002) (noting that "any creditor with a disputed claim would love to select her future opponent"). Given the critical role that an FCR plays in acting as a check on the debtor and on present claimants, a debtor's request that the Court ratify its nominee without input and nominations from other parties is equally unreasonable.

31. To the extent the Debtor chooses to nominate Ms. Ellis, the Prepetition FCR chosen by LLT, additional disclosures and discovery are necessary to determine if Ms. Ellis can fulfill the heightened duties owed by a fiduciary to the Red River future claimants, particularly concerning Ms. Ellis's independence and loyalty. Ms. Ellis must disclose information regarding her work for LLT on Red River's proposed plan. Details should include, *inter alia,* the payments LLT made to Ms. Ellis and her professionals.

32. The U.S. Trustee reserves any and all rights, remedies, duties, and obligations found at law, equity or otherwise, including the right to complement, supplement, augment, alter and/or modify this Motion.

WHEREFORE, the U.S. Trustee respectfully submits that the Court order the implementation of a process by which a Future Claimants' Representative may be selected, and discovery taken and grant such other relief as the Court deems just and necessary.

Dated: October 21, 2024

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

By: /s/ *Jayson B. Ruff*
Jayson B. Ruff
Trial Attorney
Michigan Bar No. P69893
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4662
jayson.b.ruff@usdoj.gov

and

Linda Richenderfer
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491 (Phone)
linda.richenderfer@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic means via ECF transmission to all Pacer System participants in these bankruptcy cases, on the 21st day of October 2024.

/s/ *Jayson B. Ruff*
Jayson B. Ruff