United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 30, 2024
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| RED RIVER TALC LLC,[1] | : | Case No. 24-90505 (CML) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**AGREED CASE MANAGEMENT ORDER**

Based on the agreement of Red River Talc LLC (the "Debtor"), the Coalition of Counsel for Justice for Talc Claimants (the "Coalition"), the Ad Hoc Committee of Supporting Counsel (the "AHC") and the United States trustee (the "UST"), as well as counsel for other interested parties with whom the listed parties met and conferred (collectively, the "CMO Parties")[2] the Court hereby enters this Order to govern certain proceedings in the above-captioned Chapter 11 Case (the "Chapter 11 Case). The Court finds that (a) it has jurisdiction to enter this Order pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. § 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (d) notice of this Order was sufficient; (e) the relief provided by this Order is in the best interests of the Debtor's estate, the claimants, and other parties in interest; and (f) implementation of the schedule and procedures

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] In addition to the Debtor, the Coalition, the AHC, and the UST, the CMO Parties include (a) Johnson & Johnson, (b) Randi Ellis as the Future Claimants' Representative proposed by the Debtor, (c) The Smith Firm PLLC and Allen Smith, Jr., (d) counsel from the Barnes Law group, and (e) Travelers Casualty and Surety Co. and certain other insurers that issued commercial liability policies to Johnson & Johnson (collectively, the "Insurers").

-1-

described herein is (i) fair and reasonable, (ii) consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules and (iii) appropriate under the circumstances.  The Court further determines that just cause exists for the entry of the relief set forth herein.

IT IS HEREBY ORDERED THAT:

*Covered Matters*

1. This Order shall govern the matters, motions and related responses and briefs listed below.  All other motions and pleadings in the case, including motions relating to any proposed preliminary injunction, shall be addressed separately.

- Voting-related motions, including
    - The Debtor's solicitation and disclosure statement motion [Dkt. 46]
    - The Coalition's motion to vacate and reconsider the retention of Epiq Corporate Restructuring, LLC [Dkt. 257]
    - The Coalition's motion to designate votes [Dkt. 265];
    - The Coalition's motion to reinstate votes [Dkt. 266]
    - The Coalition's bar date motion [Dkt. 264]
    - The Coalition's estimation motion [Dkt. 267]
    - The US Trustee's motion to reconsider the retention of Epiq [Dkt. 300]
    - The Debtor's motion to confirm voting results [Dkt. 305]
- Motions to dismiss the chapter 11 case, including
    - The Coalition's motion to dismiss [Dkt. 44]
    - The US Trustee's Motion to Dismiss [Dkt. 299]
- Motions with respect to the FCR, including

- - - The Coalition's motion for an FCR appointment process [Dkt. 45, 51]
    - The US Trustee's motion for an FCR appointment process [Dkt. 301]
    - The Debtor's Motion for appointment of FCR [Dkt. 318]
  - Confirmation of the Amended Prepackaged Plan of the Debtor (the "Plan")

2. The Debtor filed a motion to appoint an FCR on October 23, 2024 [Dkt. 318]. The Coalition and the U.S. Trustee have filed respective motions for an FCR appointment process [Dkt. 45, 51, 301]. Any additional motions concerning the appointment of an FCR or for an FCR appointment process shall be filed by October 23, 2024. Discovery concerning any such FCR or FCR appointment process motions shall be taken from October 25 through November 1, 2024. All objections or other responses to the FCR or FCR appointment process motions must be filed by November 7, 2024. Any replies must be filed by November 10, 2024. A hearing on all such FCR-related motions shall be held on November 12, 2024.

3. Until motions concerning the retention of Epiq Corporation Restructuring, LLC ("Epiq") as claims, noticing, and solicitation agent are resolved, Epiq shall not perform any solicitation, balloting or tabulation services.

*Consolidated Hearing*

4. A single consolidated hearing (the "Consolidated Hearing") to consider all the above matters will be set to begin on **January 27, 2025**. With respect to confirmation, all objections will be heard at the hearing except for any objections regarding the provisions of the Plan that are operative only if the Imerys/Cyprus Settlement Agreement Termination Date (as defined in the Plan) were to occur. If necessary, such objections will be the subject of a separate objection deadline and addressed at a later date.

*Consolidated Discovery*

5. Discovery for all the above matters shall be consolidated. Discovery shall be limited to requests for production of documents and depositions upon oral examination. Prior to any production of documents that contain personal identifying or other confidential information, the Parties shall negotiate the terms of an agreed protective order.

6. A courtesy copy of all discovery requests and responses for the above matters shall be served on all Discovery Parties, by and through the Discovery Parties' recipients identified in APPENDIX A. This includes, but is not limited to, requests for production of documents ("RFPs"), written responses and objections to RFPs, document productions, deposition notices and subpoenas, and expert discovery.

7. The deadlines set forth below shall not apply to the Insurers in the event the Insurers listed on APPENDIX A are not timely provided copies of discovery served and produced by other Parties as provided above; *provided, however*, the Insurers agree to make good-faith efforts to avoid duplication of discovery served by other Parties and to meet and confer with the Parties concerning the need to adjust any deadlines set forth herein.

*Fact Discovery Schedule*

8. RFPs, including those directed to parties and to non-parties, shall be served by **October 23, 2024**. Responses and objections to the RFPs shall be served by **October 28, 2024**. Production of documents responsive to the RFPs shall be made on a rolling basis and must be completed by **November 4, 2024**.[3] The Insurers will serve any additional RFPs by

---

[3] The proposed FCR may serve RFPs to parties and non-parties by **October 25, 2024**. Responses and objections to the proposed FCR's RFPs shall be served by **October 31, 2024**.

