## EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

IN RE:                                §    CASE NO. 23-90086-11
                                      §    HOUSTON, TEXAS
TEHUM CARE SERVICES, INC.,            §    THURSDAY,
                                      §    APRIL 11, 2024
    DEBTOR.                           §    2:01 P.M. TO 2:49 P.M.

**<u>ORAL RULING ON MOTION TO APPROVE</u>**
**<u>THE SETTLEMENT AGREEMENT (VIRTUAL ONLY)</u>**

BEFORE THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:                          SEE ELECTRONIC APPEARANCES

ELECTRONIC RECORDING OFFICER: ZILDE COMPEAN

CASE MANAGER:                         ROSARIO SALDANA

<u>TRANSCRIPTION SERVICE BY:</u>

JUDICIAL TRANSCRIBERS OF TEXAS, LLC
935 Eldridge Road, #144
Sugar Land, TX 77478
281-277-5325
mary@judicialtranscribers.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

the Debtors' financial condition, motives, and the local financial realities." That's Little Creek.

Little Creek was a single-asset real estate, so all the factors considered in that case don't exactly fit in this fact pattern, but some do. For example, the Debtor has no employees and little to no cash flow. But there are factors that the Debtor in Little Creek lacked that this Debtor has, such as cash to fund a potential Chapter 11 Plan and many Creditors.

And one should focus too much on Little Creek -- I think people focus too much on Little Creek as a single-asset real estate. To me, the Fifth Circuit's guidance there is to focus on the -- to conduct an on-the-spot evaluation.

I should also note that the United States Supreme Court in the famous *Bank of America v. 203 North LaSalle*, 526 U.S. 434 (1999) case said that preserving going concerns and maximizing property available to creditors for valid bankruptcy purpose.

I agree with courts holding that a good-faith Debtor tries to preserve or create some value using tools of bankruptcy as a good-faith Debtor. It's not bad faith to use the tools of bankruptcy afforded by Congress in bankruptcy.

For example, rejection of executory contracts and

28

unexpired leasing under Section 365 were using Section 506 of the Bankruptcy Code to value secured claims or proposing Chapter 11 Plans that are crammed down on dissenting classes.

You may not find the folks who are on the other side of that to be too happy, but Congress afforded Debtors those tools, and that's what Congress wrote, and Debtors are not in bad faith for using those kinds of tools or seeking settlements in bankruptcy.

Further, I'd note that there's no insolvency requirement for Chapter 11 Debtors.  Again, liquidating, I'd also note, through a Chapter 11 Plan, through a Court-approved plan, is also expressly contemplated by the statute.  So not every Chapter 11 Debtor rehabilitates. Many liquidate and create trusts to benefit creditors.

In LTL, the Third Circuit dismissed the first Chapter 11 case of LTL Management, LLC, which was a divisional merger of the pharmaceutical giant Johnson and Johnson.  That case is 58 F.4th 738 (3rd Cir. 2023).  The Third Circuit said the theme is clear.  Absent financial distress, there's no reason for Chapter 11 and no valid bankruptcy purpose.

The financial distress standard is not binding on this Court.  And again, insolvency's not a requirement to be a Chapter 11 Debtor.  I do think it could be a factor to

consider as part of the Little Creek, on-the-spot evaluation though.  It just depends on the facts and circumstances of the case.

The text of the statute itself sets up a burden-shifting framework to establish cause.  On the request of a party at interest, the Bankruptcy Court must dismiss for cause, unless the Debtor shows to the Court that there are unusual circumstances warranting denying the relief sought.

So party-in-interest has to establish cause, and the Debtor or another party-in-interest has to show, if you can get over the cause hump, then the other party has to show that there are unusual circumstances warranting denying the relief sought.

And then 1112(b)(2) states that the Court may dismiss, and specifically, if the Court finds and specifically identifies unusual circumstances establishing that dismissing the case is not in the best interests of creditors in the estate and the Debtor and of the other parties and interests established that there's a reasonable likelihood that a Plan will be confirmed within the timeframes established in Sections 1121(e) and 1129 of the Bankruptcy Code.

