**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| RED RIVER TALC LLC,[1] | ) Case No. 24-90505 (CML) |
| Debtor. | ) **Re: Docket No. 555** |

**OBJECTION OF THE AD HOC COMMITTEE OF SUPPORTING COUNSEL IN RESPONSE TO THE EMERGENCY MOTION OF THE COALITION OF COUNSEL FOR JUSTICE FOR TALC CLAIMANTS TO (A) QUASH OR MODIFY THE NOTICES OF DEPOSITION OF ANDY BIRCHFIELD, LEIGH O'DELL, MIKE PAPANTONIO, CHRISTOPHER TISI, AND RICHARD GOLOMB AND (B) GRANTING SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM PROPER**

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

The Ad Hoc Committee of Supporting Counsel (the "AHC" or "AHC of Supporting Counsel"), by and through its counsel, Paul Hastings LLP and Parkins & Rubio LLP, hereby submits this objection to the *Emergency Motion to (A) Quash or Modify the Notices of Deposition of Andy Birchfield, Leigh O'Dell, Mike Papantonio, Christopher Tisi and Richard Golomb and (B) Granting Such Other And Further Relief As The Court May Deem Just And Proper* [ECF No. 555] (the "Emergency Motion") filed by the Coalition of Counsel for Justice for Talc Claimants (the "Coalition"), incorporates by reference the *Joint Objection of Anne Andrews, Majed Nachawati, And Adam Pulaski to The Emergency Motion of The Coalition of Counsel For Justice For Talc Claimants to Compel Discovery and Request For Guidance on Certain Discovery Issues* [ECF No. 495] (the "AHC Respondents' Objection" or the "Objection"), and respectfully states as follows:

## OBJECTION

1. The AHC of Supporting Counsel has not noticed or otherwise sought the depositions of any member of the Coalition. It has, however, objected to the Coalition's baseless request to depose three of its member law firms (the "AHC Respondents") on grounds that such depositions would be "redundant, burdensome and unnecessary" given that the AHC has already agreed to produce for deposition two of its member-representatives (Mr. Watts and Mr. Onder) without qualification.[2] The AHC Respondents' objections in this regard have no bearing whatsoever on the propriety of the ***Debtor's*** request for depositions of the Coalition members, which request forms the sole basis for the Emergency Motion.

2. As set forth in the AHC Respondents' Objection, there is ***no*** basis for the Coalition to depose another three AHC member-representatives. In meet and confer meetings conducted

---

[2] Mr. Watts was deposed for approximately six hours on November 12, 2024 by the Coalition and by a member firm of the Coalition.

prior to the Emergency Motion, the Coalition identified only that testimony might be required of the AHC Respondents regarding their "respective and unique claim intake and verification procedures, as well as the compensability of the claims their clients purport to have."  But as the AHC Respondents noted in the Objection, Messrs. Watts, Onder, Pulaski and Nachawati were all deposed extensively in LTL 2.0 regarding these exact topics, as was Mr. Watts for a *third* time earlier this week, and the Coalition remains free to use such testimony in this chapter 11 case in any manner consistent with the Federal Rules of Evidence.

3. The Coalition has asserted no such objection in response to the Debtor's request for the Coalition member's depositions, and its attempt to somehow link the Debtor's request in this regard with the unique defenses asserted by the AHC Respondents is simply without basis.  The Coalition's assertion that the deposition notices served on certain of its members "should be quashed … unless and until the [AHC Respondents] agree to be deposed" is predicted on the Coalition's self-created false equivalency, finds no support in fact or law, and reveals only the extent of the Coalition's attempts to avoid discovery relevant to the very motions that *the Coalition* itself has filed to obstruct the consensus deal that is the foundation of the Debtor's Plan.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: November 15, 2024<br>Houston, Texas | Respectfully submitted,<br><br>*/s/ Schlea M. Thomas*<br>**PAUL HASTINGS LLP**<br>Schlea M. Thomas (TX Bar No. 24131710)<br>600 Travis Street, 58th Floor<br>Houston, Texas 77002<br>Telephone:  (713) 860-7300<br>Facsimile:  (713) 353-3100<br>Email: schleathomas@paulhastings.com<br><br>-and-<br><br>Kristopher M. Hansen (*admitted pro hac vice*)<br>Kenneth Pasquale (*admitted pro hac vice)*<br>Ryan Montefusco (*admitted pro hac vice*)<br>200 Park Avenue<br>New York, New York 10166<br>Telephone:  (212) 318-6000<br>Facsimile:  (212) 319-4090<br>Email: krishansen@paulhastings.com<br>         kenpasquale@paulhastings.com<br>         ryanmontefusco@paulhastings.com<br>-and-<br><br>Matthew M. Murphy (*admitted pro hac vice*)<br>71 S. Wacker Drive, Suite 4500<br>Chicago, Illinois 60606<br>Telephone:  (312) 499-6000<br>Facsimile:  (312) 499-6100<br>Email: mattmurphy@paulhastings.com<br><br>– and –<br><br>**PARKINS & RUBIO LLP**<br><br>Lenard M. Parkins (TX Bar No. 15518200)<br>Charles M. Rubio (TX Bar No. 24083768)<br>Great Jones Building<br>708 Main Street, 10th Floor<br>Houston, TX 77002<br>Telephone: (713) 715-1660<br>Email:   lparkins@parkinsrubio.com<br>            crubio@parkinsrubio.com<br><br>*Counsel to AHC of Supporting Counsel* |

## Certificate of Service

I certify that on November 15, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Schlea M. Thomas*
Schlea M. Thomas
