IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re:<br><br>RED RIVER TALC, LLC,[1]<br><br>Debtor. | ) Chapter 11<br>)<br>) Case No. 24-90505 (CML)<br>)<br>) |

**EMERGENCY MOTION OF THE COALITION OF COUNSEL FOR JUSTICE FOR TALC CLAIMANTS TO COMPEL DISCOVERY FROM ALLEN SMITH, JR., ANNE ANDREWS, MIKAL WATTS, ADAM PULASKI, JIM ONDER, AND MAJED NACHAWATI**

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 1:00 P.M. (PREVAILING CENTRAL TIME) ON NOVEMBER 20, 2024.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, VIRTUALLY OR IN PERSON AS PERMITTED BY THE COURT, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Pursuant to Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas, the Coalition of Counsel for Justice for Talc Claimants (the "Coalition")[2] respectfully requests emergency consideration of this Motion. As set forth in the Motion, the relief requested is essential to keeping the parties on track to meeting the discovery and briefing schedules agreed to by the parties and set by the Court. The date by which emergency relief is needed is November 20, 2024.

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's mailing address is 501 George Street, New Brunswick, New Jersey 08993.

[2] *[Redacted] Verified Statement of Brown Rudnick LLP, Otterbourg P.C. and Stutzman, Bromberg, Esserman & Plifka, PC Pursuant to Federal Rule of Bankruptcy Procedure 2019* (Dkt. No. 243).

1

The Coalition hereby submits this *Motion to Compel Discovery from Allen Smith, Jr., and Certain Members of the Ad Hoc Committee of Supporting Counsel*, namely, Anne Andrews, Mikal Watts, Adam Pulaski, Jim Onder, and Majed Nachawati (the "Motion").[3]  In support of this Motion, the Coalition respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of the Debtor's Chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The Coalition confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief sought herein are Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 7026, 7030, and 7037, Federal Rules of Civil Procedure ("Federal Rules") 26, 30, and 37, and Section 105(a) of the Bankruptcy Code.

## RELIEF REQUESTED

4. For all of the reasons set forth below, the Coalition respectfully requests entry of an order (i) compelling the production of certain documents from Allen Smith, Jr. ("Smith"); (ii) compelling the production of certain documents from certain members of the Ad Hoc Committee of Supporting Counsel: Anne Andrews ("Andrews"), Mikal Watts ("Watts"), Adam Pulaski ("Pulaski"), Jim Onder ("Onder"), and Majed Nachawati ("Nachawati") (together, the

---

[3]  Terms capitalized but not defined in this Motion shall have the meanings given to them in the Coalition's Requests identified *infra.*

2

"AHC Members"); and (iii) granting such other and further relief as the Court may deem just and proper.

## BACKGROUND

5. On October 21, 2024, the Coalition served the following discovery requests at issue in this Motion (the "Requests"):

- *Coalition's Request for Production of Documents and Information to Allen Smith, Jr.* (the "Smith Requests") (attached hereto as Ex. A).

- *Coalition's Request for Production of Documents and Information to Mikal Watts* (the "Watts Requests") (attached hereto as Ex. B).

- *Coalition's Request for Production of Documents and Information to Adam Pulaski* (the "Pulaski Requests") (attached hereto as Ex. C).

- *Coalition's Request for Production of Documents and Information to Jim Onder* (the "Onder Requests") (attached hereto as Ex. D).

- *Coalition's Request for Production of Documents and Information to Majed Nachawati* (the "Nachawati Requests") (attached hereto as Ex. E).

- *Coalition's Request for Production of Documents and Information to Anne Andrews* (the "Andrews Requests") (attached hereto as Ex. F).

6. On October 28, 2024, the foregoing parties served responses and objections to the Coalition with respect to the foregoing Requests:

- *Allen Smith, Jr. and the Smith Law Firm's Responses and Objections* (the "Smith Responses") (attached hereto as Exhibit G).

- *Mikal Watts' Response and Objections* (the "Watts Responses") (attached hereto as Exhibit H).

- *Adam Pulaksi's Responses and Objections* (the "Pulaski Responses") (attached hereto as Exhibit I).

- *Jim Onder's Responses and Objections* (the "Onder Responses") (attached hereto as Exhibit J).

- *Majed Nachawati's Responses and Objections* (the "Nachawati Responses") (attached hereto as Exhibit K)

3

- *Anne Andrews Responses and Objections* (the "<u>Andrews Responses</u>") (attached hereto as Exhibit L).

