UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RED RIVER TALC LLC,[1] | ) | Case No. 24-90505 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**STATEMENT OF THE OFFICIAL COMMITTEE
OF TALC CLAIMANTS IN SUPPORT OF THE DEBTOR'S
CHAPTER 11 CASES, FORTHCOMING AMENDED PLAN AND PLAN PROCESS**

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

The Official Committee of Talc Claimants (the "TCC" or the "Committee"), by and through its undersigned counsel, respectfully submits this Statement of the Official Committee of Talc Claimants in Support of the Debtor's Chapter 11 Case, Forthcoming Amended Plan and Plan Process (the "Committee Support Statement") and respectfully states as follows:

## BACKGROUND

1. On September 20, 2024 (the "Petition Date"), Red River Talc LLC (the "Debtor" or "Red River") initiated this proceeding (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Together with its chapter 11 petition, Red River filed a prepackaged plan of reorganization pursuant to Section 524(g) of the Bankruptcy Code (the "Plan"), as to which votes were solicited prior to the Petition Date.

2. The Chapter 11 Case was challenged by certain parties immediately upon its commencement. The Office of the United States Trustee for Region 7 in conjunction with a representative from Region 3 (the "UST") and the Coalition for Justice for Talc Claimants (the "Coalition") filed motions to transfer venue of the Chapter 11 Case, seeking to have this proceeding heard by the Bankruptcy Court for the District of New Jersey (the "Venue Motions"), and both such entities thereafter filed motions to dismiss the Chapter 11 Case. The Coalition has also filed numerous motions in connection with the votes cast on the Plan and challenging the voting process (with the motions to dismiss, the "Opposition Motions"). The Venue Motions were denied by this Court and the Opposition Motions will be heard by the Court in connection with the hearing on confirmation of the Plan.

3. The Debtor and the Ad Hoc Committee of Supporting Counsel (the "AHC"), a group of eighteen law firms that negotiated the terms of the Plan and who, along with their

2

approximately 75,000 claimant clients, support the Plan and plan process, have opposed the Opposition Motions.

4. On October 22, 2024, the UST formed the TCC, which is comprised of ten individual talc claimants or their estate representatives and Blue Cross Blue Shield of Massachusetts. *See* Dkt. No. 313. As of the date of its constitution, the TCC was nearly evenly divided between creditors represented by counsel who supported the Plan, and creditors represented by counsel who either opposed or had significant reservations with respect to the Plan.

### STATEMENT

5. Given the speed with which this Case is moving, the volume of pleadings that had been filed and the vast amount of discovery that had taken place prior to the formation of the TCC, the TCC members immediately worked to determine whether they could arrive at a consensus view to improve the Debtor's Plan for the benefit of all talc claimants – with the primary goal of expediting recoveries to claimants under all circumstances. Having quickly accomplished that internal goal by bringing together historically divergent interests among the members of the TCC to pursue a common settlement, the TCC then set out to negotiate with the Debtor and Johnson & Johnson to improve the Plan and the plan and claim resolution processes and limit the conditionality of the safety net of a reduced recovery deal in the unfortunate event that the Chapter 11 Case was dismissed as a result of an adverse appellate ruling.[2]

6. After weeks of intense negotiations with the Debtor and Johnson & Johnson and aided by a private mediator, the TCC accomplished its initial goal and reached an agreement in principle with the Debtor and Johnson & Johnson, as reflected in the revised Memorandum of

---

[2] In the spirit of compromise among its diverse membership, the TCC has retained both Paul Hastings LLP, former co-counsel to the AHC, and Brown Rudnick LLP, former co-counsel to the Coalition, as its primary co-counsel. The TCC has also retained McKool Smith and Susman Godfrey LLP as special litigation counsel and Stutzman, Bromberg, Esserman & Plifka as Texas counsel.

Understanding (the "Revised MOU") filed by the Debtor with the Court on November 15, 2024. *See* Dkt. No. 560-1.

