UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>RED RIVER TALC LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-90505 (CML) |

**DEBTOR'S NOTICE OF OPPOSITION TO PROSPECTIVE RETENTION
OF COUNSEL BY THE OFFICIAL COMMITTEE OF TALC CLAIMANTS**

The above-captioned debtor (the "Debtor") files this *Notice of Opposition to Prospective Retention of Counsel by the Official Committee of Talc Claimants* (the "Committee") to express its concerns regarding the Committee's apparent decision to retain five separate law firms to represent it, including Brown Rudnick LLP ("Brown Rudnick"), which until recently acted as lead counsel for the Coalition of Counsel for Justice for Talc Claimants (the "Coalition"), including spearheading its wide-ranging efforts to defeat the amended plan. Although the Committee has not yet applied to retain counsel, the Debtor believes it is appropriate to put all parties—including Brown Rudnick and the Committee's prospective special counsel—on notice that it will be objecting both to the number of firms the Committee has apparently determined to retain and any application to retain Brown Rudnick, which, on behalf of the Coalition, has consistently taken positions in this case—and in other cases, including the Barretts Minerals case[2] pending in this district— that are diametrically opposed to the Committee's strong support for the amended plan.

---

[1]  The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2]  See In re BMI Oldco Inc., No. 23-90794 (MI) (Bankr. S.D. Tex.) ("Barretts Minerals").

NAI-1541943210

**Notice of Opposition**

1. On November 21, 2024, the Committee filed the *Statement of the Official Committee of Talc Claimants in Support of the Debtor's Chapter 11 Cases, Forthcoming Amended Plan and Plan Process* [Dkt. 613] (the "Statement"), in which the Committee expressed its strong support for the Debtor's amended plan. The signature block at the end of the Statement lists five law firms as counsel to the Committee: Stutzman, Bromberg, Esserman & Plifka, PC; Paul Hastings LLP; Brown Rudnick; McKool Smith; and Susman Godfrey, LLP. See Statement at 3 n.2, 6-7.

2. The Committee previews in the Statement that it "expects to file pleadings objecting to the relief sought in the Opposition Motions and to support confirmation of the forthcoming amended Plan." Statement ¶ 10. The "Opposition Motions" include the following pleadings **that Brown Rudnick drafted and in support of which Brown Rudnick extensively argued at hearings before this Court** for the Coalition:

- Motion to dismiss the chapter 11 case [Dkt. 44] (the "Motion to Dismiss");

- Objection to the adequacy of the Debtor's disclosure statement and the solicitation and tabulation of votes on the plan [Dkt. 268] (the "Solicitation Objection");

- Motion to designate votes on the plan [Dkt. 265];

- Motion to reinstate the votes improperly modified by the Smith Law Firm PLLC [Dkt. 266];

- Motion establishing a bar date for talc personal injury claims [Dkt. 264]; and

- Motion authorizing estimation of current talc claims for voting purposes [Dkt. 267].[3]

Because the Committee has not yet filed an application seeking to retain Brown Rudnick, it is unclear when Brown Rudnick ceased representing the Coalition and began representing the Committee.

3. As an initial matter, the Debtor strenuously disputes that the Committee needs to retain five separate law firms in this chapter 11 case. That level of representation is patently excessive.[4] Given that this is a prepackaged case and the Committee already has determined to support the Debtor's amended plan, the Debtor submits that the Committee would be well-represented by Paul Hastings LLP.[5]

4. The Debtor's primary concern, however, is with the Committee's prospective retention of Brown Rudnick, which until recently served as lead counsel to the Coalition.[6] On behalf of the Coalition, Brown Rudnick authored, signed and extensively argued in support of all the motions the Committee has now vowed to oppose. As a result, Brown Rudnick would literally be advocating for the Committee against Brown Rudnick's own motions. In addition, Brown Rudnick, through these motions, other pleadings and statements in this Court, has taken extreme positions against the Debtor's amended plan and the validity of this

---

[3] Brown Rudnick also drafted and argued in support of the Coalition's (a) motion to appoint a legal representative for future talc claimants ("FCR") [Dkt. 51] and (b) objection to the appointment of Randi S. Ellis as FCR [Dkt. 483]. That relief was denied, and Randi S. Ellis was appointed as FCR [Dkt. 529].

[4] In one recent deposition, nine lawyers appeared on behalf of the Committee. And it is worth noting that, in Barretts Minerals, only Brown Rudnick and one other firm represent the official committee of unsecured creditors.

[5] With respect to professionals retained by the FCR, the Court made clear that it expected "[o]ne law firm, one expert." See Nov. 12, 2024 Hr'g Tr. at 272:1-4 ("[A]nd I only want one law firm. I'm just telling you, I'm not saying that in the order, but I'm striking the 1103 stuff. One law firm, one expert. I view this as a very kind of limited engagement.").

[6] As recently as the November 25, 2024 deposition of Erik Haas, J&J's World Wide Head of Litigation, it appeared that at least one counsel and member of the Coalition was using or otherwise relying on Brown Rudnick work product to conduct an extensive examination of the witness.

