UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> RED RIVER TALC LLC,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 24-90505 (CML) |

### DECLARATION OF RONIT J. BERKOVICH
### ON BEHALF OF WEIL, GOTSHAL & MANGES LLP

The undersigned hereby declares, under penalty of perjury, as follows:

1. I am a partner of the firm of Weil, Gotshal & Manges LLP (the "Firm"), an international law firm with a principal office at 767 Fifth Avenue, New York, New York 10153; regional offices in Washington, D.C.; Houston and Dallas, Texas; Miami, Florida; Boston, Massachusetts; and Los Angeles, San Francisco, and Redwood Shores, California; and foreign offices in London, United Kingdom; Brussels, Belgium; Frankfurt and Munich, Germany; Paris, France; and Hong Kong.

2. This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the Southern District of Texas authorizing Red River Talc LLC (the "Debtor") to retain certain professionals in the ordinary course of business during the pendency of the Debtor's chapter 11 case [Dkt. 519] (the "Order"). On September 20, 2024 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case. The Debtor has requested that the Firm provide professional services (or continue to provide such services)

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

to the Debtor, and the Firm has agreed to provide such services, following the Petition Date. Accordingly, the Firm is submitting this Declaration pursuant to the Order.

3. The Firm, through me, and other members, partners, associates or employees of the Firm, has provided, or plans to provide, the following services to the Debtor from and after the Petition Date:

   a. representing the Debtor in the *In re Imerys Talc America, Inc.*, Case No. 19-10289 (LSS) (Bankr. D. Del.) (the "Imerys Cases") and *In re Cyprus Mines Corp.*, Case No. 21-10398 (LSS) (Bankr. D. Del.) (the "Cyprus Case") chapter 11 cases[2] and providing advice to the Debtor related to both the Imerys Cases and the Cyprus Case, including but not limited to, finalizing and obtaining approval of the global settlement with the Imerys and Cyprus debtors and other claimant fiduciaries in those cases that resolves various disputes among the parties including, among other things, disputed indemnification rights and ensuring the Debtor's interests are protected in connection with the chapter 11 plans in those cases;

   b. monitoring the Imerys Cases and Cyprus Case for matters that potentially impact the Debtor, and taking positions on matters that may impact the Debtor; and

   c. providing such other specific services as may be requested by the Debtor from time to time relating to the Imerys Cases and the Cyprus Case.

4. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to this chapter 11 case, for persons that are parties-in-interest in the Debtor's chapter 11 case. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtor, or other parties-in-interest in this chapter 11 case. The Firm does not perform services for any such person in connection with this chapter 11 case. In addition, the Firm does not have any relationship with any such person, such

---

[2] Weil jointly represents the Debtor, Johnson & Johnson and Pecos River Talc LLC in the Imerys Cases and Cyprus Case. Weil will allocate 1/3 of its fees and expenses incurred in such joint representation to the Debtor and 2/3 to Johnson & Johnson and Pecos River Talc LLC. In matters in which Weil represents solely the Debtor, Johnson & Johnson or Pecos River Talc LLC, Weil will allocate 100% of the fees and expenses to the entity represented.

person's attorneys, or such person's accountants that would be adverse to the Debtor or its estate with respect to the matters on which the Firm is to be retained. As set forth herein, the Firm jointly represents non-Debtor affiliate Pecos River Talc LLC as well as the Debtor's non-debtor ultimate parent, Johnson & Johnson, in the Imerys Cases and Cyprus Case.

5. To the best of my knowledge, information and belief, formed after due inquiry, the Firm does not represent or hold an interest adverse to the Debtor or its estate with respect to the matter(s) on which the Firm is to be retained and employed.

6. The Firm believes that it is owed approximately $240,265 for the Debtor's share of fees and expenses for services rendered prior to the Petition Date in connection with the Firm's joint employment by the Debtor, Johnson & Johnson and Pecos River Talc LLC. The Firm is seeking payment for all outstanding prepetition fees and expenses owed under the joint representation, including amounts owed by the Debtor, from Johnson & Johnson.

7. The Firm further states that it has not shared, has not agreed to share nor will agree to share, any compensation received in connection with this chapter 11 case with any party or person, although such compensation may be shared with any member or partner of, or any person employed by, the Firm.

8. As of the Petition Date, the Firm was not party to an agreement for indemnification with the Debtor.

9. If, at any time during its employment by the Debtor, the Firm discovers any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

-4-

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: December 4, 2024
      New York, NY

Respectfully Submitted,

/s/ *Ronit J. Berkovich*
Ronit J. Berkovich
Partner
Weil, Gotshal & Manges LLP