# JONES DAY

2727 NORTH HARWOOD STREET • DALLAS, TEXAS 75201.1515

TELEPHONE: +1.214.220.3939 • JONESDAY.COM

Direct Number: +1.214.969.3759
gmgordon@jonesday.com

December 9, 2024

**VIA CM/ECF**

Honorable Christopher M. Lopez
U.S. Bankruptcy Judge
U.S. Bankruptcy Court for the Southern District of Texas
515 Rusk
Houston, TX 77002

Dear Judge Lopez:

  Red River Talc LLC, the debtor in the above-captioned case (the "Debtor"), respectfully submits this letter in reply to the Notice and Letter (Dkt. 711) submitted on December 6, 2024, by the Coalition of Counsel for Justice for Talc Claimants (the "Coalition"), which was in response to the *Debtor's Emergency Motion to Compel Beasley Allen to Produce Solicitation Documents in Unredacted Form* (Dkts. 707, 709) (the "Emergency Motion"). The Debtor also writes to identify certain inadequacies in the Coalition firms' productions to date. The Debtor has filed this letter on the docket concurrently with sending it to the Court via e-mail.

  Initially, the Coalition's letter fails to provide any substantive rejoinder to the Debtor's motion to compel Beasley Allen to produce unredacted solicitation materials, which go squarely to whether it adequately "**informed**" the claimants whose votes it cast of the associated risks and considerations in providing their consent. The Coalition instead suggests that Beasley Allen has been "subject to continued harassment and ad hominem attacks by the Debtor." That is false. Beasley Allen injected itself into a central role in this matter by electing to lead a handful of firms to oppose the will of the supermajority of claimants who are in favor of a prompt confirmation of the Debtor's proposed bankruptcy plan. Beasley Allen has since inundated this Court will motion practice in an effort to derail the scheduled January 27, 2025 confirmation hearing. At the same time, Beasley Allen has refused to voluntarily produce documentation going squarely to the validity and viability of the votes it cast against the proposed plan. Further, the recent deposition of its lead partner Andy Birchfield affirmed that the disclosures withheld must be produced if it seeks to proceed with its assertions. The Debtor's demands for those materials is not harassment, but rather appropriate procedure, and Beasley Allen cannot escape complying with the obligations that it invited by acting as the leading opponent to confirmation.

  Additionally, Beasley Allen has not meaningfully complied with this Court's orders to produce communications that show the purported affirmative "**consent**" that Beasley Allen asserts ███████████████████████████. Nor has Beasley Allen produced any of the so-ordered disclosures required to enable the Debtor to determine how many and which of the claimants Beasley Allen voted in the Imerys bankruptcy also were voted in its master ballot it submitted in this case. The Debtor raises this issue, further detailed below, for discussion at

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Honorable Christopher M. Lopez
December 9, 2024
Page 2

tomorrow's status conference, as it is a pattern and practice that is impairing the Debtor's ability to prepare its case.

1. **Productions to Date Are Inadequate**

On November 30, the Debtor sent the Coalition a letter (attached hereto as Exhibit A) identifying nine categories of information that it believes the Court has ordered Coalition members, including Beasley Allen, to produce. Given the accelerated discovery and hearing schedule entered in this case, the Debtor asked that the Coalition respond to the letter by Tuesday, December 3, to confirm that the production of those materials was underway and to provide an anticipated timeline of production. The Coalition did not respond to the Debtor's letter. After further prompting, the Coalition advised the Debtor on December 4 that it believed that the Debtor's letter of November 26 "does not comport with the Court's rulings" and that "Coalition members will be abiding by the guidance from the Court, not the demands of your letter." December 4, 2024 Email from A. Silverstein to K. Fournier (attached hereto as Exhibit B). At this point, other than the simultaneous demands made by the Coalition on other members of the plaintiffs' bar, the Debtor does not have a clear view of what the Coalition members are—and are not—producing in response to the Court's rulings.[1]

Beasley Allen has made two productions since the Coalition submitted its December 6 letter.[2] The first, served on Friday evening, consisted of seven talcum powder litigation update emails and one text from Beasley Allen. The recipients of these communications were redacted. In fact, the documents were almost entirely redacted, to the point that across the 21 pages of documents produced, a grand total of 15 sentences of unredacted text were provided.[3] On Sunday, December 8, Beasley Allen made a further production that included ███████████████████████████████████████████████████

As reflected on the chart attached hereto as Exhibit D, Beasley Allen (but not the other Coalition members) has, at best, produced information responsive to <u>two</u> of the nine categories identified in the Debtor's November 26 letter: Item 1 of that letter (representative retention agreements) and perhaps item 5 (solicitation materials reflecting counsel's instructions to claimants on how and when to vote and the consequences of failing to respond and affirmatively

---

[1] The question of what will be produced by whom and when is particularly opaque when one considers the Coalition's proposal that only firms that voted more than 1,000 claims should adhere to the Court's directive. The Debtor will not agree to such a limitation, and believes that those firms who are in receipt of relevant and outstanding discovery requests should produce the material ordered.

[2] While the documents were served by counsel to the Coalition, it appears that they have all been sourced from one firm, Beasley Allen.

[3] The Debtor has attached hereto as Exhibit C, copies of the eight documents for the Court's review.

JONES DAY

Honorable Christopher M. Lopez
December 9, 2024
Page 3

indicate how the claimant would like counsel to vote, although given the redacted nature of the production, this is not entirely clear).

