UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>RED RIVER TALC LLC,[1]<br><br>    Debtor. | Chapter 11<br><br>Case No. 24-90505 (CML) |

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER
AUTHORIZING THE FILING UNDER SEAL OF
CERTAIN EXHIBIT TO DEBTOR'S NOTICE REGARDING
(I) ITS EMERGENCY MOTION TO COMPEL BEASLEY ALLEN TO
PRODUCE SOLICITATION DOCUMENTS IN UNREDACTED
FORM AND (II) THE STATUS OF COALITION FIRM PRODUCTIONS**

(Related to Docket Nos. 707, 728)

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Red River Talc LLC, the above-captioned debtor (the "Debtor"), respectfully states as follows in support of this motion (the "Motion"):

**RELIEF REQUESTED**

1. The Debtor seeks entry of an order substantially in the form submitted herewith (the "Proposed Order") authorizing the Debtor to file under seal (a) an exhibit identified below (collectively, the "Confidential Documents") to the *Debtor's Notice Regarding (I) Its Emergency Motion to Compel Beasley Allen to Produce Solicitation Documents in Unredacted*

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1542151046

*Form and (II) the Status of Coalition Firm Productions* [Dkt. 728] (the "Notice"); and (b) the same Confidential Documents as they may be filed in connection with any witness and exhibit lists filed in this case.  The Debtor will provide unredacted copies of the Notice to the Official Committee of Talc Claimants appointed in this Chapter 11 Case (the "TCC") and the CMO Parties, as defined in the *Agreed Case Management Order* [Dkt. 352] (the "Case Management Order"), who have access to the Confidential Information, and other parties as may be further required by this Court.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The Debtor is authorized to continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of title 11 of the Bankruptcy Code.

3.  The Debtor confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.  The statutory bases for the relief requested herein are sections 105(a) and 107 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9037-1 of Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules") and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas.

**BACKGROUND**

5. On September 20, 2024 (the "Petition Date"), the Debtor commenced the above-captioned reorganization case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. The Debtor, a Texas limited liability company, is a defendant in thousands of lawsuits asserting personal injuries allegedly caused by exposure to talc-containing products. The Debtor commenced the Chapter 11 Case to equitably and permanently resolve all current and future ovarian cancer and other gynecological cancer talc-related claims against it through the consummation of the *Second Amended Prepackaged Chapter 11 Plan of Reorganization of the Debtor* [Dkt. 722] (the "Second Amended Plan"),[1] that includes the establishment of a trust in accordance with section 524(g) of the Bankruptcy Code.

7. Comprehensive descriptions of the Debtor, its history, its assets and liabilities and the events leading to the commencement of this Chapter 11 Case can be found in the *Disclosure Statement for Prepackaged Chapter 11 Plan of Reorganization of the Debtor* [Dkt. 25-2], which was filed on the Petition Date, and in the *Declaration of John K. Kim in Support of Chapter 11 Case and Certain First Day Pleadings* [Dkt. 17], which is incorporated herein.

8. Since the Petition Date, the Debtor has been participating in discovery with various parties pursuant to the Case Management Order. Seeking certain information from the Beasley Allen law firm, the Debtor previously submitted its *Emergency Motion to Compel the Coalition Law Firms to Produce Documents in Response to Debtor's Request for Production*

---

[1] The Second Amended Plan amended the *Prepackaged Chapter 11 Plan of Reorganization of the Debtor* [Dkt. 25-1] (the "Initial Plan") and the *Amended Prepackaged Chapter 11 Plan of Reorganization of the Debtor* [Dkt. 24].

NAI-1542151046

*Regarding the Firm's Authority to Cast Votes* [Dkt. 368] and its <u>Emergency</u> *Motion to Compel Beasley Allen and the Coalition of Counsel for Justice for Talc Claimants to Respond to Debtor's First Set of Requests for Production of Documents* [Dkt. 445] (collectively, the "<u>Motions to Compel</u>"), which were partially granted by this Court in its *Order Partially Granting Debtor's Emergency Motions to Compel* [Dkt. 511] (the "<u>Order</u>") and further subject of oral rulings of this Court at the hearing on November 26, 2024. The Notice is now being filed to respond to the Notice filed by the Coalition on December 6, 2024 [Dkt. 711] and to otherwise update the Court on the status of the Coalition firm productions to date.

