IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RED RIVER TALC, LLC,[1] | ) Case No. 24-90505 (CML) |
| Debtor. | ) |
| | ) Related: Dkt. Nos. 568, 657 |

**SUPPLEMENTAL <u>EMERGENCY</u> MOTION OF THE COALITION OF COUNSEL FOR JUSTICE FOR TALC CLAIMANTS TO COMPEL THE PRODUCTION OF <u>DOCUMENTS FROM ALLEN SMITH, JR. AND THE SMITH LAW FIRM</u>**

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 3:00 P.M. (PREVAILING CENTRAL TIME) ON DECEMBER 17, 2024.**

**IF YOU OBJECT TO THE RELEIF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATOIN IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, VIRTUALLY OR IN PERSON AS PERMITTED BY THE COURT, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUSTED IN THE PRECEEDING PARAGRAPH, OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Pursuant to Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas, the Coalition of Counsel for Justice for Talc Claimants (the "<u>Coalition</u>") respectfully requests emergency consideration of this Supplemental Motion to Compel the Production of Documents from Allen Smith, Jr. and the Smith Law Firm (the "<u>Motion</u>"). As set forth in the Motion, the relief requested is essential to enabling the Coalition to meet briefing deadlines with respect to the pending motions concerning voting issues and the Debtor's amended plan of reorganization, which motions are currently scheduled to be heard at the end of January. The Court scheduled a hearing

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's mailing address is 501 George Street, New Brunswick, New Jersey 08993.

1

for December 17, 2024 to consider possible amendments to the current case management order and to resolve the myriad of discovery issues that have arisen in this case. The Coalition requests that this Motion be heard at the December 17, 2024 hearing.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's Chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The Coalition confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief sought herein are Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 7026, 7030, and 7037, Federal Rules of Civil Procedure ("Federal Rules") 26, 30, and 37, and Section 105(a) of the Bankruptcy Code.

## RELIEF REQUESTED

4. For all of the reasons set forth below, the Coalition respectfully requests entry of an order (i) compelling the production of certain documents from Allen Smith, Jr. and The Smith Law Firm that have not yet been produced pursuant to document requests propounded by the Coalition and (ii) granting such other and further relief as the Court may deem just and proper.

## BACKGROUND

5. Despite best efforts to resolve discovery issues with The Smith Law Firm, and in the face of weekly emergency motions by the Debtor seeking to make discovery a one-way street

going only the way of the Debtor and its supporters, the Coalition is compelled to supplement its pending motions to compel discovery from The Smith Law Firm ("Smith").

6. On November 18, 2024, the Coalition filed an *Emergency Motion to Compel Discovery from Allen Smith, Jr,, Anne Andrews, Mikal Watts, Adam Pulaski, Jim Onder, and Majed Nachawati* [Dkt. No. 568] (the "Initial Smith Motion"),[2] which, among other things, sought to compel Smith to produce documents sufficient to demonstrate that Smith had authority to cast a master ballot.[3]

7. Following the Coalition's November 21, 2024 deposition of Mr. Smith, at which his counsel sweepingly (and, in the Coalition's view, improperly) asserted common interest and mediation privileges, the Coalition filed an additional motion—*Emergency Motion to Compel Testimony and Documents from Allen Smith, Jr. and the Smith Law Firm*, dated November 25. 2024 [Dkt. No. 657] (the "Second Smith Motion" and together with the Initial Smith Motion, the "Prior Smith Motions"). The Second Smith Motion sought an order compelling Mr. Smith to sit for a further deposition and to require him to answer the Coalition's questions that he improperly was directed not to, or refused on his own, not to answer. The Second Smith Motion also sought an order compelling Smith to produce the same types of documents that the Beasley Allen law firm ("Beasley Allen"), with which Smith was a party to a joint venture agreement, was ordered to produce regarding its solicitation, recording, and voting of clients' votes and the basis for its votes. Smith has also failed to produce such documents.

8. To date, Smith has only produced the following categories of documents:

---

[2] The Coalition is filing a separate supplemental motion to compel the production of documents from members of the Ad Hoc Committee of Supporting Counsel.

