UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| RED RIVER TALC LLC,[1] | Case No. 24-90505 (CML) |
| Debtors. | |

### AD HOC COMMITTEE OF SUPPORTING COUNSEL'S
### DISCOVERY STATUS REPORT

The Ad Hoc Committee of Supporting Counsel (the "AHC" or "AHC of Supporting Counsel"), by and through its counsel, Parkins & Rubio LLP ("PR"), hereby submits this discovery status report in connection with the Court's discovery rulings at the November 26, 2024 hearing and respectfully states as follows:

### BACKGROUND AND DISCOVERY PROCESS

1. On October 21, 2024, the Coalition of Counsel for Justice for Talc Claimants (the "Coalition") served a comprehensive request for production of documents on the AHC. This request targeted the data held by the 18-member firms of the AHC, including engagement letters, client voting records, power of attorney certifications, and communication logs related to plan voting and solicitation.

2. Also on October 21, 2024, the Coalition served five separate subpoenas each directed at the named partners of certain AHC member firms: Anne Andrews (Andrews & Thornton); Majed Nachawati (Nachawati Law Group); Jim Onder (OnderLaw); Adam Pulaski

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

(Pulaski Kherkher,) and Mikal Watts (Watts Guerra, October 2024). These subpoenas included document requests and deposition notices. Mr. Nachawati, Mr. Onder, Mr. Pulaski and Mr. Watts have all sat for their depositions. Ms. Andrews's deposition is scheduled for Monday, December 16, 2024.

3. On October 24, 2024, Paul Hastings LLP ("PH"), then co-counsel for the AHC, began a series of collection meetings with representatives from each of the AHC's member law firms. These meetings were designed to establish collection parameters that would allow each firm to efficiently identify, gather, and transfer a comprehensive dataset to PH. This dataset was reviewed by PH to produce responsive, non-privileged documents.[2] As discussed below, as a result of these efforts, the AHC produced numerous documents, many of which are responsive to the categories outlined by the Court at the November 26, 2024 hearing.

4. Following the November 26, 2024 hearing, the AHC through PR commenced another round of collection on the following categories of documents based on the rulings from the Court at the November 26, 2024 hearing:

a. **Engagement Letters:** Form engagement letters unless a specific dispute arises concerning a client's representation. For disputed votes, the engagement letter and any particular communication to the client evidencing authority. With respect to the form engagement letters, if a firm uses more than one form, each form used.

b. **Client Vote Documentation:** Documentation confirming each client's "yes" or "no" vote. A log recording client responses is sufficient unless a dispute arises. For disputes, include documentary evidence such as emails, text messages, or other communications evidencing how the vote was cast.

c. **Deceased Clients:** Documentation to establish how the law firm represents the interests of deceased claimants. This includes identifying next of kin or other

---

[2] The *Coalition's Emergency Motion to Compel Ad Hoc Committee of Supporting Counsel Members to Produce Documents* [Dkt. No. 757] ("Motion to Compel") fails to acknowledge that the last communication referenced in the Motion was the most recent discovery-related communication. In accordance with Charles Rubio's communication on December 9, 2024, the AHC commenced production as stated. There was no objection to the delivery timeframe, nor was there any subsequent communication from the Coalition indicating concerns with the production. The AHC has since made two additional productions and continues to collect and process documents for rolling production, consistent with the parties' prior discussions.

      representatives, engagement letters signed by them, and communications establishing their authority.

   d. **Communications on Plan Voting:** Representative samples of solicitation communications with clients. These include texts, emails, letters, and any other materials explaining voting logistics or requesting responses.

   e. **Power of Attorney Certifications:** For votes submitted under power of attorney, the authority supporting the certification. Representative samples of power of attorney documents with additional documents provided in cases of disputes concerning a specific vote.

   f. **Imerys Voting Documentation:** Documents identifying clients who voted in the Imerys proceedings and the specifics of their votes.

## SUMMARY OF DOCUMENT PRODUCTION[3]

### A. Summary of Andrews & Thornton Production

5. **Engagement Letters:** Andrews & Thornton produced its form engagement letter that includes a relevant power of attorney provision.

