**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| RED RIVER TALC LLC,[1] | Case No. 24-90505 (CML) |
| Debtor. | |

**DEBTOR AND JOHNSON & JOHNSON'S MOTION FOR ENTRY OF AN ORDER GRANTING LEAVE TO FILE DEBTOR AND JOHNSON & JOHNSON'S SURREPLY IN SUPPORT OF THEIR OBJECTION TO TRAVELERS' EMERGENCY MOTION TO COMPEL**

> If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.

(Related to Docket No. 733)

Red River Talc LLC (the "Debtor") and Johnson & Johnson ("J&J"), by and through their undersigned counsel, hereby move (this "Motion for Leave")[2] and respectfully state as follows:

**RELIEF REQUESTED**

1. By this Motion for Leave, the Debtor and J&J seek entry of an order, substantially in the form attached hereto (the "Proposed Order"), granting the Debtor and J&J leave to submit a surreply (the "Surreply"), filed contemporaneously herewith, to apprise the Court more

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion and/or Objection (each as defined herein), as applicable.

specifically of their objection [Dkt. 692] ("Objection") to Travelers Casualty and Surety Company (formerly known as The Aetna Casualty and Surety Company) and The Travelers Indemnity Company's (together, "Travelers") *Emergency Motion to Compel the Debtor and J&J to Produce Non-Privileged Documents Responsive to Certain Requests of Insurers*[3] [Dkt. 682] (the "Motion") and *Travelers' Reply to Emergency Motion to Compel* [Dkt. 733] (the "Reply").

## RELEVANT BACKGROUND

2.  Travelers filed the Motion on November 27, 2024. The Motion seeks supplemental responses to certain document requests propounded on the Debtor and J&J.[4]

3.  On December 3, 2024, the Debtor and J&J filed the *Objection to Travelers' Emergency Motion to Compel the Debtor and J&J to Produce Non-Privileged Documents Responsive to Certain Requests of Insurers* [Dkt. 692] (the "Objection").

4.  On December 10, 2024, Travelers filed the *Reply to Emergency Motion to Compel* [Dkt. 733] (the "Reply"). In the Reply, Travelers improperly seeks additional relief and raises entirely new arguments not contained in the Motion.

## BASIS FOR RELIEF REQUESTED

5.  Surreplies are regularly and properly permitted to allow a party the opportunity to respond to issues raised for the first time in reply. Indeed, where a party raises new arguments and

---

[3]  The insurers that joined the Requests are: ACE Property & Casualty Insurance Company (as successor in interest to Central National Insurance Company of Omaha, now known as Oakwood Insurance Company, for policies issued through Cravens, Dargan & Company, Pacific Coast, its managing General Agent), Allstate Insurance Company, solely as successor in interest to Northbrook Excess & Surplus Insurance Company, formerly Northbrook Insurance Company, Century Indemnity Company (as successor in interest to Insurance Company of North America), Employers Insurance Company of Wausau, Everest Reinsurance Company f/k/a Prudential Reinsurance Company, First State Insurance Company, Great Northern Insurance Company, Hartford Accident and Indemnity Company, National Casualty Company, Pacific Employers Insurance Company, Republic Indemnity Company of America, Sentry Insurance Company as assumptive reinsurer of Great Southwest Fire Insurance Company, Travelers Casualty and Surety Company (formerly known as The Aetna Casualty and Surety Company), The Travelers Indemnity Company, TIG Insurance Company, The North River Insurance Company, and Westchester Fire Insurance Company (as successor by novation to Industrial Indemnity Company) (collectively, the "Insurers").

[4]  Capitalized terms have the meaning ascribed to them in the Objection unless otherwise indicated.

facts in a filing to which an opponent has not had the opportunity to respond, then the appropriate remedy is to permit a party to file a response outside of the prescribed briefing schedule. *See Georgia Firefighters' Pension Fund v. Anadarko Petrol. Corp.*, 99 F.4th 770, 772 (5th Cir. 2024); *Kleppinger v. Texas Dep't of Transp.*, 2012 WL 12894140, at *2 (S.D. Tex. Nov. 8, 2012). The decision to permit a party to file such a response is a matter committed to the Court's discretion and it is appropriate for the Court to exercise such discretion where the response "afford[s] the nonmovant an opportunity to respond" to a newly raised argument. *Zurich Am. Ins. Co. v. Centex Corp.*, 373 F. Supp. 3d 692, 695-96 (N.D. Tex. 2016).

6.       As set forth above, Travelers raises new arguments and seeks new relief for the first time in its Reply, to which the Debtor and J&J should be permitted an opportunity to respond. For the reasons stated in the Surreply, the new relief requested and arguments raised in the Reply— namely, that Travelers is now seeking to invalidate all applicable privileges and protections for documents and communications protected by mediation privilege and the common interest doctrine—provide further reason to deny the relief requested in the Motion. Because oral argument alone may be insufficient to respond to these new facts and arguments, the Debtor and J&J respectfully request leave to submit the Surreply. The Debtor and J&J believe that the Surreply will assist the Court in its consideration of the Motion.

For all of the foregoing reasons, the Debtor and J&J submit that the relief requested herein is reasonable under the circumstances and should be approved.

[*Remainder of the page intentionally left blank*]

WHEREFORE, the Debtor and J&J request that the Court enter the Proposed Order, substantially in the form attached hereto, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: December 16, 2024  
Houston, Texas

Respectfully submitted,

*/s/ John F. Higgins*  
John F. Higgins (TX 09597500)  
M. Shane Johnson (TX 24083263)  
Megan Young-John (TX 24088700)  
James A. Keefe (TX 24122842)  
PORTER HEDGES LLP  
1000 Main Street, 36th Floor  
Houston, Texas 77002  
Telephone: (713) 226-6000  
Facsimile: (713) 228-1331  
jhiggins@porterhedges.com  
sjohnson@porterhedges.com  
myoung-john@porterhedges.com  
jkeefe@porterhedges.com

Gregory M. Gordon (TX 08435300)  
Brad B. Erens (IL 06206864)  
Dan B. Prieto (TX 24048744)  
Amanda Rush (TX 24079422)  
JONES DAY  
2727 N. Harwood Street  
Dallas, Texas 75201  
Telephone: (214) 220-3939  
Facsimile: (214) 969-5100  
gmgordon@jonesday.com  
bberens@jonesday.com  
dbprieto@jonesday.com  
asrush@jonesday.com

*Proposed Attorneys for Debtor*

*/s/ Gregory M. Starner*  
Gregory M. Starner (*pro hac vice*)  
Jessica C. Lauria (*pro hac vice*)  
WHITE & CASE LLP  
1221 Avenue of the Americas  
New York, New York 10020  
Telephone: (212) 819-8200  
gstarner@whitecase.com  
jessica.lauria@whitecase.com

Matthew E. Linder (*pro hac vice*)  
111 South Wacker Drive  
Chicago, IL  60606-4302  
Telephone: (312) 881-5400  
mlinder@whitecase.com

*Attorneys for Johnson & Johnson*

## **CERTIFICATE OF SERVICE**

I certify that on December 16, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins
