

| | 230 Park Avenue<br>New York, NY 10169<br>otterbourg.com<br>212 661 9100 | Adam C. Silverstein<br>Member of the Firm<br>asilverstein@otterbourg.com<br>212 905 3628 |

December 16, 2024

**BY ECF**

The Honorable Christopher M. Lopez
United States Bankruptcy Court
515 Rusk Street, Courtroom 401
Houston, TX 77002

    Re:    <u>In re Red River Talc LLC, Case No. 24-90505 (CML)</u>

Dear Judge Lopez:

    We are counsel to the Coalition of Counsel for Justice for Talc Claimants (the "Coalition"). We write briefly to respond to the Debtor's letter to the Court of earlier today and, given the vast number of potential issues for discussion tomorrow, to propose an agenda (in the absence of any offered by the Debtor) for the Court's consideration in organizing tomorrow's proceedings.

### Response to Debtor's Letter

    The Debtor's letter is rife with inaccuracies – beginning with its very first sentence. In its opening sentence, the Debtor justifies the filing of its 12-page letter as having been filed in response to the "Court's request at the December 10 status conference that interested parties provide an update on outstanding fact discovery issues and other matters that could impact the remaining schedule." But, as the transcript reflects, the Court made no such request. Rather, the Court directed "that *Beasley Allen*, Friday by 3 p.m. Central . . . file something on the docket indicating exactly has been produced." (December 10, 2024 Transcript ("12/10 Tr.") at p. 33, ll. 7-11; emphasis added).

    Next, and still in the first paragraph, the Debtor refers to the "Coalition's ongoing efforts to delay and derail this case," "as [t]he *only* party who has suggested adjourning the schedule." Yet the Coalition has *never* missed or requested an extension of any interim deadline in the Case Management Order ("CMO"). Rather, it was *the Debtor* who, prior to Thanksgiving, announced that it would be filing a Second Amended Plan ("SAP"). And when the *Debtor* was unable to abide by its own timetable and disclosed that it would not submit opening expert reports by the CMO deadline of December 6, that, in turn, resulted in correspondence with the Court that caused the Court to enter an Order Temporarily Abating Deadlines Related to Plan Confirmation [Dkt. No. 705].

8249140.1



December 16, 2024
The Honorable Christopher M. Lopez
Page 2

From there, and not even more than a paragraph later, the Debtor states that "the Court is aware . . . the Future Claims Representative ("FCR") . . . support[s] the Plan." But, just days ago, counsel for the FCR stated in open court that "as its currently stands, the FCR does *not* support the plan as it's currently written and questions whether it can satisfy 524(g)." 12/10 Tr. at p. 56, l. 23 – p. 57, l. 2; emphasis added.)

The Debtor asserts there are "two firms remaining in the Coalition," but that is wrong. And the Debtor continues to proclaim that an "overwhelming number of *claimants* support the Plan," when the record reveals that it is not claimants who support the plan, but *law firms* who signed Plan Support Agreements with J&J and who cast tens of thousands of votes on behalf of clients from whom they had received no response to their solicitation and had no signed power of attorney authorizing such votes. In short, responding to the Debtor's wholesale inaccuracies and textbook "transference" would require pages; we will not burden the Court with any such response.

We do, however, believe it is important to share with the Court the following: The day after the conference last week, on December 11, we indicated to Debtor's counsel our view that "the Court clearly hopes the parties will be able to agree on a schedule" and invited Debtor's counsel to "circulate its thoughts on new dates under the CMO." (*See* Exhibit A, at 12/11/24 email from A. Silverstein to G. Gordon). The next day, on December 12, the Debtor did share proposed new interim deadlines that compressed the prior schedule into one that fits the original January 27th hearing deadline. On December 15, the Coalition circulated counter-proposed dates and indicated our availability to discuss the matter.

Rather than meet and confer with us regarding the schedule, the Debtor filed its 12-page letter without even acknowledging the Coalition's counter-proposed schedule. For the Court's convenience, we set out below the Coalition's proposed schedule, assuming a March 3 start to the omnibus hearing. The assumptions and rationale underlying our proposed schedule are included with our email in Exhibit A.



December 16, 2024
The Honorable Christopher M. Lopez
Page 3

| Event | Debtor Proposed Date | CMO Date | Coalition Proposed Date |
|---|---|---|---|
| Initial Expert Reports | Fri, 12/20 | Fri, 12/6 | Tue., Jan. 7 |
| Fact Discovery Deadline | Tues, 12/24 | Wed, 11/27 | Mon, Dec. 30 |
| Plan Objections | Mon, 12/30 | Fri, 12/6 | Fri., Jan. 17 |
| Rebuttal Expert Reports | Mon, 1/6 | Fri, 12/13 | Tues., Jan. 28 |
| Expert Depositions | Mon, 1/6 – Fri, 1/17 | Mon, 12/16 – Fri, 12/31 | Tues. Feb. 18 |
| Pre-trial Conference | N/A | N/A | Week of Feb. 17 |
| Debtor's Confirmation Brief | Mon, 1/20 | Mon, 1/6 | Tues, Feb. 25 |
| Pre-Trial Briefs | Wed, 1/22 | Fri, 1/10 | Thurs, Feb. 27 |
| Consolidated Hearing | Mon, 1/27 | Mon, 1/27 | Mon, March 3 |

**Proposed Agenda for Tomorrow's Conference**

With the goal of facilitating an efficient conference tomorrow that addresses all of the open issues, we attach as Exhibit B a proposed Agenda that prioritizes scheduling, but also lists every pending discovery or hearing-related motion that, in whole or in part, remains pending. We look forward to discussing these, and/or any other issues the Court is interested in, tomorrow.

We thank the Court for its ongoing attention to this matter.

Respectfully submitted,

*/s/ Adam C. Silverstein*

Adam C. Silverstein

8249140.1