IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RED RIVER TALC, LLC,[1] | ) | Case No. 24-90505 (CML) |
| | ) | |
| Debtor. | ) | **Related Dkt. Nos.:  328, 559, 630, 734, 752, 803** |
| | ) | |

**EMERGENCY MOTION OF THE COALITION OF COUNSEL FOR JUSTICE FOR TALC CLAIMANTS FOR SANCTIONS AGAINST BENEDICT MORELLI**

EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 1:00 P.M. (PREVAILING CENTRAL TIME) ON JANUARY 14, 2025

IF YOU OBJECT TO THE RELEIF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATOIN IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, VIRTUALLY OR IN PERSON AS PERMITTED BY THE COURT, OR FIL A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUSTED IN THE PRECEEDING PARAGRAPH, OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

The Coalition of Counsel for Justice for Talc Claimants[2] moves for sanctions against Benedict Morelli for acting in bad faith in three ways. First, Mr. Morelli has acted in bad faith towards the Coalition in scheduling his deposition, both by pretending to engage in scheduling his deposition with the Coalition directly, and by using counsel for the AHC to pretend to do the same. Second, Mr. Morelli has acted in bad faith by failing to follow this Court's order commanding his

---

[1] The last four digits of the debtor's federal tax identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, NJ 08933.

[2] The Coalition includes Beasley Allen Crow Methvin Portis & Miles, PC; Golomb Legal, PC; and Levin Sedran & Berman, LLP.

in-person appearance on December 27, 2024. And third, Mr. Morelli has acted in bad faith by falsely representing to this Court – in an *ex parte* communication – that the Coalition's Supplemental Emergency Motion had been resolved consensually so he did not need to appear on December 27, 2024, even though he knew it had not been resolved.

The Coalition respectfully requests that the Court sanction Mr. Morelli by commanding him to sit for his deposition, and to pay a monetary fine in an amount to be determined to compensate the Coalition for wasted attorney time and out-of-pocket expenses. In the alternative, this Court should deny the Debtor's Motion for Entry of an Order Permitting Clients of Morelli Law Firm, PLLC to Change Their Votes (Dkt. No. 328) (the "Morelli Vote Change Motion").

The Debtor's voting process raises many concerns which are fully briefed and ready for hearing. Mr. Morelli's behavior here highlights them.

## INTRODUCTION

1. Benedict Morelli has not been honest with the Court or the Coalition.

2. Mr. Morelli has repeatedly pretended to engage in scheduling his deposition, only to disappear or refuse at the last moment. He's done it directly with Coalition members. And he's used counsel for the AHC to do it as well. This Court ordered Mr. Morelli to appear in person for the December 27, 2024 hearing.

3. In advance of the hearing, Mr. Morelli corresponded with the Court *ex parte,* representing that the Coalition's motions seeking his deposition had been consensually resolved. Not only was his communication inappropriate, because it was transmitted *ex parte* and involved the disposition of a motion, but it was also a misrepresentation. Mr. Morelli had never spoken to the Coalition regarding an adjournment of his appearance. And he knew the issues surrounding his deposition were not resolved. That is why he did it *ex parte*.

4. As a result of Mr. Morelli's *ex parte* misrepresentation, the Court did not hear argument about scheduling his deposition during the December 27, 2024 hearing.

5. The Coalition has spent time, and out-of-pocket expenses, attempting to question Mr. Morelli about the change of his firm's clients' votes that the Debtor has sought permission to effectuate without any evidentiary basis "for cause" [Dkt. No. 328] and about the 2-page declaration Mr. Morelli filed six weeks later in an effort belatedly to supply such an evidentiary basis "for cause." This Court should not allow Mr. Morelli to keep abusing the litigation process in this important bankruptcy case.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's Chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

7. The Coalition consents to the Court entering a final order in connection with this motion to the extent it's later determine that the Court cannot enter final orders or judgments consistent with Article III of the U.S. Constitution.

## BASIS FOR EMERGENCY

8. An emergency exists here because the relief sought needs to be accomplished long before the typical notice period for motions expires. The Court has ordered the parties to proceed under an expedited discovery schedule where depositions and fact discovery is already supposed to have been completed.[3] The relief here seeks to compel the deposition of Mr. Morelli, who has submitted to the jurisdiction of the Court [Dkt. No. 734, ¶ 12]. Additionally, the Court should

---

[3] *See* Dkt. No. 352, at ¶ 9 (case-management order); *see also* Transcript of Proceedings, December 17, 2024 ("Dec. 17, 2024 Hr'g Tr.").

direct Mr. Morelli to pay a monetary fine in an amount to be determined to compensate the Coalition for wasted attorney time and out-of-pocket expenses. In the alternative, this Court should deny the Morelli Vote Change Motion.

