UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> RED RIVER TALC LLC,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 24-90505 (CML) |

**DEBTOR'S EMERGENCY MOTION FOR
ENTRY OF AMENDED CASE MANAGEMENT ORDER**

[Related to Docket No. 352]

> **Emergency relief has been requested. Relief is requested not later than 1:00 p.m. (prevailing Central Time) on Tuesday, January 14, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, virtually or in person as permitted by the Court, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtor (the "Debtor") moves the Court, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), for the entry of an order amending the *Agreed Case Management Order* [Dkt. 352] (the "CMO"). In support of this Motion, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is authorized to

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

NAI-1542655835

continue to manage its property and operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor confirms its consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**Background**

3. On September 20, 2024, the Debtor commenced this reorganization case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is a Texas limited liability company and is the direct parent of non-debtor Royalty A&M LLC, a Texas limited liability company, which manages a portfolio of royalty revenue streams, including some based on third party sales of certain products, and seeks opportunities to acquire or finance additional royalty revenue streams.

4. The Debtor's objective in this Chapter 11 Case is to obtain confirmation of the *Second Amended Prepackaged Chapter 11 Plan of Reorganization of the Debtor* [Dkt. 722] (the "Second Amended Plan"),[2] which is a prepackaged plan of reorganization containing terms supported by the vast majority of holders of Channeled Talc Personal Injury Claims (as defined therein)—the only claims affected by the Second Amended Plan's terms. Comprehensive descriptions of the Debtor, its history, its assets and liabilities and the events leading to the commencement of the Chapter 11 Case can be found in the *Disclosure Statement for*

---

[2] The Second Amended Plan amended the *Prepackaged Chapter 11 Plan of Reorganization of the Debtor* [Dkt. 25-1] (the "Initial Plan") and the *Amended Prepackaged Chapter 11 Plan of Reorganization of the Debtor* [Dkt. 24].

*Prepackaged Chapter 11 Plan of Reorganization of the Debtor* [Dkt. 25] and in the *Declaration of John K. Kim in Support of Chapter 11 Case and Certain First Day Pleadings* [Dkt. 17].

5. On October 22, 2024, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of talc claimants [Dkt. 313] (the "TCC") pursuant to section 1102 of the Bankruptcy Code. On November 13, 2024, the Court entered an order [Dkt. 529] appointing Randi S. Ellis as the legal representative for future talc claimants in the Chapter 11 Case (the "FCR").[3]

6. On October 30, 2024, the Court entered the CMO. At a hearing held on December 17, 2024 (the "December 17 Hearing"), the Court revised certain of the deadlines set forth in the CMO.

**Relief Requested**

7. Pursuant to section 105(a) of the Bankruptcy Code, the Debtor requests the Court enter the proposed *Amended Case Management Order* (the "Amended CMO"), substantially in the form submitted herewith.

**Basis for Relief Requested**

8. The Debtor respectfully requests that the Court enter the Amended CMO. The Amended CMO memorializes the Court's ruling at the December 17 Hearing but proposes to modify it in two limited respects. First, the Debtor proposes to advance the rebuttal expert report deadline by five days, moving it up from January 28, 2025 to January 23, 2025. Second, the Debtor proposes to expand the expert deposition period from five business days to 10 business days, changing it from February 3, 2025 through February 7, 2025 to January 27, 2025 through February 7, 2025.

---

[3] On November 25 and 26, 2024, notices of appeals of this order were filed [Dkts. 666, 673].

9. The Debtor proposes these changes to the schedule outlined by the Court at the December 17 Hearing because 14 experts already have submitted expert reports, and multiple additional rebuttal expert reports are anticipated, including from potentially four additional experts.[4] The Debtor proposes to shorten the period between the submission of initial expert reports and rebuttal reports by five days in order to accommodate a longer time period for expert depositions.

10. The Debtor does not believe any party will be prejudiced by the proposed reduction in time to complete rebuttal reports because all parties will still have more than two weeks to finalize those reports. This is more time than the parties had under the initial CMO, pursuant to which rebuttal reports had to be submitted one week after the submission of initial reports (December 6 for initial reports; December 13 for rebuttal reports).

