UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>RED RIVER TALC LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-90505 (CML) |

**<u>EMERGENCY</u> MOTION TO QUASH
THE COALITION OF COUNSEL FOR JUSTICE FOR TALC CLAIMANTS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE
<u>ADDRESSED TO BENEDICT MORELLI</u>**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's mailing address is 501 George Street, New Brunswick, New Jersey 08933.

Pursuant to Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas, Movants Benedict Morelli and the Morelli Law Firm, PLLC ("Morelli Firm") (collectively, "Morelli Law") respectfully request emergency consideration of this Motion. The relief is being requested on an emergency basis because the Coalition of Counsel for Justice for Talc Claimants (the "Coalition") has subpoenaed the deposition of Benedict Morelli for January 9, 2025. *See* Subpoena To Testify at Deposition in a Bankruptcy Case (the "Subpoena"), attached hereto as **Exhibit A.** Benedict Morelli is neither a party to these proceedings nor a member of any coalition or ad hoc group. Rather, he is simply an attorney who represents certain claimants through his law firm, the Morelli Firm. As such, Morelli Law asks that the Court quash the Subpoena because it only seeks to harass Benedict Morelli, undermine the rights of his clients to change their respective votes, and waste judicial resources.

In support of this Motion to Quash, Morelli Law respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue over this Chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).

2. Movants consent to the Court's entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief sought herein are Rule 9016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Rule 45 of the Federal Rules of Civil Procedure ("Federal Rules") and Section 105(a) of title 11 of the United States Code ("Bankruptcy Code").

**RELIEF REQUESTED**

4. Morelli Law respectfully requests entry of an Order (a) quashing the Subpoena, and (b) granting such other and further relief as the Court may deem just and proper. A copy of the Subpoena is attached as **Exhibit A** hereto.

**BACKGROUND**

5. On September 20, 2024 (the "Petition Date"), Red River Talc LLC (the "Debtor") commenced this reorganization case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. Upon filing the petition, the Debtor sought to confirm what was then the First Amended Prepackaged Plan of Reorganization of the Debtor [Dkt. 24] (the "First Amended Plan")—a prepackaged plan of reorganization that purported to resolve all current and future Channeled Talc Personal Injury Claims. The First Amended Plan has since been amended to include additional benefits for claimants, as incorporated in the Second Amended Prepackaged Plan of Reorganization of the Debtor [Dkt. 722] (the "Second Amended Plan").[2]

7. Prior to the Petition Date of September 20, 2024, LLT Management LLC ("LLT"), on behalf of the Debtor, solicited votes on the Initial Plan. The Solicitation Agent distributed solicitation packages to every law firm that, according to LLT's books and records, represents holders of Channeled Talc Personal Injury Claims. The solicitation packages provided recipients with notice of the general voting deadline of July 26, 2024 at 4:00 p.m. (prevailing Central Time) (the "General Voting Deadline").

---

[2] The Second Amended Plan amended the *Amended Prepackaged Plan of Reorganization of the Debtor* [Dkt. 24], which was an amendment of the initial *Prepackaged Plan of Reorganization of the Debtor* [Dkt. 25-1] (the "Initial Plan"). Capitalized terms not otherwise defined herein have the meanings given to them in the Initial Plan, Amended Plan, and Second Amended Plan.

3

8. On July 25, 2024, Morelli Law submitted a master ballot on behalf of its eligible clients [Dkt. 328-1] (the "Original Ballot"). The Original Ballot, executed by Benedict Morelli, identified and cast the votes of 1,598 Morelli Law clients to reject the Initial Plan. *See* Dkt. 328-1 at 4. At the end of the solicitation period for the Initial Plan and at the request of certain objecting firms, the Debtor agreed to delay its bankruptcy filing and pause the voting certification to provide the parties time to negotiate a resolution of their objections to the Initial Plan [Dkt. 17 at ¶ 127]. Following these negotiations, it was agreed that an additional $1.1 billion was to be contributed by the Debtor into the Talc Personal Injury Trust to fund talc claims subject to Individual Claim Review (as such terms are defined in the Amended Plan). *Id.* at ¶ 131. The agreement was memorialized in a memorandum of understanding (the "MOU") between the Smith Law Firm and the Debtor, and its terms have been incorporated into the Amended Plan to the extent applicable. *Id.* at ¶ 130.

