IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| RED RIVER TALC, LLC | ) Case No. 24-90505 (CML) |
|  | ) |
| Debtor.[1] | ) |
|  | ) |

**ALLSTATE INSURANCE COMPANY, SOLELY AS SUCCESSOR IN INTEREST TO NORTHBROOK EXCESS & SURPLUS INSURANCE COMPANY, FORMERLY NORTHBROOK INSURANCE COMPANY'S OBJECTION TO CONFIRMATION OF THE PLAN**

---

[1] The last four digits of the Debtor's taxpayer identification number is 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

{80337177:1}

**TABLE OF CONTENTS**

Page

**PRELIMINARY STATEMENT** ................................................................................................ 1

**ARGUMENT AND AUTHORITIES** ....................................................................................... 2

    **I.**    **Insurers Have Standing Pursuant To Section 1109 Of The Bankruptcy Code** ........... 2

    **II.**   **The Plan's Treatment Of Insurance Rights Violates New Jersey State Law** .............. 2

    **III.**  **The Plan Cannot Be Confirmed Because It Purports To Provide A Release To Middlesex, Which Owes Billions Of Dollars In Coverage To The Debtor, For No Contribution** ........................................................................................................ 3

    **IV.**  **The Insurance Entity Injunction Must Preserve The Insurers' Setoff Rights** ............ 4

    **VI.**  **The Plan Cannot Be Confirmed Because The Channeling Injunction Exceeds The Scope Of Section 524(g)** ........................................................................................ 4

**RESERVATION OF RIGHTS** ................................................................................................... 5

**CONCLUSION** ........................................................................................................................... 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Encore Prop. Mgm't*,
  585 B.R. 22 (Bankr. W.D.N.Y. 2018) ................................................................................. 3

*In re Johnson & Johnson Talcum Powder Products Marketing,*
  *Sales Practices and Products Litig.*,
  509 F. Supp. 3d 116 (D.N.J. 2020) ................................................................................ 2, 3

*In re Pittsburgh Corning Corp.*,
  417 B.R. 289 (Bankr. W.D. Pa. 2006) ............................................................................... 5

*Harrington v. Purdue Pharma L.P.*,
  603 U.S. 204 (2024) ....................................................................................................... 1, 5

*Truck Ins. Exch. v. Kaiser Gypsum Co.*,
  144 S. Ct. 1414, 602 U.S. 268 (2024) ................................................................................ 2

**Statutes**

11 U.S.C. § 524(g)(2)(B)(ii) .................................................................................................. 4

11 U.S.C. § 524(g)(4)(A)(ii) .................................................................................................. 4

Allstate Insurance Company, solely as successor in interest to Northbrook Excess & Surplus Insurance Company, formerly Northbrook Insurance Company ("Allstate") for its objection to confirmation of the *Second Amended Prepackaged Chapter 11 Plan of Reorganization of the Debtor* [Docket No. 722] (the "Plan"),[2] respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Johnson & Johnson's ("J&J's") Plan should not be confirmed. It treats Allstate unfairly and also violates the Bankruptcy Code.

2. As the Court is aware, J&J and its insurers (including Allstate) are in litigation over state law insurance coverage issues in New Jersey (the "NJ Coverage Action").[3] In the NJ Coverage Litigation, J&J asserts that it has certain rights to coverage under twelve (12) policies of insurance to J&J by Northbrook Excess & Surplus Insurance Company and Northbrook Insurance Company from January 1, 1976 to January 1, 1985.

3. The Plan, if confirmed, would presumably impose the costs and payments under the Plan to Allstate, despite the fact that those costs and payments would not be covered under the Allstate policies. Moreover, despite alleged insurance neutrality language in the Plan, it does not protect Allstate in the NJ Coverage Action.

4. Furthermore, the Plan violates US Supreme Court precedent (*Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024)) in providing releases to non-debtors and purports to pay claims that are not compensable in the tort system.

---

[2] Capitalized terms not defined in this Objection have the meanings given to such terms in the Plan.

