UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>RED RIVER TALC LLC,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 24-90505 (CML) |

**EMERGENCY MOTION FOR PROTECTIVE ORDER LIMITING THE SCOPE AND DURATION OF DEPOSITIONS OF AD HOC COMMITTEE DECLARANTS**

> IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.
>
> EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

The Ad Hoc Committee of Supporting Counsel (the "AHC"), by and through its counsel, Parkins & Rubio LLP, hereby files this emergency motion (the "Motion") for entry of a protective

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

order limiting the scope and duration of depositions of Ad Hoc Committee Declarants (defined below), and respectfully states as follows:

## INTRODUCTION

1. The AHC respectfully submits this emergency motion for a protective order to ensure that expected depositions of AHC declarants are conducted in a fair, efficient, and proportionate manner. The AHC has identified 11 declarants from member law firms who submitted master ballots, whose direct testimony at the combined hearing on plan confirmation (the "Combined Hearing") is intended to be offered through their respective written declarations, each less than five full pages in length. These declarations are factual in nature, and very limited in scope focusing solely on the authority to vote and the submission of master ballots.

2. Despite being advised of the limited scope of these declarations, opposing counsel has refused to agree to reasonable limitations on deposition length and scope. The AHC proposed limiting the depositions to 90 minutes, consistent with the nature of the direct testimony in the declarations, but opposing counsel has instead insisted on depositions lasting up to 3.5 hours each. Further, opposing counsel seeks to expand the scope of questioning beyond the contents of the direct testimony set out in the declarations, transforming these depositions into open-ended fact-finding expeditions — even though these witnesses, identified to opponents since the filing of the AHC's rule 2019 statement [ECF 212] (the "AHC 2019 Statement") on October 4, 2024, were never identified or mentioned as target deponents by any opposing party during the months of fact discovery that has taken place in his case.

3. The AHC submits that the requested depositions should be appropriately limited in both time and scope. Under Federal Rule of Civil Procedure 26(c), a court may issue a protective order to protect parties from undue burden and expense. Likewise, Rule 26(b)(1) requires

discovery to be proportional to the needs of the case, while Rule 611(b) of the Federal Rules of Evidence limits cross-examination to the subject matter of direct examination and matters affecting credibility. Given these predicate legal guidelines, the AHC respectfully requests that this Court enter a protective order limiting each deposition of each declarant to 90 minutes and restricting questioning to the subject matter of the declarant's direct testimony contained in the written declarations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's Chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. The statutory predicates for the requested relief herein are Federal Rule of Civil Procedure 26(c)(1) and Rule 26(b)(2)(C), made applicable to these proceedings by Federal Rules of Bankruptcy Procedure 7026 and 9014.

## BACKGROUND

6. The AHC is a committee of 18 law firms that formed to advance the common interests of law firms supporting a chapter 11 process to resolve their clients' claims against Red River Talc LLC (the "Debtor") for injuries caused by Johnson & Johnson talc-related products. The AHC represents the vast majority of talc claimants asserting claims against the Debtor.

7. On September 20, 2024, the Debtor commenced this bankruptcy case by filing a voluntary chapter 11 petition to obtain confirmation of a prepackaged plan of reorganization.

8. On October 4, 2024, the AHC filed the AHC 2019 Statement, identifying all 18 member law firms.

3

9. The Court set the close of fact discovery for December 30, 2024. 12/17/24 Hr'g Tr. 45:7.

10. The Combined Hearing to consider confirmation of the Debtor's prepackaged chapter 11 plan, certain motions to dismiss and certain vote-related motions is scheduled to commence of February 18, 2025.

### A. Prior Depositions of AHC Members

11. During the course of this bankruptcy case, the Coalition of Counsel for Justice for Talc Claimants (the "Coalition") sought depositions of five of the 18 AHC members:

- Anne Andrews, Esq., of Andrews & Thornton Law Firm,
- Nabil Majed Nachawati, Esq., of Nachawati Law Group,
- James Onder, Sr., Esq., of OnderLaw, LLC,
- Adam Pulaski, Esq., of Pulaski Kherkher, PLLC, and
- Mikal Watts, Esq., of Watts Law Firm LLP

12. Each of these depositions was completed prior to the close of fact discovery. No other party sought depositions of additional AHC members prior to the December 30, 2024 fact discovery deadline, though they would have been free to do so.