**October 31, 2024**.  Production of any additional documents responsive to the Insurers' RFPs will be made on a rolling basis and completed by **November 7, 2024**.

9. Fact depositions shall take place between **November 11, 2024** and **November 27, 2024**.

10. Fact discovery shall conclude on **November 27, 2024**.

*Expert Discovery Schedule*

11. Expert witnesses (other than rebuttal witnesses) and the subject matter of their testimony shall be disclosed by **November 20, 2024**.  Rebuttal expert witnesses and the subject matter of their rebuttal testimony shall be disclosed by **November 27, 2024**.

12. Initial expert reports and reliance materials shall be served by **December 6, 2024**.  Rebuttal expert reports and reliance materials shall be served by **December 13, 2024**.

13. Depositions of expert witnesses shall take place between **December 16, 2024** and **December 30, 2024**.

14. The Parties shall meet and confer in good faith to the extent experts request additional discovery for their reports.

*Motion and Briefing Schedule*

15. Any additional motions to dismiss must be filed by the CMO Parties by **October 21 2024**.  All objections or other responses to the motions to dismiss must be filed by **November 6, 2024.**  Any replies in support of the motions to dismiss must be filed by **November 22, 2024.**

16. Any additional voting-related motions must be filed by the CMO Parties by **October 21, 2024.**  All objections or other responses to the voting motions must be filed by **November 6, 2024.**  Any replies in support of the voting motions must be filed by

**November 22, 2024.**  For purposes of this Paragraph 16, "voting-related motions" and "voting motions" does not include objections to confirmation of the Plan even if such objections refer or relate to voting-related issues.

17. Any additional motions with respect to Epiq must be filed by the CMO Parties by **October 21, 2024**.  All objections or other responses to the Epiq motions must be filed by **November 6, 2024**.  Any replies in support of the Epiq motions must be filed by **November 22, 2024**.

18. Any additional motions to dismiss, voting-related motions or motions with respect to Epiq to be filed by any party other than the CMO Parties must be filed by **November 4, 2024**.

19. All objections to the Plan must be filed by **December 6, 2024** (the "Plan Objection Deadline").  The Debtor's confirmation brief must be filed by **January 6, 2024**.

20. All pre-trial hearing briefs must be filed by **January 10, 2025**.  All pre-trial hearing response briefs must be filed by **January 17, 2025**.

*Notices*

21. The Debtor shall provide notice of the Consolidated Hearing subject to the rights of all parties to object to the adequacy and sufficiency of such notice at the Consolidated Hearing.  Nothing herein shall constitute a finding that the Debtor has provided adequate notice to claimants in this case, or that any actions taken by the Debtor to provide notice of the Consolidated Hearing is or is not adequate.  All issues regarding the adequacy and sufficiency of the notice of the Consolidated Hearing shall be determined by the Court as part of the Consolidated Hearing.

*Miscellaneous*

22. This Order shall be immediately effective and enforceable upon its entry.

23. As soon as practicable after the entry of this Order, a copy of the case management procedures shall be served by the Debtor on each of the parties on the Service List. To help ensure that all parties who may participate in the Chapter 11 Case are aware of the terms of the case management procedures, the case management procedures will be added to the Chapter 11 Case website.

24. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

25. Notwithstanding anything to the contrary in this Order, the deadlines specified herein may be extended by consent of the CMO Parties, except that leave of Court shall be required to alter, adjourn, or extend the date of any hearing before the Court. In addition, upon a showing of good cause by any party and after notice and a hearing, the Court may alter or extend any of the deadlines specified herein. The Court may consider whether the CMO Parties have complied with the terms of this Order when considering any request for a change in the deadlines.

26. Because counsel for the recently appointed Talc Claimants' Committee (the "TCC") has not yet been selected, this Order shall not apply, and shall be without prejudice, to the TCC. Once the TCC selects counsel, the CMO Parties (including the TCC) will confer on the impact of the appointment of the TCC on this Order and if the CMO Parties (including the TCC) are unable to reach an agreement, they will seek a conference with the Court.

27. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this Order.

It is SO ORDERED.

Signed: October 30, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

## APPENDIX A

Discovery Parties' Recipients for Courtesy Copies

| Discovery Party | Recipients |
|---|---|
| Debtor | Kristen Fournier, c/o Evan Gascoine (egascoine@kslaw.com) |
| Coalition | RRTProfessionals@brownrudnick.com |
| AHC | rrt.ph@paulhastings.com |
| UST | Linda.Richenderfer@usdoj.gov<br>jayson.B.Ruff@usdoj.gov |
| Johnson & Johnson | gstarner@whitecase.com |
| Randi Ellis | nancy.davis@bracewell.com |
| Smith Firm PLLC and Allen Smith, Jr. | BOneill@KRAMERLEVIN.com<br>NHamerman@KRAMERLEVIN.com |
| Barnes Law group | bevis@barneslawgroup.com |
| Travelers | Travelers c/o Simpson Thacher<br>batoul.husain@stblaw.com<br>jonathan.mitnick@stblaw.com<br>jared.quigley@stblaw.com |
| Republic Indemnity Company of North America | Republic c/o Duane Morris LLP |
| Such other J&J insurers that provide notice to the parties herein | |