And the grounds for dismissing the case include an act or omission for which the Debtor -- there's a reasonable justification for the act of omission, and that will likely

time.  But it doesn't mean that the Court has to turn a blind eye to the work of Tehum and the UCC.

I also note that the members of the Tort Committee have independent counsel.  And many other tort claimants received notice about this case and filed proofs of claim before the Tort Committee was formed.  None of them wanted this filed motion seeking dismissal of the case.

And it doesn't matter that they're not bankruptcy lawyers.  That isn't an excuse in any other Chapter 11 case.  In fact, in this case, if the cause is the divisional merger, the Plaintiff's lawyers are in a fine position to know the facts pertaining to it.

And one can't overlook that an active UCC has worked hard in this case pushing where appropriate.  We aren't going to act here like the UCC doesn't care about tort claimants and didn't consider their views.

A tort claim is on the UCC, and counsel stressed to me they've spoken many times to pro se parties.  In any case, let's actually see what's taken place during the case.

Tehum obtained Debtor in possession financing with active involvement from the UCC who fought to preserve many claims on behalf of the estate.  Right.  Tehum participated in four mediations.  Tehum and the UCC have filed an original and amended joint Chapter 11 Plans.

During the case, Tehum and its professionals have

been acting like any other Debtor in trying to work on a plan. Tehum, its CRO, professionals have worked with the UCC for months. And again, the UCC has tort claimants on its committee.

Tehum also filed a Chapter 11 Plan and a 9019 motion supported by an Official Committee of Unsecured Creditor. This is evidence of valid bankruptcy purposes. This is far from the TortCo described by the Tort Committee in its pleadings that is motivated to stay in bankruptcy as long as possible.

This Debtor has been trying to cut deals for months. This is not a case that should be dismissed as a bad-faith filing. How does a Debtor working with a UCC in good faith get dismissed on facts like these?

To be clear, I've got no issues with professionals who worked on this case, on any of them, including the CRO. They've all worked hard to fulfill their duties faithfully. I'm making no policy statement about whether all divisional mergers and those Debtors are fraudulent transfers are good or bad-faith debts, or whether the bankruptcy is better than other forms of litigation like State Court individual cases, class actions, MDLs.

My job today is to decide cases before me based on the facts and the law. The question before me right now is whether to dismiss this case under Section 1112(b). Little

Creek tells me to conduct an on-the-spot evaluation of the Debtor's financial condition and motives.

Here, my on-the-spot evaluation comes about a year into the case. Based upon the Record before this Court, this case should not be dismissed for cause under Section 1112(b).

I'm also going to find that there are unique circumstances because of the state in which we find ourselves, and a reasonable likelihood of confirming a Chapter 11 Plan. It's just not the one currently on file.

I'm not approving the settlement. We can't act like there wasn't over 40 million in real money on the table to settle claims. The settling parties wanted finality. The Settlement Agreement as proposed didn't work for the reasons I've already stated. Tehum still has millions to potentially distribute. Some tort claimants may want a deal to get paid now.

So where does this leave everything? I don't know. The stay I imposed earlier in this case stopped litigation involving some third parties. That expired on its own.

And it's obvious that this case needs to end really soon. My sincere hope is that the Tort Committee, the UCC, and Tehum talk constructively now to find a way to bring finality to this case in the most cost-effective way.

I certify that the foregoing is a correct transcript to the best of my ability produced from the electronic sound recording of the ZOOM/telephonic proceedings in the above-entitled matter.

*/S/ MARY D. HENRY*

*CERTIFIED BY THE AMERICAN ASSOCIATION OF*

*ELECTRONIC REPORTERS AND TRANSCRIBERS, CET\*\*337*

*JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

*JTT TRANSCRIPT #68529*

*DATE FILED:  April 15, 2024*

JUDICIAL TRANSCRIBERS OF TEXAS, LLC