7. To date, Smith and the AHC Members listed herein have refused or otherwise failed to produce the same types of documents evidencing their authority to vote, and certification of the Master Ballots reflecting the votes, of their thousands of purported clients that the Court ordered Beasley Allen to supply (*in camera* if subject to a claim of privilege). The lawyers and law firms also have failed to produce sufficient responsive documents concerning, among other things, their communications with Johnson & Johnson ("<u>J&J</u>"), LTL Management LLC ("<u>LTL</u>"), LLT Management LLC ("<u>LLT</u>"), Red River Talc LLC (the "<u>Debtor</u>"), or other law firms or attorneys concerning solicitation and voting issues.

8. At the November 12, 2024 hearing this Court partially granted the Debtor's Motions to Compel Beasley Allen and the Coalition to produce certain documents across several categories, including, among other things, (i) documents contradicting statements made in the declarations of claimants (the "<u>Declarations</u>") attached to *Johnson & Johnson's Second Motion to Remove Beasley Allen from the Plaintiffs' Steering Committee* (Case No. 3:16-md-2738-MAS-RLS, MDL Case No. 2738, D.N.J. Sept. 27, 2024), (ii) documents and communications with J&J, LTL, LLT, the Debtor or any of their representatives from July 26, 2024 to today concerning the Plan, Red River Solicitation, or resolution of Talc Claims that are not shielded from disclosure by any common interest privilege, and (iii) documents and communications between Beasley Allen and any other law firm or attorney from July 26, 2024 to today concerning the resolution of Talc Claims, excluding documents that fall outside the common interest privilege. *See* Dkt. No. 511 (order partially granting Debtor's emergency motions to compel at Dkt. Nos. 368 and 445 for the reasons stated on the record).

4

9. But, while one firm has received outsized attention, there are numerous other firms involved here—including Smith and the AHC Members—that also submitted master ballots on behalf of thousands of purported clients, in many cases pursuant to purported powers of attorney that, based on the limited depositions conducted thus far, clearly do not authorize the lawyers to have voted on behalf of their purported clients. In short, it is evident that good reason exists to make these law firms—whose master ballots are critical to the Debtor's claim of sufficient support to confirm its proposed Amended Plan—to evidence the authority to vote, and bases underlying their certification of the votes, of thousands of purported clients reflected in their master ballots. As the Court stated at the November 12, 2024 hearing, equal scrutiny should be applied across the board.

10. Ultimately, this Court's recent order only underscores the relevance of the requested documents, and for that reason and those set forth below, Smith and the AHC Members should be compelled to promptly produce them in a manner consistent with that order, just like Beasley Allen—to the Court for *in camera* review if and to the extent subject to a claim of privilege, but otherwise to the Coalition as the requesting party.

**ARGUMENT**

11. The Coalition served Smith and the AHC Members with requests for production on October 21, 2024. Despite numerous meet and confers and efforts to resolve disputes, those parties have failed to produce critical documents responsive to the Coalition's requests.

12. A discovering party is entitled to compel discovery of documents, answers, and testimony which "fall[] within the scope of discovery as provided by Rule 26," namely anything that is "relevant to any party's claim or defense and is proportional to the needs of the case." *In re Trevino*, 564 B.R. 890, 904-906 (Bankr. S.D. Tex. 2017) (quoting Fed. R. Civ. P. 26(b)(1)). A

party may move to compel the production of documents, to compel a response to requests for admission or interrogatories, or to compel disclosure at a deposition. *Id*.

13. Deficiencies permeating Smith's and the AHC Members' productions are set forth in further detail below.

## I. THE COURT SHOULD COMPEL SMITH AND THE AHC MEMBERS TO PRODUCE DOCUMENTS.

### A. Documents Sufficient to Show Whether Smith and the AHC Members Had Power of Attorney to Cast a Master Ballot.

14. To date, Smith has not produced documents sufficient to show that Smith possessed a valid power of attorney to cast a master ballot, the basis on which he certified the vast majority of the over 11,000 votes he purported to supersede. Nor has Smith produced documents sufficient to demonstrate Smith had authority to cast a master ballot, or his basis for the conclusion that he acted in accordance with his purported clients' wishes. Such documents would fall under the Coalition's existing requests and must be produced, especially given how critical Smith's actions are to the Debtor's assertions, when filing, that it had received support from over 75% of the voters. *See, e.g.*, Smith Requests at RFP Nos. 2, 6.