7. Among other significant improvements to the Plan and claim resolution process, the Revised MOU provides for the following benefits for talc claimants:

(a) An accelerated Plan Effective Date as early as 120 days post-confirmation;

(b) The acceleration of funding to the Trust that results in a significant net present value increase in the Trust assets and allows for the payment of more talc claims on a faster timeline, including in connection with the $1.1 billion individual review fund;

(c) Further limitations on the ability of the Debtor and Johnson & Johnson to withdraw the Plan that are principally tied to the UST's appeal of an order confirming the Plan;

(d) Less conditionality associated with the funding of a settlement outside of chapter 11 in the event of the confirmation order being overturned on appeal; and

(e) A continued mutual effort to determine an appropriate resolution to third party insurer and governmental liens.

8. These and the other enhancements contained in the Revised MOU materially expedite recoveries for talc injury victims and their estates, resolve significant concerns regarding trust administration, and help to ensure finality to the very long road to justice for tens of thousands of talc claimants.

9. To be clear, the Plan and Plan Exhibits need to be amended to reflect the changes in the Revised MOU and the TCC needs to negotiate and approve of those documents. There are also still agreements that the parties will attempt to reach in connection with third party liens and on other plan and non-plan issues and the TCC continues to remain hopeful that a global resolution can be reached with the Coalition. Nevertheless, the import of the agreement embedded in the Revised MOU cannot be understated. The agreement in principle between the TCC, the Debtor and Johnson & Johnson represents a watershed moment in this Case and is further evidence of

why the historic $10 billion settlement of the talc liability for ovarian and other gynaecological cancer claimants that is at the core of the Plan should be approved.

10. In furtherance of the agreement reached between the parties, the TCC expects to file pleadings objecting to the relief sought in the Opposition Motions and to support confirmation of the forthcoming amended Plan.

Dated: November 21, 2024
Houston, Texas

Respectfully submitted

*/s/ Sander L. Esserman*
**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, PC**
Sander L. Esserman (TX Bar No. 06671500)
Peter C. D'Apice (TX Bar No.05377783)
2323 Bryan Street, Ste. 2200
Dallas, TX 75201-2689
Telephone: (214) 969-4900
Facsimile: (214) 969-4999
Email:  esserman@sbep-law.com
          dapice@sbep-law.com

-and-

**PAUL HASTINGS LLP**
Schlea M. Thomas (TX Bar No. 24131710)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone:  (713) 860-7300
Facsimile:  (713) 353-3100
Email:  schleathomas@paulhastings.com

-and-

Kristopher M. Hansen (admitted *pro hac vice*)
Kenneth Pasquale (admitted *pro hac vice*)
Ryan Montefusco (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
Facsimile:  (212) 319-4090
Email:  krishansen@paulhastings.com
          kenpasquale@paulhastings.com
          ryanmontefusco@paulhastings.com

-and-

**BROWN RUDNICK LLP**
David J. Molton (admitted *pro hac vice*)
Jeffrey L. Jonas  (admitted *pro hac vice*)
Eric R. Goodman  (admitted *pro hac vice*)
Gerard T. Cicero (admitted *pro hac vice*)
Susan Sieger-Grimm  (admitted *pro hac vice*)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email:  dmolton@brownrudnick.com
          jjonas@brownrudnick.com

egoodman@brownrudnick.com
gcicero@brownrudnick.com
ssieger-grimm@brownrudnick.com

-and-

**MCKOOL SMITH**
Lewis T. LeClair
Gary Cruciani
300 Crescent Court
Suite 1200
Dallas, TX  75201
Telephone: (214) 978-4000
Email:  lleclair@mckoolsmith.com
gcruciani@mckoolsmith.com

-and-

**SUSMAN GODFREY, LLP**
Vineet Bhatia
1000 Louisiana
Suite 5100
Houston, TX  77002-5096
Telephone: (214) 978-4000
Email:  vbhatia@susmangodfrey.com


*Proposed Co-Counsel to the Official Committee of Talc Claimants*

**Certificate of Service**

I certify that on November 21, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                         */s/ Sander L. Esserman*
                                             Sander L. Esserman