-3-

chapter 11 case.  For example, Brown Rudnick has asserted for the Coalition that the Debtor's plan is "patently unconfirmable," and an "impossibility," and the vote in support of the plan was "a sham."[7]  It has further asserted for the Coalition that this chapter 11 case is "a fraudulent bankruptcy" with the sole goal of "evad[ing] liability" and the "epitome of corporate abuse of chapter 11 bankruptcy".[8]  A Brown Rudnick attorney even stated before this Court that *"[he] think[s]* something really bad happened in this case" and "***personally do[es]n't think*** that [resolution of talc claims] is the subject of an appropriate bankruptcy proceeding."  Oct. 21, 2024 Hr'g Tr. at 26:13-14 & 33:4-6 (emphasis added).[9]  Brown Rudnick cannot now plausibly walk back these unequivocal statements.  Yet Brown Rudnick will apparently be proposed as co-lead counsel to the Committee (Paul Hastings LLP is proposed as the other co-lead counsel) to assist the Committee in promoting the objectives of this bankruptcy case and achieving confirmation of the amended plan.  It is unclear how Brown Rudnick could abruptly change course like this, including because it has taken, and is currently taking, similar positions for claimant committees in opposition to other mass tort bankruptcy cases.[10]

---

[7]  See, e.g., Solicitation Obj. ¶¶ 23-24, 524.

[8]  See, e.g., Mot. to Dismiss ¶¶ 1, 6.

[9]  Brown Rudnick's own website includes the following quotes—made by the same attorney that previously led the Coalition in this chapter 11 case and now seeks to represent the Committee—in connection with the dismissal of LTL Management LLC's 2023 chapter 11 case:

> "This ruling sends a clear message:  multibillion-dollar, wholly solvent companies like J&J should not be allowed to use and in fact abuse bankruptcy laws to avoid accountability," said partner David Molton, who leads the Brown Rudnick team.  "We are reassured by the Bankruptcy Court's reaffirmation that it will not allow solvent corporations to abuse the system and impose coercive, low-value and cram-down solutions on nonconsenting claimants. Justice should and now will triumph over corporate greed and legal chicanery."

Brown Rudnick Firm News, *Brown Rudnick Helps Talc Claimants Committee Win Dismissal of J&J's Second Bankruptcy Case* (Aug. 1, 2023), available at https://brownrudnick.com/news_post/brown-rudnick-helps-talc-claimants-committee-win-dismissal-of-jjs-second-bankruptcy-case/.

[10]  See, e.g., *Motion of the Official Committee of Unsecured Creditors to Dismiss the Chapter 11 Cases Pursuant to 11 U.S.C. § 1112(b) or, in the Alternative, to Terminate the Debtors' Exclusive Period Pursuant to 11 U.S.C. § 1121(d)(1)*, In re BMI Oldco Inc., No. 23-90794 (MI) (Bankr. S.D. Tex. June 25,

-5-

5. Given Brown Rudnick's sudden switching of sides, the Debtor has serious concerns as to whether Brown Rudnick is disinterested, whether its engagement by the Committee would comply with Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct and whether it could reliably assist the Committee in carrying out its fiduciary duties to claimants and the estate. The Debtor will formally object to the Committee's proposed retention of Brown Rudnick at the appropriate time following the filing of the retention application.

*[Remainder of page intentionally left blank.]*

---

2024) [Dkt. 994] at ¶¶ 8-9 (Brown Rudnick as committee counsel argues that Debtors should not be able to "use bankruptcy to create undue delay and deprive victims and their families of their rights through strategic delay and weaponization of the bankruptcy process.").

| | |
|---|---|
| Dated: November 26, 2024<br>Houston, Texas | Respectfully submitted,<br><br>*/s/ John F. Higgins*<br>John F. Higgins (TX 09597500)<br>M. Shane Johnson (TX 24083263)<br>Megan Young-John (TX 24088700)<br>James A. Keefe (TX 24122842)<br>PORTER HEDGES LLP<br>1000 Main Street, 36th Floor<br>Houston, Texas 77002<br>Telephone: (713) 226-6000<br>Facsimile: (713) 228-1331<br>jhiggins@porterhedges.com<br>sjohnson@porterhedges.com<br>myoung-john@porterhedges.com<br>jkeefe@porterhedges.com<br><br>Gregory M. Gordon (TX 08435300)<br>Dan B. Prieto (TX 24048744)<br>Brad B. Erens (IL 06206864)<br>Amanda Rush (TX 24079422)<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone: (214) 220-3939<br>Facsimile: (214) 969-5100<br>gmgordon@jonesday.com<br>dbprieto@jonesday.com<br>bberens@jonesday.com<br>asrush@jonesday.com<br><br>PROPOSED ATTORNEYS FOR DEBTOR |

NAI-1541943210

-7-

## Certificate of Service

        I certify that on November 26, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtor's claims, noticing, and solicitation agent.

                                                  */s/ John F. Higgins*
                                                  John F. Higgins

NAI-1541943210