Among other items, none of the Coalition firms have yet to produce materials responsive to item 7: for any claimant who was voted by Option A and affirmatively responded, a copy of relevant portions of ProLaw or some other source indicating the details of the response. The delay in the production of this material is remarkable given that the Court indicated <u>almost a month ago</u> that such materials would need to be produced. *See* 11/12 Hr'g Tr. at 109:23-110:10; *also id.* at 72:19-73:14, 74:1-4, 79:2-13, 84:1-5, 84:17-25, 99:21-100:4, 108:2-13.[4] Instead, as noted, Beasley Allen simply produced ███████████████████████████████████ ███████████████████ without providing any information sufficient for the Debtor to evaluate the firm's assertions. Mr. Birchfield testified ████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ *See* Nov. 21, 2024 Birchfield Dep. Tr. at 24:7-19, 81:25-83:10, 112:22-114:21, 141:24-142:9 (attached as Exhibit B to Dkt. 709). That material must be produced in compliance with the Court's rulings. Moreover, the Debtor requests that Beasley Allen include information in the "Client ID" ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████

Other categories of documents that none of the Coalition firms have produced to date include categories of information covered by the Court's rulings:

- <u>Item 2</u>: Claimant-executed retention agreements for any claimant where it is disputed whether the firm(s) that voted the claimant had the authority to do so (11/26 Hr'g Tr. at 24:1-7)[5];

- <u>Item 3</u>: Information sufficient to match claimants whom a firm voted in the Imerys bankruptcy and this case (*i.e.*, a "cross-walk") (11/26 Hr'g Tr. at 24:23-25);

- <u>Item 4</u>: For any deceased claimant, documents showing how the firm purports to now represent the deceased claimant and the putative representative's interest (11/26 Hr'g Tr. at 33:4-8);

- <u>Item 8</u>: For any claimant voted by each Coalition firm, data showing when the firm was retained, any date of withdrawal, and any date of dismissal of the case on the claimant's behalf (11/12 Hr'g Tr. at 109:21-110:10; 11/26 Hr'g Tr. at 21:10-17); and

- <u>Item 9</u>: For any claimant represented by Beasley Allen, a listing of those claimants who have a "fear of cancer" or "medical monitoring" claims, together

---

[4] Excerpts of the November 12, 2024 hearing transcript are attached hereto as <u>Exhibit E</u>.

[5] Excerpts of the November 26, 2024 hearing transcript are attached hereto as <u>Exhibit F</u>.

JONES DAY

Honorable Christopher M. Lopez
December 9, 2024
Page 4

with identifying information (full name, last four digits of SSN, and date of birth).

The Debtor respectfully requests that the Court order the Coalition firms to produce the aforementioned information by the end of this week, December 12, 2024.

2. **Beasley Allen's Heavily-Redacted Production of Solicitation Materials Further Supports the Debtor's Motion to Compel.**

The Debtor further submits that Beasley Allen's heavily-redacted production of the communications produced on December 6 supports the Emergency Motion.[6] A central issue in this case is whether Beasley Allen received "informed consent" from its clients prior to submitting their votes against the Plan on the Beasley Allen Master Ballot. As this Court noted at the hearing on November 12, 2024, "I want to see the informed consent." (11/12 Hr'g Tr. at 69:6-7). Nothing contained in the productions made on December 6 or December 8 do anything to demonstrate that Beasley Allen obtained that informed consent.

By redacting everything but a handful of lines across the production, the Debtor is provided with no information demonstrating (1) what facts were—or were not—communicated to the firm's clients, which the Debtor believes are critical for evaluating whether claimants made an "informed" decision on the Plan; or (2) that the clients then provided the firm authority to proceed with a "no" or "yes" vote (*i.e.,* in fact consented). *See* Dkt. 707 at 3, 8-9, 14-16. It is therefore impossible for either the Debtor—or the Court—to assess whether the votes submitted by these clients were properly certified on the basis of "informed consent."

3. **The Coalition's Attempt to Restrict Access to Beasley Allen's Production is Baseless.**

The Coalition has labeled both of Beasley Allen's productions "Professional Eyes Only," insisting that "in-house attorneys, counsel of record, and resolution counsel for Johnson & Johnson, including Messrs. Haas and Murdica, are not included in the category of professionals designated as professionals that are authorized to review documents produced as Professional Eyes' Only by Beasley Allen today." Beasley Allen's unilaterally imposed restrictions are both spurious and unwarranted.

But even if the documents warranted such a designation, there is still no basis to withhold the materials from Johnson & Johnson's in-house attorneys, counsel of record, and resolution

---

[6] The Debtor disputes the Coalition's suggestion that the Debtor was precluded from seeking unredacted versions of solicitation materials. As noted in the Emergency Motion, the Court stated that the Debtor and other parties could "come back" to seek broader production of solicitation materials. *See* 11/26 Hr'g Tr. at 36:13-24. That is what the Debtor has done.

JONES DAY

Honorable Christopher M. Lopez
December 9, 2024
Page 5

counsel, and in particular Mr. Haas or Mr. Murdica.  Mr. Haas has filed an appearance in this case (and been admitted *pro hac vice*) as counsel for Johnson & Johnson and Johnson & Johnson Holdco (NA) Inc.  *See* Dkt 180.  He is the attorney who took Mr. Birchfield's deposition in this case, and has been intimately involved with the litigation from its inception.  Mr. Murdica, a partner with Barnes and Thornburg, also has filed an appearance in this case (and been admitted *pro hac vice*) as counsel for Johnson & Johnson and Johnson & Johnson Holdco (NA) Inc.  *See* Dkt. 178.  These attorneys have a need, in advising their clients, to have access to these documents.

There is absolutely no basis to exclude these lawyers, or any of the other categories of J&J lawyers in Beasley Allen's unilaterally concocted confidentiality restrictions, from reviewing the documents produced by Beasley Allen as Professional Eyes Only.

The Debtor thanks the Court for its attention to the matters raised in this letter.

Very truly yours,

*/s/ Gregory M. Gordon*
Gregory M. Gordon

cc: Counsel of Record