9. The Confidential Documents comprise documents produced that Coalition has designated as Professional Eyes' Only.

**BASIS FOR RELIEF**

10. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). This section provides in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1); <u>see also</u> <u>In re Gen. Homes Corp.</u>, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter."). Although section 107(b) of the Bankruptcy Code is an exception to the

general rule, its application in a bankruptcy proceeding is appropriate.  See In re 50-Off Stores, Inc., 213 B.R. 646, 654 (Bankr. W.D. Tex. 1997) ("[T]he very existence of the exception demonstrates Congress' anticipation that the administration of bankruptcy cases might, by their very nature, require special intervention to protect some kinds of information from dissemination to the world.").

11. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code.  Specifically, Bankruptcy Rule 9018 provides, in relevant part, that on motion "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  FED. R. BANKR. P. 9018.  Additionally, Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

12. In accordance with these provisions, and in light of the CMO Parties' existing agreement, the Debtor seeks to (a) file the Notice under seal and (b) file a redacted publicly available version of the Notice.  The Debtor, therefore, respectfully requests that the Court enter an order authorizing the redaction of the Confidential Documents and the filing under seal of the unredacted Notice.  The Debtor will provide unredacted copies to certain parties, including, for the avoidance of doubt, this Court, the TCC and the CMO Parties.  Thus, the parties with the greatest interest in the subject matter at hand will have the ability to review the Confidential Documents in unredacted form and to respond accordingly.  The Debtor therefore submits that good cause exists to authorize the Debtor to redact and file the

Confidential Documents under seal because of the harm that would ensue if the Confidential Documents became public.

## NOTICE

13. Notice of this Motion has been provided to: (a) counsel to Beasley Allen (b) counsel to the Coalition; (c) proposed counsel to the TCC; (d) pro se claimants as identified in the Initial Plan solicitation process; (e) the United States Trustee for the Southern District of Texas; (f) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (g) the legal representative for future talc claimants and her proposed counsel; (h) counsel to the Ad Hoc Committee of Supporting Counsel; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

WHEREFORE, the Debtor respectfully requests that the Court: (i) enter an order, substantially in the form submitted herewith, granting the relief requested herein; and (ii) grant such other and further relief to the Debtor as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated:  December 9, 2024<br>Houston, Texas | Respectfully submitted,<br><br>*/s/ John F. Higgins*<br>John F. Higgins (TX 09597500)<br>M. Shane Johnson (TX 24083263)<br>Megan Young-John (TX 24088700)<br>James A. Keefe (TX 24122842)<br>PORTER HEDGES LLP<br>1000 Main Street, 36th Floor<br>Houston, Texas 77002<br>Telephone: (713) 226-6000<br>Facsimile:  (713) 228-1331<br>jhiggins@porterhedges.com<br>sjohnson@porterhedges.com<br>myoung-john@porterhedges.com<br>jkeefe@porterhedges.com<br><br>Gregory M. Gordon (TX 08435300)<br>Dan B. Prieto (TX 24048744)<br>Brad B. Erens (IL 06206864)<br>Amanda Rush (TX 24079422)<br>JONES DAY<br>2727 N. Harwood Street<br>Dallas, Texas 75201<br>Telephone:  (214) 220-3939<br>Facsimile:   (214) 969-5100<br>gmgordon@jonesday.com<br>dbprieto@jonesday.com<br>bberens@jonesday.com<br>asrush@jonesday.com<br><br>PROPOSED ATTORNEYS FOR DEBTOR |

**Certificate of Service**

　　I certify that on December 9, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtor's claims, noticing and solicitation agent.

　　　　　　　　　　　　　　　　　　　　　　*/s/ John F. Higgins*
　　　　　　　　　　　　　　　　　　　　　　John F. Higgins