[3] The Smith Requests and the Smith Responses are attached as Exhibits A and G, respectively, to the Initial Motion.

    a.  The Master Ballot for Counsel to Holders of Channeled Talc Personal Injury Claims.

    b.  The Memorandum of Understanding with Smith Law.

    c.  Communications sent by the Debtor and the Ad Hoc Committee of Supporting Counsel in connection with solicitation of the plan.

    d.  News articles.

    e.  The Declaration of Allen Smith.

    f.  Certain "Final Vote" Excel spreadsheets (subject to professionals eyes only treatment)

    g.  Certain redacted client communications concerning voting.

9.    Importantly, Smith has failed to produce any documents evidencing his authority to vote on the basis of a purported power of attorney, upon which he relied to "change" more than 11,000 votes previously cast by Beasley Allen. The Master Ballot submitted by Smith (the "<u>Smith Master Ballot</u>"), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Of those votes, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which, according to the Master Ballot instructions, is a certification by the signatory that the law firm was voting pursuant to a "power of attorney." ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10.    Yet, under the Court's rulings on November 26, 2024, the Court made clear that Smith, just like Beasley Allen (and all others who voted by Master Ballot), must substantiate their authorization and certification to cast votes by Master Ballot. In the case of Smith, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Smith should be, and has been ordered to be, put to his proof.

11.    Curiously, while the Debtor has attacked Beasley Allen's Master Ballot casting as "no" votes for over 11,000 clients (attacking Beasley Allen's authority to vote, and ability to vote

4

for those clients, in light of supposed statute of limitations and other infirmities), the Debtor has accepted all of the exact same client votes when Smith, pursuant to an MOU requiring him to "change" the votes, cast then as "yes" votes after the Voting Deadline. The Debtor, too, should be interested in Smith's authorization and certification to cast over 11,000 votes that the Debtor, when Beasley Allen cast them, is questioning. But the Debtor is not interested. Its parent company wants the third bankruptcy filing of its subsidiary du jour to work. That is all that matters to the Debtor.

12. Smith should be required to produce the same categories of documents, at the same pace, and with the same level of protections and redactions, as Beasley Allen has been directed to produce. It has not.

## ARGUMENT

13. Although the Beasley Allen's timely casting of over 11,000 votes by Master Ballot has come under constant attack, and the firm has been ordered to produce numerous categories of documents, including the basis for the votes it cast on behalf of its clients, the Court has consistently stated that it will hold *all* firms who vote by Master Ballot to the same level of scrutiny, requiring them to produce the same categories of documents.

14. The Coalition continues to seek the relief requested in the Prior Motions. The Coalition is filing this Motion to bring to the Court's attention particular documents that Smith has not produced, has not indicated it will promptly produce and that are key components of the proof that the Court will need to consider at the omnibus hearing when determining whether to approve the Debtor's solicitation, voting results and motion to confirm a plan. Smith must produce all documents that support the votes it cast in the Smith Master Ballot on the basis of a purported power of attorney.

5

15. If, as he indicated at his deposition, █████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████.

16. ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████.

17. ████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████.

18. It is time for the Debtor's double standard (irreconcilable with its fiduciary duty) to stop. The Debtor has repeatedly attacked Beasley Allen's master ballot and the votes it cast on behalf of its clients, while hypocritically overlooking any infirmities in the Smith Master Ballot

---

[4] ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████.

casting the same vote. Most notably, the Debtor has been content to close its eyes to the fact that ███████████████████████████████████████████████████████

19.  A discovering party is entitled to compel discovery of documents, answers, and testimony which "fall[] within the scope of discovery as provided by Rule 26," namely anything that is "relevant to any party's claim or defense and is proportional to the needs of the case." *In re Trevino*, 564 B.R. 890, 904-906 (Bankr. S.D. Tex. 2017) (quoting Fed. R. Civ. P. 26(b)(1)).  A party may move to compel the production of documents, to compel a response to requests for admission or interrogatories, or to compel disclosure at a deposition.  *Id*.

20.  The Coalition served Smith with requests for production on October 21, 2024 (which the Coalition attached to its prior motions to compel).  Despite numerous meet and confers and efforts to resolve disputes, Smith still has not produced critical documents responsive to the Coalition's requests.  The parties have been working on an expedited schedule, trying to complete fact discovery and begin to prepare for the upcoming hearings (whenever scheduled) on voting and the Debtor's plan.  The Coalition is entitled to the discovery it seeks.