6. **Client Vote Documentation:** Andrews & Thornton provided extensive client vote documentation, including master ballots, e-ballot voting logs, manual voting logs, and specific documentation for disputed clients. Approximately 20+ documents were produced to confirm client votes and track the voting process. The production also includes signed declarations and ballots for the following seven disputed clients: Karen Spearman, Douglas Black, Robin Calhoun, Heather Fay, Debra Butler, Teresa McClure and Kianna Page. The documentation for these disputed clients clearly evidence their voting intent and the firm's authority to act on their behalf.

---

[3] The AHC reserves all rights with respect to the use, admissibility, and interpretation of any evidence referenced in or summarized in this Discovery Status Report. The summaries of documents and productions provided herein are for informational purposes only and should not be construed as admissions or any stipulations with respect to the substance, sufficiency, or scope of the documents produced. The AHC reserves the right to supplement or amend this report as additional information is collected, processed, and produced. Nothing in this Discovery Status Report waives or limits any rights of the AHC or its member firms.

7.      **Communications on Plan Voting:** Andrews & Thornton produced representative samples of communications sent to clients regarding Plan voting. These materials include emails, letters, and text messages that provided voting instructions, explained logistics, and outlined deadlines. Approximately 20+ documents were produced, reflecting consistent outreach and communication with clients throughout the voting process to ensure participation and address any questions or concerns. The documents also include evidence of the transmittal of the disclosure statement to the clients.[4]

8.      **Power of Attorney Certifications:** Andrews & Thornton produced documents supporting power of attorney certifications, primarily through relevant provisions included in the engagement letter.

B.  **Summary of Nachawati Law Firm Production**

9.      **Engagement Letters:** Nachawati Law Firm produced eight versions of its engagement letter in response to specific document requests made during Mr. Nachawati's deposition. These documents include relevant power of attorney provisions and establish the firm's authority to act on behalf of its clients.

10.     **Client Vote Documentation:** The firm provided comprehensive client vote documentation, including master ballots and spreadsheets tracking client votes.

11.     **Communications on Plan Voting:** Nachawati Law Firm produced representative samples of communications sent to clients regarding Plan voting. These materials include emails, spreadsheets of mass messages, and other documents explaining voting logistics, instructions, and

---

[4] The Court emphasized that the disclosure statement itself constitutes the informed consent necessary for clients to make voting decisions, stating during the December 10, 2024 hearing: "You see that the, you know, door that you're opening is just huge. You all sent a disclosure statement. That's the informed consent." December 10, 2024 Hearing Transcript at 22:7-9.

deadlines. The materials include evidence of the transmittal of the disclosure statement to the clients.[5]

12.  **Power of Attorney Certifications:** The firm produced documents supporting power of attorney certifications, primarily through the provisions included in the engagement letters.

C. **Summary of OnderLaw Production**

13.  **Engagement Letters:** OnderLaw produced its form engagement letter, which includes relevant power of attorney provision.

14.  **Client Vote Documentation:** OnderLaw provided extensive documentation confirming client votes, including master ballots, settlement ballots, and signed voting declarations. The production also includes signed declarations and ballots for the following twenty-one disputed clients: Roberta Boyle, Vidalia S. Enriquez, Connie Cazares, Nancy A. DiGenova, Sherine F. Davis, Barbara Heinkel, Karen J. Donahue, Yvonne C. Eddy, Jacqueline Byrd, Jeanne Lizama, Myesha Gary, Gloria J. Douglas, Belle Kushner, Julie A. Belzman, Lee Gromadzki, Len James, Marilyn C. Collins, Miriam Knight, Tammy Brown, Angela Greene, and Lynne M. Griebel.  The documentation for these disputed clients clearly evidence their voting intent and the firm's authority to act on their behalf.

15.  **Deceased Clients**: OnderLaw produced declarations and supporting documentation for deceased clients, including records establishing representation authority.

16.  **Communications on Plan Voting:** OnderLaw provided representative samples of communications sent to clients regarding the Plan voting process which include 20+ templates of emails and text messages and the logs of when these communications were sent to the clients.  The

---

[5]     *Id*.

materials also include a letter from the firm providing voting instructions and addressing the voting process and social media outreach materials regarding voting deadlines and participation. The materials include evidence of the transmittal of the disclosure statement to the clients.[6]

17. **Power of Attorney Certifications:** OnderLaw provided its engagement letter that includes explicit provisions granting the firm authority to act and vote in bankruptcy plans on behalf of the clients.

D. **Summary of Pulaski Kherkher, PLLC Production**

18. **Engagement Letters**: Pulaski Kherkher produced its form engagement letter.

19. **Client Vote Documentation**: Pulaski Kherkher provided client vote documentation, including a master ballot.

20. **Deceased Clients**: Pulaski Kherkher produced a sample next of kin affidavit.

21. **Communications on Plan Voting**: Pulaski Kherkher produced communications regarding Plan voting, including emails and text messages and these materials evidence the transmittal of the disclosure statement to the clients.[7]

E. **Summary of Watts Guerra, LLP (k/n/a Watts Law Firm) Production**

22. **Engagement Letters:** Watts produced its form engagement letter.

23. **Client Vote Documentation:** Watts provided extensive client vote documentation, including master ballot spreadsheets and other voting reports.

24. **Communications on Plan Voting:** Watts produced numerous communications regarding Plan voting, including email blasts, text messages, and videos reminding clients about

---

[6] *Id*.

[7] *Id*.

voting deadlines. These materials include evidence of the transmittal of the disclosure statement to the clients.[8]

F. **Summary Remaining AHC Member Productions**

25. **Engagement Letters / Power of Attorney Certifications:** The remaining AHC members produced various engagement letters. Aylstock Witkin provided documentation demonstrating authority to act on behalf of clients. Johnson Law produced engagement letters, including those addressing power of attorney for both living and deceased clients. McDonald Worley, Miller Law and Napoli Shkolnik submitted their respective engagement letters.

26. **Client Vote Documentation:** Several firms provided comprehensive client vote documentation, including master ballots, voting spreadsheets, and records confirming client votes. Andres Pereira submitted documentation reflecting client votes and case information. Aylstock Witkin produced extensive voting records, including master ballots and related spreadsheets. Linville Law Group provided client vote documentation, including finalized ballots and supporting statements. Napoli Shkolnik submitted multiple client voting logs and data spreadsheets detailing voting outcomes. Slater Schulman produced records reflecting client vote submissions and corresponding details.

27. **Deceased Clients:** Johnson Law has produced documentation related to deceased clients.

28. **Communications on Plan Voting:** The firms produced extensive communications on Plan voting, including emails, letters, and recorded messages sent to clients regarding voting instructions, deadlines, and reminders. The AHC as a group submitted a range of communications aimed at encouraging client participation, including notices, announcements, and supporting

---

[8]     *Id*.

materials. Johnson Law provided communications focused on deadline reminders and plan voting instructions. Napoli Shkolnik produced client status letters with details on voting participation. Additionally, firms like Linville Law Group and others included communications in their productions that outlined voting procedures and emphasized the importance of client participation in the process.

29. **Power of Attorney Certifications:** AHC member firms produced documents supporting power of attorney certifications, primarily through the provisions included in the engagement letters.

## CONCLUSION

30. The AHC remains committed to adhering to the Court's directives from the November 26, 2024 hearing. Efforts to collect, process, and produce documents from AHC member law firms are ongoing, with additional productions to be made on a rolling basis as collection and processing is finalized.

Dated: December 15, 2024            Respectfully submitted

/s/ Charles M. Rubio
**PARKINS & RUBIO LLP**
Lenard M. Parkins (TX Bar No. 15518200)
Charles M. Rubio (TX Bar No. 24083768)
Great Jones Building
708 Main Street, 10th Floor
Houston, TX 77002
Telephone: (713) 715-1660
Email:   lparkins@parkinsrubio.com
            crubio@parkinsrubio.com

*Counsel to AHC of Supporting Counsel*