## BACKGROUND

9.     As the Court knows, a core issue in this bankruptcy centers on the supposed votes that Red River alleges support its proposed chapter 11 plan. One front in the debate swirling around the legitimacy of these votes involves the Morellis.[4] In fact, Red River moved to permit the clients of the Morelli Law Firm to *change their votes* from nays to yeas without any evidentiary support whatsoever.[5] Given the unusual circumstances surrounding voting in this case, the Coalition has sought to discover from the Morelli Law Firm's namesake principals—Benedict Morelli and Alexander Morelli—why their clients' supposedly votes changed (*i.e.*, the "cause" required to be shown under Bankruptcy Rule 3018).[6]

10.    But the Morellis dodged service of the Coalition's subpoenas.[7] The Morellis knew the Coalition was seeking their depositions.[8] Yet every attempt to serve them was unsuccessful.[9] Each time the server reached the NYC buildings where the Morellis office or reside the server was stopped at the building's messenger center or its service entrance or its front desk—blocking the server from personally serving subpoenas on these attorneys.[10]

---

[4] *See* Dkt. No. 328 (Debtor's Motion for Entry of an Order Permitting Clients of Morelli Law Firm, PLLC to Changer their Votes).

[5] *See id*.

[6] *See* Exs. 1–4 (deposition subpoenas of Benedict and Alexander Morrelli).

[7] *See* Emergency Motion of the Coalition of Counsel for Justice for Talc Claimants for Alternative Service by Email ("First Morelli Motion") [Dkt. No. 630], at Exs. 5-6 (Declaration of process server).

[8] *See id.* Ex. 7(Declaration of Richard Golomb).

[9] *See id.* at Exs. 5-6 (Declarations of process server).

[10] *See id*.

11. In the face of the Coalition's first motion for permission to serve the Morellis by alternative means, the Morellis communicated to the Coalition, through the AHC's lawyers, about scheduling the deposition.[11] The AHC's counsel indicated that Mr. Morelli's firm would be joining the AHC, and would be represented by their counsel. In fact, as a result, when the Coalition's first motion was about to be addressed by the Court on November 26, counsel for the Coalition interrupted the Court to indicate that "we may have worked that out, as well," to which the Court responded that Coalition counsel had been "[s]tealing my thunder, here."[12] The AHC's counsel offered December 16, 2024, stating that "[t]his date will work for Ben [Morelli]."[13] But after confirming, the AHC's counsel began to immediately backtrack adding conditions, asking for more and more time to Mr. Morelli to consider, until ultimately the AHC's counsel admitted he didn't represent Mr. Morelli at all.[14] As a last attempt to schedule the deposition, the Coalition then sent a letter to ACH's counsel summarizing events and requesting that Mr. Morelli sit to avoid further litigation.[15] AHC's counsel responded with no agreement on the deposition.[16]

12. The Coalition then requested that the Court re-set the Emergency Motion to Approve Alternative Service at the December 10, 2024 Status Conference.[17]

---

[11] *See Supplemental Emergency Motion of the Coalition of Counsel for Justice for Talc Claimants for Alternative Service by Email and to Compel* ("Second Morelli Motion") at 9.

[12] *See* Transcript of Proceedings, November 26, 2024, at p. 57, l. 20 – p. 58, l. 4.

[13] *See* Second Morelli Motion, at Ex. 9 (November 27, 2024 email from C. Rubio re: Deposition Scheduling).

[14] *See id.* Ex 10 (December 6, 2024 email from C. Rubio re: Deposition Scheduling)

[15] *See id. E*x. 11 (December 6, 2024 Letter from A. Silverstein to C. Rubio).

[16] *See id.* ex. 12 (December 8, 2024 Letter from C. Rubio to A. Silverstein).

[17] *See id.* ex. 13 (December 5, 2024 Email from N. Lawson to R. Saldana copying all counsel).

13. At 10:37 a.m. on December 10 - only 23 minutes before the Status Conference was to begin, the Debtor filed a declaration sworn to by Mr. Morelli.[18] In the declaration Mr. Morelli admits that he "[has] learned that lawyers from the Coalition of Counsel for Justice for Talc Claimants have been seeking my deposition…"[19]  He further indicated that "if the Court . . . deems my deposition necessary, I would request to have it it conducted sometime in January, and limited to 2 hours."[20]

---

[18] Dkt. No. 735.

[19] *Id*. ¶ 5.

[20] *Id*. ¶ 12.

14. During the December 17, 2024 hearing, the Court asked if the issues surrounding Mr. Morelli's deposition had been resolved:[21]

```
10              THE COURT:  Since I've got you up here, has the
11   Morelli issue been resolved?
12              MR. GORDON:  No.
13              THE COURT:  All right.  I'll set a hearing date
14   for them to come in and we'll figure it out and someone can
15   hand them a piece of paper.
16              MR. GORDON:  Yeah.  So what's happening there,
17   Your Honor --
18              THE COURT:  I'm not even interested in knowing.
19   We'll just pick a date and have them come in.  And if
20   there's a declaration that they filed or if they voted in
21   connection with the plan or if they intend to appear, if
22   someone intends to use anything Morelli-related, then we
23   could pick a date sometime next week and they can -- I can
24   have whoever sign that declaration or that ballot to come
25   in.  And I'm sure there will be someone willing to hand them
```

---

[21] Dec. 17, 2024 Hr'g Tr. 24:10-25:15.

```
 1   a piece of paper while we're here, and we'll take care of
 2   it.  But I'm not going to have someone who submitted a
 3   master ballot who can't be found.  And I don't want to cast
 4   aspersions.  I'll just nicely call them in and someone can
 5   hand them a piece of paper.  Beasley has been here a million
 6   times.  So has Smith.  Someone can hand them a piece of
 7   paper and we can move on with that.  I'm not even going to
 8   take that up today.  We'll just pick a date and I'll order
 9   them to come in in-person to take up the motion.  And we'll
10   deal with that.  And I don't want to cast aspersions.
11   Houstin is lovely this time of year, and we'll just pick a
12   date sometime -- I don't know.  And we'll be here -- it will
13   probably be December 27th or the 30th.  That's the only two
14   days I won't be here next week.  So we'll pick those two
15   days and we'll figure that out and we'll move on.
```

15. The Court was clear that Mr. Morelli would either need to agree to sit for his deposition or appear in person on December 27, 2024 to accept service of his deposition subpoena. The alternative would be that Morelli's vote change would be excluded. As the Court stated clearly on the record, "I'm not going to have someone who submitted a master ballot who can't be found."

16. The next day, the Court entered an order confirming:[22]

---

[22] Dkt. No. 803.

**ORDER SETTING HEARING ON SUPPLEMENTAL MOTION
FOR ALTERNATE SERVICE BY EMAIL AND TO COMPEL**
(RE: ECF No. 752)

The Court will conduct a hearing on December 27, 2024 at 1:00 p.m. (CT) regarding the Coalition of Counsel for Justice for Talc Claimants' Supplemental Emergency Motion for Alternate Service by Email and to Compel.

Benedict Morelli is ordered to appear in person at the December 27, 2024 hearing. The Clerk of the Court will serve a copy of this order to the following address and email:

> Morelli Law Firm
> c/o Benedict Morelli
> 777 3rd Avenue, 31st Floor
> New York, NY 10017
> and
> bmorelli@morellilaw.com

Parties may contact the Court's case manager to cancel the hearing if the matter subject to the Supplemental Emergency Motion is resolved consensually.

Signed on 12/18/2024

Christopher Lopez
United States Bankruptcy Judge

17. Again, the Court made clear that Mr. Morelli must appear for the December 27 hearing, unless the Coalition's Supplemental Emergency Motion was "**resolved consensually**."

18. The Coalition then emailed Mr. Morelli a copy of the Order and made clear that the hearing could be avoided by agreement.[23] He never responded. Therefore, the Coalition arranged for a process server to appear during the December 27, 2024 hearing so that Mr. Morelli could be served with his deposition subpoena.[24]

---

[23] Ex. 14 hereto at 5-6 (emails between the Coalition and B. Morelli).

[24] Ex. 15 hereto (decl. of process server).

19. To the Coalitions surprise, during the December 27, 2024 hearing the Court explained that his chambers had received notice that the Parties had resolved the subject matter of the Coalition's Supplemental Emergency Motion consensually. Of course, the Parties had not.

20. Three days later on December 30, 2024, the Coalition notified the Court that its Supplemental Emergency Motion had not been consensually resolved and requested a hearing on it, and other matters.[25]

21. Mr. Morelli never communicated with the Coalition until January 3, 2025. In an email responding to the Coalition's many requests regarding his deposition, Mr. Morelli wrote:[26]

> **Subject:** Re: Red River Talc: Case No. 24-90505
> **Date:** Friday, January 3, 2025 at 11:16:52 AM Central Standard Time
> **From:** Benedict P. Morelli
> **To:** Nick Lawson
> **CC:** Avi Moshenberg, Alexander R. Morelli
> **Attachments:** mlf-logo-redesign-final-horizontal-ol-01_37176488-f98a-48cd-9d2a-cd189eac2e8c.png
>
> Sir, Many weeks ago I filed a declaration with the court stating my issues and intentions. Based on this filing I emailed the court to cancel the 12/27 court appearance. Consistent with my declaration I would accept email service of a subpoena for my deposition if the court deemed it necessary and provided the proper notice is given. Because among other improprieties, I believe the purpose of this subpoena is merely harassment, I will be moving the court to quash the subpoena within the appropriate time.
> Benedict P. Morelli
>
> **Benedict P. Morelli**, Esq.
> Partner
> 777 Third Avenue|
> 31st Floor
> New York, NY 10017
> 212.751.9800
> www.morellilaw.com

22. This was the first time the Coalition had been made aware that Mr. Morelli had communicated with the Court *ex parte*. Mr. Morelli also made clear that he definitely had no

---

[25] Dkt. No. 866.

[26] Ex. 14 hereto at 4 (emails between the Coalition and B. Morelli).

intention of sitting for a deposition. In fact, he emailed a copy of a motion to quash that he evidently intends to file once his *pro hac vice* motion is granted (which he only filed the day before his deposition was set to take place).[27]

23. Because Mr. Morelli had evidently agreed to accept service for his deposition subpoena, the Coalition served him to sit on January 9, 2025.[28]

24. But Mr. Morelli indicated unequivocally that he would not comply.

25. The Coalition brings this motion for sanctions to, among other things, reimburse it for out-of-pocket expenses and attorneys' fees wasted chasing Mr. Morelli down for his deposition, to compel Mr. Morelli to sit for his deposition, or in the alternative to deny the Debtor's request to change his firm's clients' votes (Dkt. No. 328).

## ARGUMENTS AND AUTHORITIES

26. The Court should sanction Mr. Morelli for falsely representing to the Court in an *ex parte* communication that the Coalition's Supplemental Emergency Motion was consensually resolved. Mr. Morelli's false representation caused the Coalition to unnecessarily incur significant attorneys' fees, and out-of-pocket expenses. And the behavior should not be tolerated by this Court. Particularly not here, where the integrity of the voting on which the Debtor relies for confirmation of this prepackaged bankruptcy is in question.

27. This Court has authority to issue a sanction against Mr. Morelli under Federal Rule of Civil Procedure 37(b) (violating Court orders) and 37(d) (failure to appear for deposition), both made applicable by Rule 7037 of the Federal Rules of Bankruptcy Procedure. The Court also has inherent authority under 11 U.S.C. 105(a) to issue orders necessary or appropriate to carry out the

---

[27] Ex. 16 hereto (email transmitting motion to quash with motion attached).

[28] Ex. 14 at 3-4 hereto (emails between the Coalition and B. Morelli); Ex. 17 (2025.01.09 B. Morelli deposition subpoena)

provisions of the Bankruptcy Code. This power includes issuing civil contempt orders to enforce court orders or prevent abuse of process. *In re Roman Catholic Church of Archdiocese of New Orleans*, 678 F. Supp. 3d 797, 819 (E.D. La. 2023); *IN RE: GARCIA GRAIN TRADING CORP., Debtor. GARCIA GRAIN TRADING CORP., Plaintiff, v. RODOLFO PLASCENCIA, SR. & WNGU PROPERTIES, LLC, Defendants.*, No. 23-70028, 2024 WL 5151307, at *4 (Bankr. S.D. Tex. Dec. 17, 2024). Of course, sanctions under 105(a) require a finding of "bad faith." *Id*.

28. Here Mr. Morelli has shown bad faith.

29. First, Mr. Morelli pretended to engage the Coalition in scheduling his deposition directly in the early days of the Coalition's efforts to take his deposition. Then he disappeared.

30. Then Mr. Morelli acted in bad faith by dodging process servers. The Coalition ultimately had to move this Court for authority to use alternative service.

31. Mr. Morelli then acted in bad faith when he again pretended to engage the Coalition in scheduling his deposition after the first motion for alternative service was filed – only this time he used another lawyer for the AHC to do it. But just like before, Mr. Morelli disappeared and refused to participate when it was time to testify under oath.

32. Mr. Morelli's most egregious conduct, however, came after this Court's order commanding him to appear in person for the December 27, 2024 hearing. Mr. Morelli falsely represented to the Court that the Coalition's second motion for alternative service and to compel his deposition had been consensually resolved. This was a false representation. And one that Mr. Morelli knew was false. In fact, Mr. Morelli's email to Coalition counsel on January 3, 2025 confirms that he acted in bad faith.

33. Mr. Morelli wrote to the Coalition that "based on [his declaration, he] emailed the court to cancel the 12/27 court appearance." In other words, the basis of his email to the Court

cancelling the hearing was that he provided a declaration. But the declaration was filed on December 10, 2024. Seven days *later*, during the December 17, 2024 hearing (with Morelli's declaration already on the docket), is when this Court ordered his appearance. And it was the next day, on December 18, 2024, when the Court issued its written order commanding his appearance, a week after the declaration was submitted.

34. Mr. Morelli emailed the Court to cancel his appearance at the December 27 hearing knowing precisely that what he was doing was inconsistent with the Court's prior order. And that is precisely why he did it *ex parte*.

35. In sum, Mr. Morelli has acted in bad faith throughout efforts, including Court-ordered efforts, to schedule his deposition. He has falsely represented his willingness to be deposed directly to the Coalition and through counsel for the AHC to the Coalition. And he has even falsely represented to this Court that a contested matter was consensually resolved in an *ex parte* communication. Because of Mr. Morelli's consistent bad faith, the Court should issue sanctions against him.

36. Mr. Morelli should be commanded to sit for his deposition. He should be sanctioned monetarily for the wasted attorneys' time and out-of-pocket expenses incurred chasing him. Alternatively, the Debtor's motion to change his clients' votes should be denied.

## **CONCLUSION**

For these reasons, the Coalition respectfully asks that the Court grant this motion in its entirety.

| | |
|---|---|
| Dated:  January 9, 2025 | **OTTERBOURG P.C.** |

        */s/ Adam C. Silverstein*
Melanie L. Cyganowski (*pro hac vice*)
Adam C. Silverstein (*pro hac vice*)
Sunni P. Beville (*pro hac vice*)
Jennifer S. Feeney (*pro hac vice*)
230 Park Avenue
New York, New York 10169-0075
(212) 661-9100
mycganowski@otterbourg.com
asilverstein@otterbourg.com
sbeville@otterbourg.com
jfeeney@otterbourg.com

-AND-

**LAWSON & MOSHENBERG PLLC**
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
801 Travis Street
Suite 2101 #838
Houston, TX 77002
Telephone: 832-280-5670
Nick.Lawson@lmbusinesslaw.com
Avi.Moshenberg@lmbusinesslaw.com

AND

**BAILEY & GLASSER LLP**
Brian A. Glasser (*pro hac vice* pending)
Thomas B. Bennett (*pro hac vice* pending)
David L. Selby II (*pro hac vice* pending)
Jonathan Gold (*pro hac vice* pending)
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007
Tel: (202) 463-2101
Fax: (202) 463-2103
bglasser@baileyglasser.com
tbennett@baileyglasser.com
dselby@baileyglasser.com
jgold@baileyglasser.com
cjoshi@baileyglasser.com

Katherine E Charonko

BAILEY & GLASSER LLP
209 Capitol Street
Charleston WV 25301
Tel: (304) 345-6555
Fax: (304) 342-1110
kcharonko@baileyglasser.com

Elizabeth L. Stryker
BAILEY & GLASSER LLP
94 Long Street
Suite 200
Westover WV 26501
Tel: (304) 594-0087
estryker@baileyglasser.com

*nl for Coalition of Counsel for Justice for Talc Claimants*

## CERTIFICATE OF SERVICE

I certify that on January 9, 2025, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/Nicholas R. Lawson*
Nicholas R. Lawson