11. Additionally, the Debtor believes all parties will benefit from the expansion of the expert deposition period due to the number of experts who will need to be deposed. In that regard, under the initial CMO, the parties had 11 business days (from December 16 to December 30) to take expert depositions. The proposed revision set forth in the Amended CMO would provide for a similar period of time to take expert depositions.

12. The Debtor has circulated the Amended CMO to all parties and only the Coalition of Counsel for Justice for Talc Claimants (the "Coalition") has indicated that it will not agree to the Debtor's proposed modifications to the CMO deadlines. Instead, the Coalition has

---

[4] The Debtor has filed a motion to strike the Coalition's designation of five medical, science and regulatory experts [Dkt. 769]. As the Debtor feared, these experts have now submitted reports that essentially adopt the expert reports they have offered in connection with the Daubert hearing in the MDL. If the Debtor's motion to strike is not granted, the Debtor will have no choice but to submit rebuttal reports from four additional experts presenting the Debtor's and J&J's expert case on the Daubert issues pending in the MDL.

NAI-1542655835

taken the position that any amended CMO must adopt the Court's schedule set forth at the December 17 Hearing without change.

13.  Section 105(a) of the Bankruptcy Code provides that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  This section grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutes or under equitable common law principles.  It is well-settled that this Court has the inherent authority to manage its docket to promote the orderly, expeditious and economical disposition of its cases.  Dietz v. Bouldin, 579 U.S. 40, 47 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); Landis v. North Am. Co., 299 U.S. 248, 254-255 (1936) (stating that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

14.  For the reasons set forth above, the Debtor respectfully requests that the Court approve a slight alteration of the deadlines stated by the Court at the December 17 Hearing and enter the Amended CMO.

## Emergency Consideration

15.  Pursuant to Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas, the Debtor respectfully requests emergency consideration of this Motion.  As set forth in this Motion, the relief requested herein is essential given that the impending deadlines for expert rebuttal reports as well as for expert depositions.  The parties require clarity and certainty with respect to timing as quickly as possible given impending deadlines.

-6-

**Notice**

16. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) proposed counsel to the TCC; (c) pro se claimants as identified in the Initial Plan solicitation process; (d) counsel to the Debtor's non-debtor affiliates, Johnson & Johnson Holdco (NA) Inc. and Johnson & Johnson; (e) the FCR and her counsel; (f) counsel to the Ad Hoc Committee of Supporting Counsel; and (g) any party that has requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested herein, the Debtor respectfully submits that no other or further notice need be provided.

WHEREFORE, the Debtor respectfully requests that the Court: (i) enter the Amended CMO; and (ii) grant such other and further relief to the Debtor as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

NAI-1542655835

Dated: January 10, 2025  
Houston, Texas

Respectfully submitted,

*/s/ John F. Higgins*
John F. Higgins (TX 09597500)  
M. Shane Johnson (TX 24083263)  
Megan Young-John (TX 24088700)  
James A. Keefe (TX 24122842)  
PORTER HEDGES LLP  
1000 Main Street, 36th Floor  
Houston, Texas 77002  
Telephone: (713) 226-6000  
Facsimile: (713) 228-1331  
jhiggins@porterhedges.com  
sjohnson@porterhedges.com  
myoung-john@porterhedges.com  
jkeefe@porterhedges.com

Gregory M. Gordon (TX 08435300)  
Dan B. Prieto (TX 24048744)  
Brad B. Erens (IL 06206864)  
Amanda Rush (TX 24079422)  
JONES DAY  
2727 N. Harwood Street  
Dallas, Texas 75201  
Telephone: (214) 220-3939  
Facsimile: (214) 969-5100  
gmgordon@jonesday.com  
dbprieto@jonesday.com  
bberens@jonesday.com  
asrush@jonesday.com

PROPOSED ATTORNEYS FOR DEBTOR

-7-

**Certificate of Accuracy**

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief. This statement is made pursuant to Local Rule 9013-1(i).

*/s/ Dan B. Prieto*
Dan B. Prieto

**Certificate of Service**

I certify that on January 10, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtor's claims, noticing and solicitation agent.

*/s/ John F. Higgins*
John F. Higgins

NAI-1542655835