9. In accordance with Bankruptcy Rule 3018(a), which permits "a creditor or equity security holder to change or withdraw an acceptance or rejection," and following consideration of the additional benefits for claimants that the MOU provides, Morelli Law submitted a request to cast an amended master ballot [Dkt. 328-2] (the "Amended Ballot") on October 24, 2024.

10. The Amended Ballot, also executed by Benedict Morelli, identifies and seeks to cast the votes of the same 1,598 Morelli Law clients who voted by the Original Ballot to reject the Initial Plan. Pursuant to the Amended Ballot, however, 1,557 of the Morelli Law clients now vote to accept the Amended Plan; 41 clients continue to reject the Amended Plan. *See* Dkt. 328-2 at 4.

11. On October 25, 2024, the Debtor filed a Motion for Entry of an Order Permitting Clients of Morelli Law Firm, PLLC to Change Their Votes ("Motion to Change Votes") [Dkt. 328].

4

12. In response to the Motion to Change Votes, the Coalition has now acted in a punitive manner, insisting that both Benedict Morelli and his son, Alexander Morelli, sit for a deposition regarding the Morelli Firm's decision to support the Amended Plan [Dkt. 752-1-4]. The sole basis the Coalition has provided for seeking the deposition of multiple individuals from Morelli Law is "to discover from the [firm's] *namesake* principals [] why their clients' votes changed" [Dkt. 752 at ¶ 6] (emphasis added). In truth, Morelli Law understands the Coalition's Subpoena to be an intimidation tactic, intended to punish Morelli Law for breaking rank from the Coalition firms and supporting the Plan, and intended to intimidate other law firms who similarly might consider supporting the Plan now that it has been greatly improved in the First Amended and Second Amended versions.

13. To disavow the aspersions cast by the Coalition, on December 10, 2024, Benedict Morelli submitted a declaration in support of the Motion to Change Votes [Dkt. 734], in which he articulated his consideration of the amended Plan terms and his belief that the Amended Ballot reflects the "voice" and "best interest of [his] clients"—at least with respect to the 1,557 claimants now voting in favor of the Amended Plan following the increase in compensation available for the Trust, pursuant to the Amended Plan and the MOU executed between the Debtor and other plaintiffs' firms. *See* Dkt. 734 at ¶¶ 8-9.

14. In that same declaration, Benedict Morelli noted that he has been "attacked by lawyers from the Coalition via text and via depositions of others," and learned that "lawyers from the Coalition [] have been seeking [his] deposition and have erroneously accused [him] of evading service of a subpoena, which is not true." [Dkt. 734 at ¶ 5, 11].

15. Benedict Morelli was e-mailed a subpoena on January 3, 2025, calling for his in-person deposition in New York on January 9, 2025. Mr. Morelli is not currently in New York and

will not be in New York on January 9, 2025. Because the Subpoena is punitive and duplicative in nature, and serves no legitimate purpose, Morelli Law now moves to quash the Subpoena and related notice of deposition. In the alternative, in light of the limited scope of testimony that could plausibly be relevant here (and the fact that some significant portion of what might be relevant is subject to claims of privilege and work product protections), Morelli Law asks that the Court to limit Benedict Morelli's deposition to a maximum time of two hours and to be held virtually.

## ARGUMENT

16. Bankruptcy Rule 9014 applies in contested matters and incorporates Bankruptcy Rule 7026. Fed. R. Bankr. P. 9014(c). Bankruptcy Rule 7026 incorporates Federal Rule of Civil Procedure 26 into bankruptcy proceedings. Fed. R. Bankr. P. 7026. The Federal Rules of Civil Procedure provide that oral depositions may be taken "regarding any matter, not privileged, that is relevant to the claim or defense of any party." See Fed. R. Civ. P. 26(b)(1).

17. Federal Rule of Civil Procedure 45(d)(3)(A) was made applicable to bankruptcy proceedings by Bankruptcy Rule 9016. Rule 45(d)(3)(A) provides that a court "must quash or modify a subpoena that," among other things, "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subject a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(ii)-(iv). "Undue burden can be found when a subpoena is facially overbroad." *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (granting, in part, motion to quash). Moreover, "to appropriately determine the burden" on the subpoenaed party, "the court must first determine the benefit, if any, to" the subpoenaing party "from obtaining its requested discovery." *Royal Hosp. Corp. v. Underwriters At Lloyd's*, No. 3:18-CV-102, 2022 WL 18436756 at *2 (S.D. Tex. Feb. 24, 2022).

18. Here, there is no credible benefit to the Coalition in deposing Benedict Morelli. The Coalition has stated that it intends to depose Benedict Morelli to ask him about his reasons for

6

supporting the Amended Plan, and for casting the Morelli Law clients' votes in support of the Amended Plan. *See* Dkt. 752 at 6. However, that reasoning has already been provided through Benedict Morelli's declaration [Dkt. 734], and the Coalition has not offered any explanation or basis as to why any discovery beyond the declaration is needed or even permissible.

19. Rather, the Subpoena is clearly being used as a tactic to unduly burden, harass, and embarrass Morelli Law with respect to the Amended Ballot submitted on behalf of its clients—even though the Amended Ballot was fully warranted and justified, as set forth in the Motion to Change Votes [Dkt. 328].[3]

20. Moreover, nothing under Bankruptcy Rule 3018 requires, mandates, or permits the deposition of an attorney who submits a request to change their clients' votes. "As long as the reason for the vote change is not tainted, the change of vote should usually be permitted." *See In re MCorp Fin., Inc.*, 137 B.R. 237, 238 (Bankr. S.D. Tex. 1992) (quoting 8 Collier on Bankruptcy, ¶ 3018.03[4] (15th ed. 1991)).

21. In the Coalition's objection to the Motion to Change Votes [Dkt. 559], the Coalition suggested that Morelli Law's desire to change votes is "tainted" because the Debtor, not Morelli Law, filed the 3018 motion. *See* Dkt. 559 at ¶ 2. That argument is baseless and has now been fully mooted by virtue of Benedict Morelli's declaration demonstrating that the change in votes was not only untainted, but well-reasoned and considered to serve the best interests of Morelli Law's clients [Dkt. 734].

22. As the Coalition has no evidence to support their concocted theory that Morelli Law's vote change was tainted in any way, particularly against the backdrop of Benedict Morelli's

---

[3] The reasoning set forth in the Motion to Change Votes accurately captured Morelli Law's views on this issue, and is incorporated as if set forth more fully herein.

declaration, there is simply no basis to require Benedict Morelli to sit for deposition. *See In re MCorp Fin., Inc.*, 137 B.R. at 238 ("The court must only ensure that the change is not improperly motivated," which has already been demonstrated here).

23. It is therefore clear that the Coalition intends only to unduly burden and harass Mr. Morelli regarding information that is already contained in his declaration, or otherwise protected from disclosure as privileged and/or attorney work product. Indeed, in light of the Coalition's scoping of the Subpoena and filings related thereto, the only conceivable area of inquiry the Coalition may wish to question Mr. Morelli about is why his clients' 1,557 votes were changed, why some of his clients' votes did not change, and any discussions had with clients regarding the same—all information that has already been provided via his declaration or is protected from disclosure by the attorney-client privilege and attorney work product doctrine. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018) (citing 9A Charles Alan Wright & Arther R. Miller, Federal Practice and Procedure § 2463 (2d ed. 1995)) (reasoning that balancing the interests served by demanding compliance or quashing a subpoena "calls upon the court to consider whether the information is necessary and unavailable from any other source"). Here, all of the relevant, discoverable, and non-privileged information regarding Morelli Law's vote change has already been provided to the Coalition via Mr. Morelli's declaration, and any further discovery on this issue is unreasonably cumulative and duplicative. *See* Federal Rule of Civil Procedure 26(b)(2)(C).

24. Moreover, requiring Benedict Morelli to appear for a deposition at which he will be repeatedly instructed not to answer questions on privilege grounds is inefficient, given the late stage of fact discovery under the current case schedule, and would be unduly burdensome as such a deposition, even if obtained, would yield no benefit. *See Royal Hospitality Corp.*, 2022 WL 18436756 at *2.

25. Finally, and most concerning, is the underlying motivation by the Coalition to harass a representative of talc claimants who simply changed his clients' votes in compliance with the Bankruptcy Rules after the Plan improved in their favor. Requiring Benedict Morelli to sit for a deposition regarding his protected decision-making process and Morelli Law's changed votes risks inviting the Coalition to engage in other bad faith conduct, such as by seeking the deposition of any attorney who wishes to change his or her clients' votes—a facially reasonable position for any such firm to take, given the increased value to claimants offered under the Second Amended Plan.

26. Given the untoward nature of the Subpoena and the Coalition's insistence on Benedict Morelli's deposition, and the clear satisfaction of Bankruptcy Rule 3018, Morelli Law respectfully requests this Court grant its Motion to Quash the Subpoena.

27. Alternatively, in the event the Court finds there is a credible, legitimate basis to permit Benedict Morelli's deposition here, Morelli Law requests that the deposition be limited to two hours and be held virtually. Other attorneys—including members of the Coalition—have reached similar agreements with opposing counsel to limit the length of various depositions, in recognition of the limited scope of information sought, or the likelihood that privilege issues would prevent extensive testimony about counsel's reasoning for acting in a certain manner. Although Morelli Law submits that no deposition of Benedict Morelli is warranted, at minimum, it believes that two hours affords the Coalition's counsel more than adequate time to question Benedict Morelli, given the narrow scope of issues upon which the Coalition seeks his testimony.

## **MEET AND CONFER**

28. Benedict Morelli and the Coalition have met and conferred in an effort to resolve this dispute but were unable to reach a resolution.

WHEREFORE, Morelli Law respectfully requests that the Court: (i) enter an Order substantially in the form submitted herewith granting the relief requested herein; and (ii) grant such other and further relief to it as the Court may deem just and proper.

Dated: January 9, 2025                                      Respectfully submitted,

*/s/ Benedict P. Morelli*
Benedict P. Morelli
Morelli Law Firm, PLLC
777 Third Ave., 31st Fl.
New York, NY 10017

**Certificate of Service**

I certify that on January 14, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Benedict P. Morelli*
Benedict P. Morelli

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>RED RIVER TALC LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 24-90505 (CML) |

**[PROPOSED] ORDER QUASHING
THE COALITION OF COUNSEL FOR JUSTICE FOR TALC CLAIMANTS'
SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE
<u>ADDRESSED TO BENEDICT MORELLI</u>**

This matter coming before the Court on *Benedict Morelli and the Morelli Law Firm, PLLC's Emergency Motion to Quash the Coalition of Counsel for Justice for Talc Claimants' Subpoena to Testify at a Deposition in a Bankruptcy Case Addressed to Benedict Morelli* (the "Motion"), the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court, if any (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) the Court having found that it may enter a final order consistent with Article III of the United States Constitution, (c) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (d) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (d) notice of the Motion and the opportunity for a Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's mailing address is 501 George Street, New Brunswick, New Jersey 08933.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted in its entirety.

2. The Coalition's Subpoena to Testify at a Deposition in a Bankruptcy Case Addressed to Benedict Morelli is hereby quashed.

3. Notice of the Motion shall be deemed good and sufficient and the applicable requirements of the Bankruptcy Rules and the Bankruptcy Local Rules for the Southern District of Texas are satisfied by such notice.

4. This Order shall be immediately effective and enforceable upon its entry.

5. Benedict Morelli and the Morelli Law Firm are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

Dated: _____, 2025
       Houston, Texas

                                          CHRISTOPHER M. LOPEZ
                                          UNITED STATES BANKRUPTCY JUDGE