[3] *See Atlanta Int'l Ins. Co., et al. v. Johnson & Johnson, et al.*, MID-L-3563-19 (N.J. Super. Ct. Law Div.). The J&J-affiliated parties to the NJ Coverage Action are J&J, its captive insurer Middlesex Assurance Company Limited ("Middlesex") and Johnson & Johnson Consumer, Inc. ("Old JJCI," collectively with J&J and Middlesex, the "J&J Defendants").

{80337177:1}                                       1

**ARGUMENT AND AUTHORITIES**

**I.  Insurers Have Standing Pursuant To Section 1109 Of The Bankruptcy Code**

5. It is undisputed that insurers like Allstate have standing to contest the Plan. *See Truck Ins. Exch. v. Kaiser Gypsum Co.*, 144 S. Ct. 1414, 1427, 602 U.S. 268 (2024). Allstate is a party in interest and has broad standing to contest the Plan. *Id.*

6. Given that the Plan clearly affects Allstate's rights, it is a party in interest and has standing to be heard regarding issues that affect it.

**II.  The Plan's Treatment Of Insurance Rights Violates New Jersey Insurance Law**

7. The Plan alters the insuring relationship between Allstate (and the other insurers) and J&J. State law requires that the insured performs its obligations under the policies. However, the Plan violates those policy obligations in a number of ways. For example, it divests Allstate of its right to participate in the investigation and defense of the underlying claims. In addition, it improperly releases J&J's captive insurer Middlesex Assurance, over whom Allstate may have rights of contribution and/or subrogation. *See* Plan, §§ 11.3.2(b)(iv) and 11.3.2(c)(iv). Moreover, it appears that the Plan may also impair Allstate's rights against its own reinsurers.[4]

8. As discussed above, Allstate has a contractual right to participate in the defense and/or settlement of claims. That right is also grounded in principles of equity and public policy. This is particularly objectionable in the context of the Plan's intent to pay claims for Gynecological Cancer and unspecified Other Diseases, even though there is no evidence of causation and no history of such claims being paid in the tort system. *See In re Johnson & Johnson*

---

[4] *See* Certain Insurers' Objection to Confirmation of the Plan for a recitation of this argument, which Allstate incorporates.

*Talcum Powder Products Marketing, Sales Practices and Products Litig.*, 509 F. Supp. 3d 116, 181 (D.N.J. 2020).

### III. The Plan Cannot Be Confirmed Because It Purports To Provide A Release To Middlesex, Which Owes Billions Of Dollars In Coverage To The Debtor, For No Contribution

9. The Plan provides for the issuance of a channeling injunction pursuant to section 524(g) that will channel all claims against the Debtor and Protected Parties to a Trust. Plan at 1. "Protected Party" is defined to include the "Debtor Corporate Parties," which itself means "J&J and all of its current and former Affiliates, including all Persons listed on Schedule 1," with certain exceptions. Plan §§ 1.1.121(c), 1.1.46. Schedule 1 lists "Middlesex Assurance Company Limited." Plan, Schedule 1 [Docket No. 722-13] at 1-11. Middlesex is J&J's captive insurer that issued billions of dollars of coverage to J&J from 1986 through 2018.

10. Middlesex's liability for J&J's talc claims is a central issue in the NJ Coverage Action. The Insurers have material claims against Middlesex in the NJ Coverage Action unrelated to these bankruptcy proceedings, which the Debtor is attempting to improperly and non-consensually release through the Plan.

11. These claims and defenses pose complex issues of New Jersey insurance law and are currently being adjudicated in the NJ Coverage Action. Although the Court should not be asked to resolve this dispute, J&J and the Debtor are seeking to do just that through a full third-party release of Middlesex as a Protected Party.

12. Chapter 11 cannot be used to resolve non-bankruptcy litigation about non-estate property between non-debtors. As a result, the Plan cannot be confirmed with a release of Middlesex. *Cf. In re Encore Prop. Mgm't*, 585 B.R. 22, 31 (Bankr. W.D.N.Y. 2018) (holding that

chapter 11 case that attempted to circumvent state court was an "unabashed attempt to end-run" state court and an impermissible use of bankruptcy court).

13. In addition, under section 524(g), a third party must contribute to the trust and that contribution must be found to be fair and equitable. 11 U.S.C. § 524(g)(4)(B)(ii). There is no indication in the record that Middlesex is making any contribution to the Trust.

14. Releasing Middlesex from its liability without any demonstration of consideration or contribution fails the "fair and equitable" test. Allstate and the other insurers assert that Middlesex still owes significant coverage to J&J that must be included in any inter-insurer allocation under New Jersey law.

### IV. The Insurance Entity Injunction Must Preserve The Insurers' Setoff Rights

15. The insurance entity injunction in section 11.3.2 of the Plan does not have a broad enough carve-out to preserve Allstate's setoff and recoupment rights under contract and applicable state law. Setoff and recoupment rights cannot be extinguished by a plan injunction when the party seeking to assert such rights objects to confirmation of the plan. *See In re SVB Fin. Gr'p*, 662 B.R 53, 66–68, 72 (Bankr. S.D.N.Y. 2024), *appeal filed*, No. 24-2882 (2d Cir. Oct. 30, 2024). Allstate and the other insurers' setoff and recoupment rights must be preserved in the Plan.

### V. The Plan Cannot Be Confirmed Because The Channeling Injunction Exceeds The Scope Of Section 524(g)

16. Section 524(g) requires that the alleged derivative liability of the protected third party must be as a result of one of four enumerated relationships with the debtor: (1) ownership of a financial interest in the debtor, an affiliate, or predecessor (the "affiliate relationship"), (2) involvement in the management of the debtor or a predecessor (the "management relationship"), (3) provision of insurance to the debtor or affiliate (the "insurance relationship"), or (4)

involvement in a corporate or financing transaction with the debtor or an affiliate (the "transaction relationship").  11 U.S.C. § 524(g)(4)(A)(ii)(c).

17. As the Supreme Court held in *Purdue Pharma*, nonconsensual third-party releases are only available under section 524(g), and only under its specific terms.  603 U.S. at 226. Because the Plan is premised on an injunction for third parties that is significantly broader than that allowed by section 524(g), it cannot be confirmed.  *See Pittsburgh Corning Corp.*, 453 B.R. 570, 611 (Bankr. W.D. Pa. 2011) (refusing to confirm plan because it included an "impermissibly broad" channeling injunction under § 524(g) that "could cover independent non derivative claims").

## RESERVATION OF RIGHTS

18. Allstate reserves the right to assert any objection offered by any other objector and to supplement and amend the objections set forth herein based on further discovery or further amendments or changes to the Plan or any Plan Document.

## CONCLUSION

19. For the reasons set forth herein, the Plan should not be confirmed.

Respectfully submitted this 24th day of January, 2025.

        **THOMPSON, COE, COUSINS & IRONS, L.L.P.**
        */s/ Brian S. Martin*
        Brian S. Martin
        Texas Bar No. 13055350
        Federal Id No. 8823
        bmartin@thompsoncoe.com
        Christina A. Culver
        Texas Bar No. 24078388
        Federal Id No. 2118731
        cculver@thompsoncoe.com
        4400 Post Oak Parkway, Suite 1000
        Houston, Texas 77027
        (713) 403-8210 Telephone
        (713) 403-8299 Facsimile

        And

        **WINDELS MARX LANE & MITTENDORF, LLP**

        */s/ Andrew K. Craig*
        acraig@windelsmarx.com
        One Giralda Farms
        Madison, NJ 07940
        (973) 966-3200

        **COUNSEL FOR ALLSTATE INSURANCE COMPANY, SOLELY AS SUCCESSOR IN INTEREST TO NORTHBROOK EXCESS & SURPLUS INSURANCE COMPANY, FORMERLY NORTHBROOK INSURANCE COMPANY**

## Certificate of Service

      I certify that on January 24, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive electronic service in this Adversary Proceeding.

                                  */s/ Brian S. Martin*
                                  Brian S. Martin

{80337177:1}