### B. Meet and Confers and AHC's Submission of Declarations

13. As part of planning for the combined confirmation hearing, the AHC engaged in a series of meet and confers with other parties. Pursuant to these discussions, the AHC:

- Identified potential witnesses for the confirmation hearing, including the five AHC members who had already been deposed and an additional 11 AHC members from firms that submitted master ballots.

- Indicated that the 11 additional AHC members would submit declarations as their direct testimony rather than appear live. The AHC also volunteered to make each direct testimony declarant available for a deposition and for cross examination at trial if needed by opposing counsel by remote testimony.

14. During the meet and confer, counsel for the Coalition and counsel for Traveler's indicated that they want to depose these 11 additional AHC members (the "AHC Member Declarants") and they indicated that they were opposed to allowing their direct testimony in by way of declaration at the Combined Hearing.

15. On January 29, 2025, the AHC served 11 notices under Federal Rule of Evidence 807 (each an "FRE 807 Notice"), which attached declarations from each of the 11 AHC member firm representatives. The Declarations are attached hereto as **Exhibits 1 to 11**.[2]

16. Pursuant to the FRE 807 Notices, and as offered in meet and confer sessions, the AHC stated that it would make each declarant available for a deposition and would make each declarant available for cross-examination remotely at the Combined Hearing. The AHC also indicated that it intends for the declaration to serve as the declarants' direct examination testimony at the Combined Hearing.

### C. Dispute Regarding Deposition Scope and Time Limits

17. In connection with scheduling the depositions for the AHC Member Declarants, the AHC proposed that:

- Each deposition be limited to 90 minutes, given that the declarations are all under five pages and focus exclusively on the facts related to authority to vote and the use of master ballots.

- The scope of the deposition be limited to the subject matter of the direct testimony declarations.

18. Travelers Insurance rejected these proposals. Instead, Travelers responded that each deposition should last up to 3.5 hours, and there should be no limitations on the scope of questioning. This is even though Traveler's and every other party in the case, knowing the members of the AHC, never sought any depositions during the regular fact discovery.

---

[2] The exhibits to the Declarations are not attached. Many of the exhibits include confidentiality designations.

19. The AHC offered its proposal to opposing counsel to facilitate, expedite and streamline the combined hearing and afford the opposing parties extensive due process protection through depositions of each direct testimony declarant and the right to cross examine those witnesses at trial, if further examination beyond the depositions was deemed necessary by opposing counsel, but the proposal was rejected.

## **LEGAL STANDARD**

20. Federal Rule of Civil Procedure 26 governs the scope and limitations of discovery. Under Rule 26(c), a court may, "for good cause," issue a protective order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such protective orders are designed to ensure that discovery is conducted in a fair and efficient manner, preventing abuse and unnecessary litigation costs. The burden is on the party seeking the protective order to show that good cause exists for limiting or restricting the requested discovery.

21. Additionally, Rule 26(b)(1) requires that discovery be proportional to the needs of the case. In determining proportionality, courts consider the importance of the issues at stake, the amount in controversy, and whether the burden of the discovery outweighs its likely benefit.

22. Further, Federal Rule of Evidence 611(b) governs the scope of cross-examination, providing that cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility.

## **RELIEF REQUESTED**

23. The AHC respectfully requests that the Court issue a Protective Order:

- Limiting each deposition of an AHC declarant to 90 minutes;
- Restricting the scope of questioning to the contents of the declarant's submitted declaration;

- Requiring that all depositions be conducted remotely (no party has yet raised a dispute on this point); and

- Granting such other relief as the Court deems just and appropriate.

## **ARGUMENT**

### **A. The Depositions Should Be Limited to 90 Minutes**

24. The AHC member firm declarants' depositions should be limited to 90 minutes each, as the scope of their direct testimony is narrow, factual, and directly tied to their declarations, which are each less than five pages in length. Allowing half-day depositions (3.5 hours), as proposed by opposing counsel, of direct testimony declarations that are less than five pages is unnecessary, disproportionate to the issues at stake, would impose an undue burden on the witnesses, and simply makes no common sense, especially with depositions and cross examination volunteered to opposing counsel to protect their clients' rights to due process.

25. Federal Rule of Civil Procedure 26(c) allows courts to issue protective orders to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The declarations at issue focus solely on the authority to vote and the submission of master ballots, and each declarant's testimony is confined to these procedural matters. Prolonged depositions would serve no legitimate purpose other than to harass and burden the declarants, who have already provided detailed written testimony. A 90-minute deposition is sufficient to address any reasonable inquiries without imposing unnecessary litigation costs and burdens.

26. Additionally, Rule 26(b)(1) requires that discovery be proportional to the needs of the case. The court must consider whether the burden of discovery outweighs its likely benefit. Here, extending these depositions to 3.5 hours each would be excessive given that (i) the limited scope of testimony does not justify prolonged questioning, (ii) the burden on the declarants—many of whom are senior members of law firms with significant obligations—is substantial, and (iii) the

7

testimony itself is procedural rather than substantive, meaning that extended questioning is unlikely to yield additional relevant information. A 90-minute limit strikes the appropriate balance by allowing objecting parties to examine the declarants while avoiding undue burden.

27. For these reasons, the AHC respectfully requests that the Court enter a protective order limiting the depositions of these declarants to 90 minutes each. This limitation is consistent with the governing legal standards, ensuring efficiency, proportionality, and fairness in discovery.

### B. The Scope of Inquiry Should Be Limited to the Contents of the Direct Testimony in the Declarations

28. The scope of inquiry in these depositions should be strictly limited to the contents of the declarants' written declarations. No party sought to depose these witnesses during the fact discovery period, and the issue only arose when the AHC informed the parties of its intent to submit their direct testimony through declarations. The AHC has now provided those declarations, which are confined to the authority to vote and the submission of master ballots. Opposing counsel's demand for unrestricted questioning is nothing more than an attempt to obtain another bite at the apple—seeking broad, open-ended depositions beyond the permissible scope of inquiry.

29. Federal Rule of Evidence 611(b) governs the scope of cross-examination, providing that cross-examination "should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." Here, the direct examination consists solely of the written declarations, which address a narrow set of factual issues. Expanding the scope of questioning beyond these matters would not only contradict the limitations imposed by Rule 611(b) but would also serve as an improper end-run around the Court's prior scheduling orders. The purpose of these depositions is not to reopen fact discovery but to allow for reasonable examination of the statements contained in the declarations.

30. Additionally, depositions of other AHC members have already been conducted, covering the same subject matter at issue here. Allowing unrestricted questioning would lead to duplicative testimony, imposing an undue burden on the declarants and violating the proportionality requirement of Federal Rule of Civil Procedure 26(b)(1) and the guardrails established by Federal Rule of Evidence 611(b). The Court should not permit opposing counsel to have a new round of open-ended fact discovery.

31. For these reasons, the AHC respectfully requests that the Court enter a protective order limiting the scope of questioning in these depositions to the subject matter of the declarants' written declarations. This restriction will ensure compliance with Rule 611(b), prevent unnecessary burden and delay, and stop opposing counsel from using these depositions as a vehicle to conduct additional fact discovery after the fact discovery deadline has passed.

## EMERGENCY CONSIDERATION

32. Emergency relief is warranted because the combined hearing is scheduled to commence on February 18, and the parties are discussing beginning depositions as early as Monday, February 3. Given the time sensitivity, the AHC requests that the Court address this issue at the status conference on Friday, January 31, at 1:00 p.m. CT.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the AHC respectfully requests this Court enter a protective order, substantially in the form attached hereto, and grant such other and further relief as the Court may deem just and proper.

Dated: January 30, 2025

Respectfully submitted

*/s/ Charles M. Rubio*
**PARKINS & RUBIO LLP**
Lenard M. Parkins (TX Bar No. 15518200)
Charles M. Rubio (TX Bar No. 24083768)
Great Jones Building
708 Main Street, 10th Floor
Houston, TX 77002
Telephone: (713) 715-1660
Email:  lparkins@parkinsrubio.com
             crubio@parkinsrubio.com

***Counsel to AHC of Supporting Counsel***

### Certificate of Service

I hereby certify that on January 30, 2025, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and I caused this document to be provided to the Court and served on the CMO Parties listed in the Agreed Case Management Order [Dkt. No. 352].

*/s/ Charles M. Rubio*
Charles M. Rubio