15. Similarly, the AHC Members identified herein have failed to produce any documents supporting their authority to vote, nor their sufficient to support their respective certifications of, each vote on the Master Ballot it submitted. *See, e.g.*, Onder Requests at RFP Nos. 1, 5, 8, 9, and 10.

16. Recent deposition testimony and other materials produced to date underscore the need for this production from Smith and the AHC Members. Though, for example, ▬▬

6

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██ (annexed hereto as Exhibit M). ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ annexed hereto as Exhibit N.  In the *Imerys* case in Delaware, this type of general provision in lieu of direct contact with, and express authorization from, a firms' clients led the court to reject ballots cast on those clients' behalf. *In re Imerys Talc Am., Inc.*, (rejecting 15,719 votes where attorney relied "on a one page general 'Attorney Agreement' which provides that Mr. Bevan can vote on behalf of his client in a bankruptcy case filed by any debtor."). *Cf. In re Combustion Engineering*, 391 F.3d 190, n. 66 (3d Cir. 2004) ("Where the voting process is managed almost entirely by proxy, it is reasonable to require a valid power of attorney for each ballot to ensure claimants are properly informed about the plan and that their votes are valid."); *In re Congoleum Corp.*, No. 03-51524 (Bankr. D.N.J. July 26, 2004), Transcript of Hearing, Dkt. No. 1090 at 52-53 ("I want to emphasize, the power of attorney must be bankruptcy specific.  If it merely refers to the personal injury case, it is not enough. Authority to take action on a client's behalf in a personal injury case is not sufficient to give authority to vote on that client's behalf in the bankruptcy case.").

17.    Underscoring the lack of his authority to vote by the supposed "authority" granted to his firm in his employment agreements, █████████████████████████████████

█████████████████████████████ The Court made clear in partially granting

the motion to compel the Beasley Allen firm to produce documents that Beasley Allen was not being singled out, and that all firms who case thousands of clients' votes by Master Ballot also should be required to substantiate their certifications that they had voted the "will" of their clients.

18. The Coalition believes that issues concerning Watts' Master Ballot and the authority that he had to vote 17,599 votes in favor of the plan are similarly present in the Master Ballots submitted by the other AHC Members, who either refuse to be deposed or, in one case, have not yet appeared for deposition. Indeed, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ The AHC Members' firms' respective and unique claims intake and verification procedures, as well as the compensability of the claims their clients purport to have (in addition to other issues), are relevant to a number of the pending contested matters.[4]

19. Smith's and the five AHC Members' refusal to provide documents sufficient to support their respective authority to vote on behalf of their clients, including their authority to submit Master Ballots, is prejudicial to the Coalition and its efforts to prosecute its pending motions. In recognition of the importance of this issue, Beasley Allen has now been made to provide similar information—and so too should these parties. That production may be made in a manner consistent with the procedure set for Beasley Allen—to the Court for *in camera* review to the extent of any assertion of privilege, but otherwise to the Coalition. As the Court observed during the hearing on November 12, 2024 in the context of granting, in part, the Debtor's motions to compel the production of documents from Beasley Allen, all parties are going to be

---

[4] The Coalition filed an Emergency Motion to Compel Discovery From the Debtor, Johnson & Johnson, Anne Andrews, Majed Nachawati, Adam Pulaski and James Murdica and Request for Guidance on Certain Discovery Issues [Dkt. No. 475], which is currently pending and has not yet been scheduled for hearing.

subject to the same scrutiny and examination in this case. What is good for the goose is good for the gander.[5]

### B. Documents From Onder Concerning the 21 Onder Client Declarations.

20. For the reasons stated above, in the manner and to the extent that the Court ordered Beasley Allen to produce documents contradicting certain statements made in the Declarations of claimants attached to *Johnson & Johnson's Second Motion to Remove Beasley Allen from the Plaintiffs' Steering Committee* (Case No. 3:16-md-2738-MAS-RLS, MDL Case No. 2738, D.N.J. Sept. 27, 2024), the Court should order Onder to produce any documents supporting the statements made in the Declarations. Such documents would fall under the Coalition's existing requests. *See, e.g.*, Onder Requests at RFP Nos. 5, 10, 12, 14, 21, 27, 28, 29, and 38.

### C. Documents Concerning Communications with Counsel Outside the Common Interest Privilege

21. Consistent with this Court's order on the Debtors' Motions to Compel, and for the reasons stated above, Smith and the AHC Members should be compelled to produce non-privileged communications with counsel, including those communications concerning settlement or resolution of talc personal injury claims.

---

[5] The Coalition has a pending Emergency Motion to Compel Discovery From the Debtor, Johnson & Johnson, Anne Andrews, Majed Nachawati, Adam Pulaski and James Murdica and Request for Guidance on Certain Discovery Issues [Dkt. No. 475], which is currently pending and has not yet been scheduled for hearing. In that Emergency Motion, the Coalition seeks the depositions of certain key attorneys with information relevant to the pending contested matters who are members of the 18 member AHC: Onder; Watts; Andrews; Nachawati; and Pulaski. The AHC has agreed to make Mr. Onder and Mr. Watts available for deposition, but it has refused to make available Ms. Andrews, Mr. Nachawati, or Mr. Pulaski on the grounds that they would be unnecessarily duplicative.

### D. Documents Reflecting All Non-Mediation, Non-Privileged Communications with J&J, LTL, LLT, Red River, or Other Representatives From July 26, 2024 to the Present.

22. For the reasons stated above, in the manner and to the extent that the Court ordered Beasley Allen to produce documents and communications with J&J, LTL, LLT, the Debtor, or any of their representatives from July 26, 2024 to today concerning the Plan, Red River Solicitation, or resolution of Talc Claims, the Court should order Smith and the AHC Members to produce documents responsive to the Coalition's similar requests to Smith and the AHC Members, including but not limited to RFP Nos. 1[6] and 2[7] of the Smith Requests and RFP Nos. 2,[8] 12-15,[9] 18,[10] 19,[11] 20,[12] 30,[13] and 31[14] of the Requests to the AHC Members,

---

[6] RFP No. 1 of the Smith Requests seeks "All Documents and Communications between or among You, J&J, LLT, and the Debtor from January 1, 2024 to the present, including but not limited to all Communications, including text messages, between or among Allen Smith, Jr., any person who represents the Debtor or J&J, including James Murdica (or anyone else at or associated with Barnes & Thornburg LLP), Eric Haas and his colleagues (including, but not limited to, his colleague Andrew White), and Greg Gordon (or anyone else at or associated with Jones Day), concerning any issue, but specifically including: (a) The Chapter 11 Plan; (b) The vote on the Chapter 11 Plan; (c) The Master Ballots submitted by Beasley Allen or Golomb Law prior to the voting deadline of July 26, 2024; (d) The submission of a Master Ballot by the Smith Firm, ultimately submitted on September 17, 2024, which purported to "amend[] certain votes previously submitted on a Master Ballot from Beasley Allen Crow Methvin Portis & Miles, P.C. and a Master Ballot from Golomb Legal"; (e) Your authority to amend the Master Ballots submitted by Beasley Allen and Golomb Legal after the voting deadline of July 26, 2024; (f) Beasley, Allen, Andy Birchfield, or the clients that are subject to Your joint venture agreement with Beasley Allen; (g) The events and negotiations leading to the Confidential Memorandum of Understanding & Agreement regarding Talc Bankruptcy Plan Support ("Smith MOU") (Exhibit 2, attached)."

[7] RFP No. 2 of the Smith Requests seeks "Documents and Communications between or among You, the Debtor, LLT, and J&J concerning the clients Smith Law purports to represent, including but not limited to Smith Law's authorization to cast votes on behalf of any clients."

[8] RFP No. 2 of the Requests to AHC Members seeks "Documents and Communications, including text messages, with or between any person or entity, including the Debtor and its agents and attorneys and members of the AHC, concerning (a) the AHC Plan Support Letter, (b) Documents sufficient to show the accuracy or inaccuracy of the statements and representations contained in the AHC Plan Support Letter, (c) the LLT Plan Support Letter, (d) Documents sufficient to show the accuracy or inaccuracy of the statements and representations contained in the LLT Plan Support Letter, (e) the Smith Firm or the Smith Firm Memorandum of Understanding, and (f) voting on the Chapter 11 Plan."

[9] RFP Nos. 12-15 of the Requests to AHC Members seek "All Documents and Communications concerning any votes submitted by" Beasley Allen, Golomb Legal, Smith Firm, and Watts Firm.

[10] RFP No. 18 of the Requests to AHC Members seeks "All Documents and Communications concerning extending the deadline to submit votes on the Chapter 11 Plan beyond July 26, 2024."

particularly to the extent that there are documents and communications with J&J, LLT, or the Debtor that are responsive to such requests that have not yet been produced.

### E. Documents Reflecting All Non-Mediation, Non-Privileged Communications with Third Parties, Including Attorneys, From July 26, 2024 to the Present.

23. For the reasons stated above, just as the Court ordered Beasley Allen to produce all documents and communications between Beasley Allen and any other law firm or attorney from July 26, 2024 to today concerning the resolution of Talc Claims (excluding documents that fall outside the common interest privilege), the Court should order Smith and the AHC Members to produce documents responsive to the Coalition's similar requests to Smith and the AHC Members, including but not limited to RFP Nos. 4[15] and 26[16] of the Smith Requests and RFP

---

[11] RFP No. 19 of the Requests to AHC Members seeks "All Documents and Communications concerning accepting late vote submissions on the Chapter 11 Plan."

[12] RFP No. 20 of the Requests to AHC Members seeks "All Documents and Communications concerning or constituting negotiations with or actual or potential offers to the Smith Firm."

[13] RFP No. 30 of the Requests to AHC Members seeks "Communications with Epiq or J&J or its lawyers, including text messages, concerning the tabulation of the ballots cast by any voting class before the voting deadline of July 26, 2024."

[14] RFP No. 31 of the Requests to AHC Members seeks "Communications with Epiq or J&J or its lawyers, including text messages, concerning any assessment by any person or entity that ballots cast by any law firm by the voting deadline, including Beasley Allen, was invalid or suspect. (See September 23, 2024 First Day Hearing Tr. 93:20-25) (Testimony of John Kim) (attached as Exhibit 1)."

[15] RFP No. 4 of the Smith Request seeks "All Documents and Communications between or among You and Porter & Malouf, Timothy Porter, or Patrick Malouf from January 1, 2024 to the present, including but not limited to all Communications, including text messages, between Allen Smith, Jr., Timothy Porter, and Patrick Malouf concerning any issue, but specifically including: (a) The Chapter 11 Plan; (b) The vote on the Chapter 11 Plan; (c) The Master Ballots submitted by Beasley Allen or Golomb Law prior to the voting deadline of July 26, 2024; (d) The submission of a Master Ballot by the Smith Firm, ultimately submitted on September 17, 2024, which purported to "amend[] certain votes previously submitted on a Master Ballot from Beasley Allen Crow Methvin Portis & Miles, P.C. and a Master Ballot from Golomb Legal" (see Kjontvedt Declaration); (e) Your authority to amend the Master Ballots submitted by Beasley Allen and Golomb Legal after the voting deadline of July 26, 2024; (f) Beasley Allen, Andy Birchfield or the clients that are subject to your joint venture agreement with Beasley Allen; (g) The events and negotiations leading to the Smith MOU (Exhibit 2)."

[16] RFP No. 26 of the Smith Request seeks "Communications, including text messages, with any member of the AHC concerning or relating to: (a) The terms contained in the Smith MOU; (b) Opposition to the terms contained in the Smith MOU by any members of the Coalition of Counsel for Justice for Talc Claimants; and (c) Your efforts and agreement to amend the Master Ballot previously cast by Beasley Allen and Golomb Legal."

11

Nos. 2,[17] 16,[18] 21,[19] and 34[20] of the Requests to the AHC Members, particularly to the extent that there are documents and communications with any other law firms or attorneys that are responsive to such requests that have not yet been produced.

### F.   Documents Reflecting All Non-Privileged Communications with Their Respective Counsel Concerning the RFPs.

24.   Finally, the Coalition requests all documents reflecting non-privileged communications that each of Smith and the AHC Members had with their respective counsel concerning the foregoing requests.

## MEET AND CONFER/RESERVATION OF RIGHTS

25.   Counsel to the Coalition, the AHC Members, Smith, and other parties have met and conferred several times in an effort to resolve these disputes but were unable to reach a resolution. As of November 18, 2024, the AHC Members and Smith have refused to meet and confer on the issues raised in this Emergency Motion.

26.   The parties continue to meet and confer on discovery issues, and the Coalition reserves its right to file other motions to address discovery disputes that cannot be resolved with the Smith and the AHC Members, and/or other parties.

---

[17] See FN 6, *supra*.

[18] RFP No. 16 of the Requests to AHC Members seeks "All Communications between You and the Smith Firm or the Watts Firm or any lawyers or representatives thereof."

[19] RFP No. 21 of the Requests to AHC Members seeks "Communications between or among You, the AHC, its members, any Plaintiff's Lawyer or Plaintiffs' Law Firm, or any Person with a Talc Personal Injury Claim concerning (a) the Chapter 11 Plan, and (b) solicitation for the Chapter 11 Plan."

[20] RFP No. 34 of the Requests to AHC Members seeks "Communications, including text messages, with an AHC members about any firm, including Yours, 'switching' the votes cast by Master Ballot on July 26, 2024 from 'supporting' to 'opposing' the Chapter 11 Plan."

**NOTICE**

27. Notice of this Motion has been provided to: (a) counsel to the Debtor; (b) counsel to the TCC; (c) pro se claimants as identified in the Plan solicitation process; (d) the United States Trustee for the Southern District of Texas; (e) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (f) proposed counsel to Randi Ellis, the legal representative for future talc claimants; counsel to the Ad Hoc Committee of Supporting Counsel; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Coalition respectfully submits that no other or further notice need be provided.

WHEREFORE, the Coalition respectfully requests that this Court enter an order, substantially in the form attached hereto, (i) compelling the production of documents from Smith; (ii) compelling the production of documents from the AHC Members; and (iii) granting such other and further relief as the Court may deem just and proper.

[*Remainder of Page Intentionally Blank.*]

Dated: November 18, 2024

**LAWSON & MOSHENBERG PLLC**

By: */s/ Nicholas R. Lawson*
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
Lawson & Moshenberg PLLC
801 Travis Street
Suite 2101 #838
Houston, TX 77002
Telephone: 832-280-5670
Email: Nick.Lawson@lmbusinesslaw.com
Avi.Moshenberg@lmbusinesslaw.com

- and -

**OTTERBOURG P.C.**
Melanie L. Cyganowski (*pro hac vice*)
Adam C. Silverstein (*pro hac vice*)
Sunni P. Beville (*pro hac vice*)
Jennifer S. Feeney (*pro hac vice*)
230 Park Avenue
New York, New York 10169-0075
(212) 661-9100
mycganowski@otterbourg.com
asilverstein@otterbourg.com
sbeville@otterbourg.com
jfeeney@otterbourg.com

*Co-Counsel for Coalition of Counsel for Justice for Talc Claimants*

14

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) ) Chapter 11 ) |
| RED RIVER TALC, LLC,[1] | ) Case No. 24-90505 (CML) ) |
| Debtor. | ) ) ) |

**[PROPOSED] ORDER GRANTING THE <u>EMERGENCY</u> MOTION OF THE COALITION OF COUNSEL FOR JUSTICE FOR TALC CLAIMANTS TO COMPEL DISCOVERY FROM ALLEN SMITH, JR. AND CERTAIN MEMBERS OF THE AD HOC COMMITTEE OF SUPPORTING COUNSEL**

Upon consideration of the Coalition of Counsel for Justice for Talc Claimants (the "<u>Coalition</u>") Emergency Motion to Compel Discovery From Allen Smith, Jr. and Certain Members of the Ad Hoc Committee of Supporting Counsel (the "<u>Motion</u>");[2] and upon consideration of the proceedings before the Court related to the Motion; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Motion is in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules of the Southern District of Texas, and orders and procedures of this Court; (v) proper and adequate notice of the Motion, the deadline to file any objections to the Motion, and any hearing thereon was given, and no other or further notice is necessary; (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and (vii) the relief sought in the Motion is in the

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's mailing address is 501 George Street, New Brunswick, New Jersey 08993.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted in its entirety.
2. Smith and the AHC Members shall produce documents to the Coalition in response to the propounded RFPs.
3. If Smith or any of the AHC Members believe that the documents responsive to the RFPs contain attorney-client communications, such documents may first be submitted to the Court for *in camera* review.
4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.
5. This Court shall retain jurisdiction to resolve all matters arising out of or related to the Motion or this Order.

SIGNED this ___ day of _____, 2024.

CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2024, a copy of the foregoing Motion to Compel was filed electronically. Notice of this filing will be sent to the Debtor and all parties receiving electronic notice under the Court's CM/ECF system.

*/s/ Nicholas R. Lawson*
Nicholas R. Lawson