## MEET AND CONFER/RESERVATION OF RIGHTS

21.  Counsel to the Coalition and Smith have met and conferred several times in an effort to resolve these disputes but were unable to reach a resolution.

22.  The Coalition reserves its right to file other motions to address discovery disputes that cannot be resolved with the Smith and/or other parties.

[*Remainder of Page Intentionally Blank*]

WHEREFORE, the Coalition respectfully requests that this Court enter an order, substantially in the form attached hereto, (i) compelling the production of documents from Smith and (ii) granting such other and further relief as the Court may deem just and proper.

Dated:  December 12, 2024

**LAWSON & MOSHENBERG PLLC**

 /s/ Nicholas R. Lawson
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
801 Travis Street
Suite 2101 #838
Houston, TX 77002
Telephone: 832-280-5670
Nick.Lawson@lmbusinesslaw.com
Avi.Moshenberg@lmbusinesslaw.com

-AND-

**OTTERBOURG P.C.**
Melanie L. Cyganowski (*pro hac vice*)
Adam C. Silverstein (*pro hac vice*)
Sunni P. Beville (*pro hac vice*)
David A. Castleman (*pro hac vice*)
230 Park Avenue
New York, New York 10169-0075
(212) 661-9100
mycganowski@otterbourg.com
asilverstein@otterbourg.com
sbeville@otterbourg.com
dcastleman@otterbourg.com

-AND-

**BAILEY & GLASSER LLP**
Brian A. Glasser (*pro hac vice* pending)
Thomas B. Bennett (*pro hac vice* pending)
David L. Selby II (*pro hac vice* pending)
Jonathan Gold (*pro hac vice* pending)
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007
Tel: (202) 463-2101
Fax: (202) 463-2103
bglasser@baileyglasser.com

tbennett@baileyglasser.com
dselby@baileyglasser.com
jgold@baileyglasser.com
cjoshi@baileyglasser.com

Katherine E Charonko
BAILEY & GLASSER LLP
209 Capitol Street
Charleston WV 25301
Tel: (304) 345-6555
Fax: (304) 342-1110
kcharonko@baileyglasser.com

Elizabeth L. Stryker
BAILEY & GLASSER LLP
94 Long Street
Suite 200
Westover WV 26501
Tel: (304) 594-0087
estryker@baileyglasser.com

*Co-Counsel for Coalition of Counsel for Justice for Talc Claimants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 12, 2024, a copy of the foregoing Motion to Compel was filed electronically. Notice of this filing will be sent to the Debtor and all parties receiving electronic notice under the Court's CM/ECF system.

                                                */s/ Nicholas R. Lawson*
                                                Nicholas R. Lawson

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RED RIVER TALC, LLC,[1] | ) ) ) | Case No. 24-90505 (CML) |
| Debtor. | ) ) ) |  |

**[PROPOSED] ORDER GRANTING THE <u>EMERGENCY</u> MOTION OF
THE COALITION OF COUNSEL FOR JUSTICE FOR TALC CLAIMANTS
TO COMPEL THE PRODUCTION OF DOCUMENTS FROM
<u>ALLEN SMITH, JR. AND THE SMITH LAW FIRM</u>**

Upon consideration of the Coalition of Counsel for Justice for Talc Claimants (the "<u>Coalition</u>") Emergency Motion to Compel the Production of Documents From Allen Smith, Jr. and the Smith Law Firm (the "<u>Motion</u>");[2] and upon consideration of the proceedings before the Court related to the Motion; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Motion is in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules of the Southern District of Texas, and orders and procedures of this Court; (v) proper and adequate notice of the Motion, the deadline to file any objections to the Motion, and any hearing thereon was given, and no other or further notice is necessary; (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's mailing address is 501 George Street, New Brunswick, New Jersey 08993.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

(vii) the relief sought in the Motion is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted in its entirety.

2. Smith shall produce documents to the Coalition in response to the Smith Requests.

3. If Smith believes that the documents responsive to the Smith Requests contain attorney-client communications, such documents may first be submitted to the Court for *in camera* review.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction to resolve all matters arising out of or related to the Motion or this Order.

SIGNED this __ day of _____, 2024.

_____
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE