**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RED RIVER TALC, LLC, | ) | Case No. 24-90505 (CML) |
|  | ) |  |
| Debtor.[1] | ) |  |
|  | ) |  |

## TRAVELERS' PRE-TRIAL SUBMISSION

---

[1] The last four digits of the Debtor's taxpayer identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

## TABLE OF CONTENTS

**Page**

OVERVIEW .................................................................................................................... 1

INITIAL RESPONSE TO THE DEBTOR'S MEMORANDUM ................................................. 2

CHART 1:  Trial Counsel ............................................................................................... 7

CHART 2:  Trial Witnesses............................................................................................ 9

CHART 3:  Claimant Votes On Plan........................................................................... 16

CHART 4:  Votes By Supporting Plaintiffs' Counsel ................................................. 17

            4-A:  Votes By Ad Hoc Committee Firms................................................. 17

            4-B:  Votes By Additional Supporting Plaintiffs' Firms ............................. 20

CHART 5:  Illustrative Payout For Voting Claimants .................................................. 21

CHART 6:  Illustrative Payout To Supporting Plaintiffs' Counsel ............................. 22

            6-A:  Illustrative Payout To Ad Hoc Committee Firms................................ 22

            6-B:  Illustrative Payout To Additional Supporting Plaintiffs' Firms .......... 23

            6-C:  Illustrative Payout Analysis .................................................................. 24

CHART 7:  Voting Issues For Ten Ad Hoc Committee Firms...................................... 25

CHART 8:  Voting For The Deceased.......................................................................... 36

CHART 9:  Voting For Clients Without Medical Records........................................... 37

CHART 10:  Plan Support Agreements ........................................................................ 39

CHART 11:  Votes Excluded ....................................................................................... 40

CHART 12:  ██████████████████████████████████ .............................................. 41

CHART 13:  The Debtor And J&J Do Not Believe Talc Causes Gynecological Cancer ........... 43

CHART 14:  The Debtor Is Not An Ongoing Business................................................ 46

Travelers Casualty and Surety Company (formerly known as The Aetna Casualty and Surety Company) and The Travelers Indemnity Company (together, "Travelers"), for their pre-trial submission for the scheduled February 18-28, 2025 consolidated hearing, respectfully represent as follows:

## <u>OVERVIEW</u>

On January 24, 2025, Travelers and certain other insurers filed their *Objection To Confirmation Of The Plan* [Docket No. 981] (the "<u>Objection</u>").[2]  Travelers respectfully generally refers the Court to the Objection for a statement of Travelers' pre-trial positions.  On February 10, 2025, the Debtor filed its *Memorandum of Law in Support of Confirmation of the Second Amended Prepackaged Chapter 11 Plan of Reorganization of Red River Talc LLC* [Docket No. 1075] (the "<u>Memorandum</u>"), in which the Debtor disclosed certain proposed modifications to the Plan. Through this submission, Travelers provides an initial response to these proposed Plan modifications and other assertions made in the Memorandum,[3] and also provides the enclosed charts to aid the Court in administering the trial and to summarize the pre-trial evidence supporting the Objection.

---

[2]  Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Objection or the *Second Amended Prepackaged Chapter 11 Plan of Reorganization Of The Debtor* [Docket No. 722] (the "<u>Plan</u>"), as applicable.

[3]  The Debtor has not yet disclosed the terms of its Third Amended Plan, or its proposed Confirmation Order.  As such, Travelers reserves all rights with respect to those documents.

## INITIAL RESPONSE TO THE DEBTOR'S MEMORANDUM

In its Memorandum, the Debtor acknowledges that Travelers holds Talc Personal Injury Claims that are impaired by the Plan.  *See* Memorandum at 236 ("The Plan preserves the Insurers' ability to obtain an affirmative recovery from the Talc Personal Injury Trust that, but for the [injunction], could be asserted against Settling Talc Insurance Companies"); *see also* Plan § 1.1.152  ("'Talc Personal Injury Claim' means any claim  . . . against . . . any other Protected Party"); Plan § 3.2.4 ("Class 4 consists of all Channeled Talc Personal Injury Claims . . . Class 4 is Impaired").

It is axiomatic that an impaired creditor has standing to object to all elements of a proposed plan that affect its class—a principle acknowledged in the cases cited by the Debtor in its Memorandum.  *See In re Quigley Co.*, 391 B.R. 695, 704-05 (concluding that creditors are "the appropriate parties" to challenge solicitation, third party releases, and compliance with 524(g)); *In re A.P.I., Inc.*, 331 B.R. 828, 861-862 (Bankr. D. Minn 2005) ("*Without [a] claim*, the insurers have no standing to object to the Debtors' plan" (emphasis added)).

The Debtor appears to have misunderstood the operation of its own Plan in contending that Travelers lacks standing to object.  In light of the Debtor's admission that Travelers is an impaired Class 4 creditor, Travelers' right to prosecute its full Objection is unassailable.

Travelers acknowledges the Plan concessions described in the Memorandum—the final versions of which the Debtor has yet to disclose—*may* resolve some of Travelers' objections to the Plan.  Specifically, subject to review of the final language:  (i) the modification of Section 11.3.2(c) of the Plan as set forth in the Memorandum to preserve Travelers' claims against Middlesex Assurance Company may resolve the objections set forth in paragraphs 23-34 of the Objection; and (ii) modification of the Plan's language to preserve Travelers' rights against its

2

reinsurers may resolve the objection set forth in paragraph 10(3) of the Objection.[4]

However, the proposed modifications have not ameliorated Travelers' other concerns regarding the Plan and its solicitation, and Travelers maintains all of its other objections to the Plan.  Even with the modifications described in the Memorandum, the Plan would still negatively impact the insurers' rights in fundamental ways that would impede their ability to manage risk and will increase the quantum of their financial exposure.  Indeed, the Plan would still abrogate Travelers and other insurers' rights under their respective policies to control or participate in the investigation, defense, and settlement of talc claims.  And, the Plan would still effect an improper assignment to the Trust of the Debtor's purported rights under Travelers' policies without Travelers' consent and in violation of the policies' anti-assignment provisions.  *See* Objection § II.A ("The Plan's Treatment Of Insurance Policies Violates New Jersey Insurance Law").

The proposed modifications to the Plan's "insurance neutrality" language fail to make the Plan "insurance neutral."  For example, the Plan requires a finding by the Court that the assignment of the insurance policies cannot be contested in the future:

> [N]o Talc Insurance Company may assert under any Talc Insurance Policy. . . any defense that the transfer and assignment . . . is prohibited by any Talc Insurance Policy . . . or by applicable non-bankruptcy law.

Plan § 8.1(e)(xx).  To the extent the Debtor or Johnson & Johnson seek coverage for payments made to the Trust in the New Jersey insurance coverage litigation, Travelers should have the right to assert that there is no coverage for such payments because the purported assignments of the policies and rights under the policies preceding this bankruptcy and otherwise in connection with this bankruptcy violate the policies' anti-assignment clauses under New Jersey law.  The Plan

---

[4] However, the proposed modification to the definition of "Talc Insurance Policy," as described in the Memorandum, does not appear to eliminate Travelers' concern of being barred from pursuing a claim against reinsurers if an insurance company issued a primary or excess liability policy to J&J and also issued reinsurance policies to Travelers.

improperly seeks to extinguish Travelers' right to have the New Jersey court overseeing the coverage litigation decide this question of New Jersey insurance law.

Further, the Debtor's proposed definition of "Talc Insurance Company Defensive Rights" is narrow: the "rights" referenced are the "rights and defenses of setoff, recoupment, allocation, or apportionment of fault and judgment reduction, [and] apportionment of damages."  Memorandum at 63.  This language is limited in scope and still bars Travelers from using the "Talc Insurance Company Defensive Rights" to seek "any affirmative monetary recovery from any Protected Party."  *Id.*

In short, the Debtor, like other mass tort debtors, has crafted a nominally "insurance neutral" Plan that still harms its insurers.  *See Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. 268, 283 (2024) ("[The insurance neutrality] doctrine is conceptually wrong and makes little practical sense."); *see also id.* ("Practically, the insurance neutrality doctrine is too limited in its scope.  It zooms in on the insurer's prepetition obligations and policy rights.  That wrongly ignores all the other ways in which bankruptcy proceedings and reorganization plans can alter and impose obligations on insurers.").

The Debtor's Memorandum is also replete with unsubstantiated references to "good-faith, arms' length" or "extensive" negotiations of the Plan, despite the Court's warning to the Debtor that the mediation privilege and common interest doctrine the Debtor invoked to block discovery into Plan negotiations could not be used by the Debtor as both a "sword and shield."  For example, the Debtor starts its Memorandum by touting the Plan negotiations that took place *during mediation*:

> [The Plan] has been the subject of many mediations conducted by
> multiple mediators over the past three years, and has been
> extensively negotiated at arm's length with numerous plaintiff firms

> representing the substantial majority of claimants, as well as with a
> legal representative acting on behalf of future claimants.

Memorandum at 1.  The Debtor continues the references to its secret negotiations throughout.  *See id.* at 1 (The Plan "has been extensively negotiated at arm's length."); *id.* at 91 ("The Plan and the instruments, agreements and documents necessary to implement and consummate the Plan, including the Talc Personal Injury Trust Documents, were negotiated in good-faith and at arm's-length"); *id.* at 164 ("The Plan has been negotiated extensively and at arm's length"); *id.* at 240 ("the transfer of the Talc Insurance Assets to the Talc Personal Injury Trust and subrogation of the Reorganized Debtor to the Talc Personal Injury Trust's rights was agreed to by the parties following extensive negotiations regarding the terms of the Plan.").

Travelers previously filed a motion to compel production of documents related to the Plan negotiations on the grounds that those materials are not protected by the mediation or common interest privilege.  *See Travelers' Emergency Motion to Compel* [Docket No. 682].  During oral argument on that motion, counsel told the Court that neither Johnson & Johnson nor the Debtor would "put the mediation negotiations at issue" and instead would rely on "the support that the plan has":

> Number two in terms of the case, I'll just note the sword and shield
> point, and I think we make the point in our papers.  We have not put
> the mediation negotiations at issue.  Nor does the debtor intend to.
>
> I think we make the point that, I think is clear, that frankly
> 1129(a)(3), and the plan being proposed in good faith.  I think the
> best evidence of that is the support that the plan has.  But I appreciate
> the point about sword and shield.  I think my core response, and I
> don't think they really rebutted it is that that has not been put at issue.

Dec. 17, 2024 Hr'g Tr. at 152:3-14 (counsel to Johnson & Johnson) (cleaned up).

The Court warned the Debtor and Johnson & Johnson that, if they were not providing documents from the mediation and the negotiations, they could not talk about those negotiations

at the confirmation hearing:  "I've got to avoid the whole shield/sword situation where someone kind of doesn't answer any questions about the plan or what they think about the plan but then show up and then want to tell me how great it is."  Dec. 27, 2024 Hr'g Tr. at 13:13-15.  Yet, that is precisely what the Debtor is now doing.  It has affirmatively and repeatedly invoked the screened-off mediation discussions as support for the Plan and its supposed "good faith," despite having blocked any evaluation of those negotiations.  The Debtor cannot have it both ways.

As this Court already recognized, the Debtor should not be allowed to use the mediation privilege and common interest doctrine offensively, after having used them defensively throughout the entirety of this proceeding.  Other courts in this District agree.  *See In re Exco Resources, Inc. et al.*, No. 18-30155 (Bankr. S.D. Tex.), Dec. 5, 2018 Hr'g Tr. at 18:25-19:4 [Docket No. 1413] ("You can't have a witness testify that what occurred in the mediation occurred in good faith without breaking the mediation privilege yourself.  You can't do a sword and a shield."); *see also In re Anadarko Petro. Corp. Sec. Litig.*, 2023 WL 2733401, at *3 (S.D. Tex. Mar. 31, 2023) ("[Defendant] has used privilege as both a sword and a shield, thus likely waiving privilege as to the entire subject matter").  The Debtor cannot now cite these negotiations offensively as evidence of good faith under Section 1129(a)(3).  Any evidence or testimony regarding the purportedly "extensive," "good-faith, arms'-length" negotiations of the Plan and Plan Documents should be barred at the Consolidated Hearing.

For the reasons set forth herein and in the Objection, and as will be further addressed at trial, the Plan should not be confirmed.  Provided below are a series of charts that are designed to aid the Court at trial and also summarize the pre-trial evidence supporting the Objection.

\*      \*      \*

**CHART 1:  Trial Counsel**

| DEBTOR | JOHNSON & JOHNSON (J&J) |
|---|---|
| **JONES DAY**<br>• Gregory M. Gordon<br>• Dan B. Prieto<br>• Brad B. Erens<br>• Amanda Rush<br>**KIRKLAND & ELLIS**<br>• Allison M. Brown<br>**PORTER HEDGES LLP**<br>• John Higgins<br>**KING & SPALDING**<br>• Kristen Fournier | **WHITE & CASE LLP**<br>• Gregory M. Starner<br>• Jessica C. Lauria<br>• Matthew E. Linder<br>**BARNES & THORNBURG, LLP**<br>• Brett D. Kahn<br>• Jim Murdica |
| THE OFFICIAL COMMITTEE OF TALC CLAIMANTS (TCC) | AD HOC COMMITTEE OF SUPPORTING COUNSEL (AHC) |
| **STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, PC**<br>• Sander L. Esserman<br>• Peter C. D'Apice<br>**PAUL HASTINGS LLP**<br>• Kristopher M. Hansen<br>• Kenneth Pasquale<br>• Matthew M. Murphy<br>**BROWN RUDNICK LLP**<br>• David J. Molton<br>• Jeffrey L. Jonas<br>• Eric R. Goodman<br>• Gerard T. Cicero<br>**SUSMAN GODFREY, LLP**<br>• Vineet Bhatia | **PARKINS & RUBIO LLP**<br>• Lenard M. Parkins<br>• Charles Rubio<br>• Deanna Osborne<br>**AHC MEMBER FIRMS**<br>• Aylstock Witkin Kreis & Overholtz, PLLC<br>• Andres Pereira Law Firm, P.C.<br>• Andrews & Thorntons<br>• De la Rosa Law Firm<br>• Duncan Stubbs<br>• Johnson Law Group<br>• Linville Law Group<br>• McDonald Worley PC<br>• The Miller Law Firm, LLC<br>• Nachawati Law Group<br>• Napoli Shkolnik<br>• OnderLaw, LLC<br>• Paul LLP<br>• Pulaski Kherkher, PLLC<br>• Rueb Stoller Daniel, LLP<br>• Slater Slater Schulman LLP<br>• Trammell PC<br>• Watts Guerra LLP |

| | |
|---|---|
| **SMITH LAW FIRM (SLF)**<br>**KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>• Kenneth H. Eckstein<br>• Rachael L. Ringer<br>• Natan Hamerman<br>• Megan M. Wasson<br>**TROUTMAN PEPPER LOCKE LLP**<br>• Elizabeth M. Guffy | **FUTURE CLAIMANTS' REPRESENTATIVE (FCR)**<br>**BRACEWELL LLP**<br>• Nancy McEvily Davis<br>• William A. (Trey) Wood III<br>• Jason G. Cohen |
| **COALITION OF COUNSEL FOR JUSTICE FOR TALC CLAIMANTS**<br>**OTTERBOURG P.C.**<br>• Adam C. Silverstein<br>• David A. Castleman<br>• Melanie L. Cyganowski<br>• Sunni P. Beville<br>**BAILEY & GLASSER LLP**<br>• Brian A. Glasser<br>• Thomas B. Bennett<br>• David L. Selby, II<br>• Jonathan Gold<br>**BEASLEY ALLEN LAW FIRM**<br>• Leigh O'Dell<br>• Andy Birchfield<br>**LAWSON & MOSHENBERG PLLC**<br>• Nicholas R. Lawson<br>• Avi Moshenberg<br>**LEVIN SEDRAN & BERMAN, LLP**<br>• Lawrence Berman<br>**ASHCRAFT & GEREL, LLP**<br>**GOLOMB LEGAL**<br>**LEVIN PAPANTONIO** | **UNITED STATES TRUSTEE (U.S.T.)**<br>• Linda Richenderfer<br>• Jayson B. Ruff<br>• Spencer Ezell<br><br>**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, THROUGH THE DEPARTMENT OF JUSTICE (DOJ)**<br>• Bethany R. Theriot<br>• Michael D. Granston<br>• Kirk T. Manhardt<br>• Kevin Vanlandingham<br>• Louisa A. Soulard |
| **CERTAIN CLAIMANTS**<br>**THE BARNES LAW GROUP, LLC**<br>• John Bevis<br>**COHEN & PLACITELLA & ROTH, P.C.**<br>• Chris Placitella | **INSURERS**<br>**SIMPSON THACHER & BARTLETT LLP**<br>• Lynn K. Neuner<br>• William T. Russell, Jr.<br>• Matthew C. Penny<br>**GRAY REED**<br>• Jason S. Brookner[5] |

---

[5] Simpson Thacher and Gray Reed are counsel for Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) and The Travelers Indemnity Company.

## CHART 2: Trial Witnesses



| DEBTOR FACT WITNESSES | |
|---|---|
| **Anne Andrews** *Andrews & Thornton* | **Andrew Birchfield** *Beasley Austin* |
| **John Kim** *Red River/J&J* Red River Chief Legal Officer | **Stephanie Kjontvedt** *Epiq* VP of Corp. Restructuring |
| **Adam Lisman** *Johnson & Johnson* VP & Assistant Corporate Controller | **James Murdica** *Barnes & Thornburg LLP* |
| **James Onder** *OnderLaw* | **Allen Smith, Jr.** *Smith Law Firm* |
| **Mikal Watts** *Watts Law Firm* | |

| DEBTOR EXPERT WITNESSES | | | |
|---|---|---|---|
|  | **Andrew Evans** *Bates White, LLC* <br><br> Voting |  | **Edgar Gentle III** *Gentle, Turner & Benson* <br><br> Voting |
|  | **Charles Mullin** *Bates White, LLC* <br><br> Claims |  | **Shannon Wheatman** *Signal Interactive Media* <br><br> Voting |

| **AD HOC COMMITTEE OF SUPPORTING COUNSEL** <br> **<u>FACT WITNESSES</u>** |||||
|---|---|---|---|---|
|  | **Basil Adham** <br> *Johnson Law Group* | |  | **Christopher LoPalo** <br> *Napoli Shkolnik* |
|  | **Adam Pulaski** <br> *Pulaski Kherkher* | |  | **Jeff Seldomridge** <br> *Miller Law Firm* |
|  | **Matthew Stubbs** <br> *Duncan Stubbs* | |  | **Daniel Thornburgh** <br> *Aylstock, Witkin, Kreis, & Overholtz* |

| **FUTURE CLAIMANTS' REPRESENTATIVE** <br> <u>**FACT WITNESS**</u> |
|---|



**Randi Ellis**
*Randi S. Ellis LLC*

| **FUTURE CLAIMANTS' REPRESENTATIVE** <br> <u>**EXPERT WITNESS**</u> |
|---|



**Hal Singer**
*EconOne Research Inc.*

Claims

| | | | |
|---|---|---|---|
| **THE COALITION OF COUNSEL FOR JUSTICE FOR TALC CLAIMANTS** <u>**FACT WITNESSES**</u> | | | |
|  | **John Bittner** *Red River* Chief Restructuring Officer |  | **Richard Dickinson** *Red River/J&J* Chief Financial Officer |
|  | **Erik Haas** *Johnson & Johnson* Head of Worldwide Litigation |  | **Majed Nachawati** *Nachawati Law Group* |
|  | **Robert Wuesthoff** *Red River/J&J* President | | |

13

| THE COALITION OF COUNSEL FOR JUSTICE FOR TALC CLAIMANTS<br>**EXPERT WITNESSES** | | | |
|---|---|---|---|
|  | **Yvette Austin**<br>*Compass Lexecon*<br><br>Claims |  | **Todd Hilsee**<br>*The Hilsee Group*<br><br>Voting |
|  | **Hon. Harlin Hale**<br>*JAMS/Former Bankruptcy Judge*<br><br>Voting |  | **David Kessler**<br>*UCSF*<br>*Former FDA Commissioner*<br><br>Epidemiology |
|  | **Judith Wolf**<br>Gynecologic Oncologist<br><br>Epidemiology | | |

| INSURER |
| :---: |
| **FACT WITNESS** |

|  | **Scott Erikson**<br>*Travelers*<br>Assistant Vice President | |

| INSURER |
| :---: |
| **EXPERT WITNESSES** |

| | **David Babbe**<br>*UCLA, Retired*<br><br>Insurance | | **Emily Goswami**<br>*Roux*<br><br>Epidemiology |
| | **Marc Scarcella**<br>*Roux*<br><br>Claims | | **William A. Powley**<br>*Formidable Partners*<br><br>Finance |

**CHART 3:  Claimant Votes On Plan**

| Disease Type | Total Voting Claims[6] | |
|---|---|---|
| **Ovarian** | Yes | ▮ |
| | No | ▮ |
| | *Total* | ▮ |
| **Gynecological** | Yes | ▮ |
| | No | ▮ |
| | *Total* | ▮ |
| **Other Disease** | Yes | ▮ |
| | No | ▮ |
| | *Total* | ▮ |
| **TOTALS** | **Yes** | ▮ |
| | **No** | ▮ |
| | ***Total*** | ▮ |

---

[6] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**CHART 4:  Votes By Supporting Plaintiffs' Counsel**

**4-A:  Votes By Ad Hoc Committee Firms**

| | AHC Firm | Voting Claims | | Option A | | Option B | | Epiq | |
|---|---|---|---|---|---|---|---|---|---|
| 1. | Watts Guerra LLC | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | |
| 2. | OnderLaw, LLC | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | |
| 3. | Andrews & Thornton | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | |
| 4. | Pulaski Kherkher, PLLC | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | |
| 5. | Nachawati Law Firm | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | |
| 6. | Aylstock, Witkin, Kreis | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | |
| 7. | Duncan Stubbs | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | |
| 8. | The Miller Law Firm, LLC | Yes<br>No<br>Total | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | | Yes<br>No<br>*Total* | |

| | AHC Firm | Voting Claims | | Option A | | Option B | | Epiq | |
|---|---|---|---|---|---|---|---|---|---|
| 9. | Johnson Law Group | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | |
| 10. | Napoli Shkolnik | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | |
| 11. | McDonald Worley PC | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | |
| 12. | Trammell PC | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | |
| 13. | Rueb Stoller Daniel | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | |
| 14. | Slater Slater Schulman LLP | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | |
| 15. | Linville Law Group | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | |
| 16. | De la Rosa Law Firm | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | |
| 17. | Andres Pereira Law Firm | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | | Yes No *Total* | |

| | AHC Firm | Voting Claims | | Option A | | Option B | | Epiq | |
|---|---|---|---|---|---|---|---|---|---|
| 18. | Paul LLP | Yes<br>No<br>*Total* | ██ | Yes<br>No<br>*Total* | ██ | Yes<br>No<br>*Total* | ██ | Yes<br>No<br>*Total* | ██ |
| | **TOTAL** | **Yes**<br>**No**<br>***Total*** | ██ | **Yes**<br>**No**<br>***Total*** | ██ | **Yes**<br>**No**<br>***Total*** | ██ | **Yes**<br>**No**<br>***Total*** | ██ |

19

**4-B:  Votes By Additional Supporting Plaintiffs' Firms**

| | Non-AHC Supporting Firm | Voting Claims | | Option A | | Option B | | Epiq | |
|---|---|---|---|---|---|---|---|---|---|
| 1. | The Smith Law Firm, PLLC | Yes<br>No<br>*Total* | ██ | Yes<br>No<br>*Total* | ██ | Yes<br>No<br>*Total* | ██ | Yes<br>No<br>*Total* | ██ |
| 2. | Morelli Law Firm, PLLC | Yes<br>No<br>*Total* | ██ | Yes<br>No<br>*Total* | ██ | Yes<br>No<br>*Total* | ██ | Yes<br>No<br>*Total* | ██ |
| 3. | Robinson Law Firm | Yes<br>No<br>*Total* | ██ | Yes<br>No<br>*Total* | ██ | Yes<br>No<br>*Total* | ██ | Yes<br>No<br>*Total* | ██ |
| | **TOTALS** | **Yes**<br>**No**<br>***Total*** | ██ | **Yes**<br>**No**<br>***Total*** | ██ | **Yes**<br>**No**<br>***Total*** | ██ | **Yes**<br>**No**<br>***Total*** | ██ |

<u>**CHART 5:  Illustrative Payout For Voting Claimants**</u>

| Disease Type | Voting Claims | Payout[7, 8, 9] |
|---|---|---|
| **Ovarian** | | |
| **Gynecological** | | |
| **Other Disease** | | |
| **TOTALS** | | |

*Note*:  Chart illustrates payout if all voting claimants were paid using TDP values.

---

[7] Ovarian claims are expected to recover $125,000 on average.  *See* Kim Sept. 20, 2024, Decl. [Docket No. 17] ¶ 13 (taking the midpoint of the likely average recovery of pending ovarian cancer claims - $75,000 to $175,000).  Payout column assumes all voting claims will qualify for compensation from the Trust.
[8] Gynecological claims will be paid $1,500 via QuickPay.  Red River Dec. 9, 2024, Second Amended Plan [Docket No. 722] § 7.2.2.
[9] Other Disease claims will be paid a maximum of $1,000.  *Id*. § 3.6.

**CHART 6:  Illustrative Payout To Supporting Plaintiffs' Counsel**

**6-A:  Illustrative Payout To Ad Hoc Committee Firms**

| | AHC Firm | Voting Claims | Payout | Firm Recovery[10] |
|---|---|---|---|---|
| 1. | Watts Guerra LLC | | | |
| 2. | OnderLaw, LLC | | | |
| 3. | Andrews & Thornton | | | |
| 4. | Pulaski Kherkher, PLLC | | | |
| 5. | Nachawati Law Firm | | | |
| 6. | Aylstock, Witkin, Kreis | | | |
| 7. | Duncan Stubbs | | | |
| 8. | The Miller Law Firm, LLC | | | |
| 9. | Johnson Law Group | | | |
| 10. | Napoli Shkolnik | | | |
| 11. | McDonald Worley PC | | | |
| 12. | Trammell PC | | | |
| 13. | Rueb Stoller Daniel | | | |
| 14. | Slater Slater Schulman LLP | | | |
| 15. | Linville Law Group | | | |
| 16. | De la Rosa Law Firm | | | |
| 17. | Andres Pereira Law Firm | | | |
| 18. | Paul LLP | | | |
| | **TOTALS** | | | |

_____

[10]

**6-B:  Illustrative Payout To Additional Supporting Plaintiffs' Firms**

| | Non-AHC Supporting Firm | Voting Claims | Payout | Firm Recovery |
|---|---|---|---|---|
| 1. | The Smith Law Firm, PLLC | ■ | ■ | ■ |
| 2. | Morelli Law Firm, PLLC | | | |
| 3. | Robinson Law Firm | | | |
| | **TOTALS** | ■ | ■ | ■ |

## 6-C:  Illustrative Payout Analysis

| Group | Illustrative Payout | % of Total Illustrative Payout[11] |
|---|---|---|
| Claimants represented by 18 AHC Firms | ██████ | ████ |
| Claimants represented by all 21 Supporting Plaintiffs' Firms (*includes 18 AHC firms and three non-AHC firms*) | ██████ | ████ |
| **21 Supporting Plaintiffs' Firms** | ██ *Contingency Fee* + *Qualified Settlement Fund[14]* | ████ |

---

[11] Percentage of total illustrative payout from Chart 3.

[12] Total payout from Chart 6A.

[13] Sum of total payouts from Charts 6A and 6B.

[14] Supporting counsel will receive common benefit funds from a Qualified Settlement Fund established by Johnson & Johnson.  *See* Nov. 15, 2024 Memorandum of Understanding [Docket No. 560-1] at II.C.2.

**CHART 7:  Voting Issues For Ten Ad Hoc Committee Firms**

| | AHC Firm | Votes | Yes/No | Claim Type | Mode Of Voting[15] | Comments |
|---|---|---|---|---|---|---|
| 1. | Watts Guerra LLC | ■ | Yes No ■ | Ovarian Gyn Other ■ | Option A Option B Epiq ■ | ■ |

---

[15] For master ballots, firms had to obtain either informed consent (Option A) or power of attorney (Option B) from their clients.  Certain claims were also submitted by the clients directly to Epiq.

| | AHC Firm | Votes | Yes/No | Claim Type | Mode Of Voting[15] | Comments |
|---|---|---|---|---|---|---|
| 2. | OnderLaw, LLC | ██████ | Yes ██████ No | Ovarian ██████ Gyn Other | Option A ██████ Option B Epiq | ████████████████████████ |

| | AHC Firm | Votes | Yes/No | Claim Type | Mode Of Voting[15] | Comments |
|---|---|---|---|---|---|---|
| 3. | Andrews & Thornton | ███ | Yes<br>No  ███ | Ovarian<br>Gyn  ███<br>Other | Option A<br>Option B  ███<br>Epiq | ████████████ |

27

| | AHC Firm | Votes | Yes/No | Claim Type | Mode Of Voting[15] | Comments |
|---|---|---|---|---|---|---|
| 4. | Pulaski Kherkher, PLLC | ■ | Yes ■ No | Ovarian Gyn ■ Other | Option A Option B ■ Epiq | ■ |

| | AHC Firm | Votes | Yes/No | | Claim Type | | Mode Of Voting[15] | | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 5. | Nachawati Law Firm | ███ | Yes No | ███ | Ovarian Gyn Other | ███ | Option A Option B Epiq | ███ | ████████████ |

| | AHC Firm | Votes | Yes/No | Claim Type | Mode Of Voting[15] | Comments |
|---|---|---|---|---|---|---|
| 6. | Aylstock, Witkin, Kreis, & Overholtz, PLLC | ██████ | Yes ████ No | Ovarian ████ Gyn Other | Option A ████ Option B Epiq | ████████████████████ |

| | AHC Firm | Votes | Yes/No | Claim Type | Mode Of Voting[15] | Comments |
|---|---|---|---|---|---|---|
| 7. | Duncan Stubbs | ██████ | Yes ██████ No | Ovarian ██████ Gyn Other | Option A ██████ Option B Epiq | ████████████████ |

31

| | AHC Firm | Votes | Yes/No | Claim Type | Mode Of Voting[15] | Comments |
|---|---|---|---|---|---|---|
| 8. | The Miller Law Firm, LLC | ███ | Yes<br>No ███ | Ovarian<br>Gyn ███<br>Other | Option A<br>Option B ███<br>Epiq | ████████ |

| | AHC Firm | Votes | Yes/No | | Claim Type | | Mode Of Voting[15] | | Comments |
|---|---|---|---|---|---|---|---|---|---|
| 9. | Johnson Law Group | ███ | Yes No | ███ | Ovarian Gyn Other | ███ | Option A Option B Epiq | ███ | ████████ |

| AHC Firm | Votes | Yes/No | Claim Type | Mode Of Voting[15] | Comments |
|---|---|---|---|---|---|
| Johnson Law Group (*continued*) | | | | | |

| | AHC Firm | Votes | Yes/No | Claim Type | Mode Of Voting[15] | Comments |
|---|---|---|---|---|---|---|
| 10. | Napoli Shkolnik | ██ | Yes<br>No ██ | Ovarian<br>Gyn<br>Other ██ | Option A<br>Option B ██<br>Epiq | ████████████████ |

<u>**CHART 8:  Voting For The Deceased**</u>

| | AHC Firm | Votes | Voting For Deceased Claimants |
|---|---|---|---|
| 1. | OnderLaw, LLC | | |
| 2. | Nachawati Law Firm | | |
| 3. | Aylstock, Witkin, Kreis, & Overholtz, PLLC | | |
| 4. | Duncan Stubbs | | |
| 5. | Johnson Law Group | | |
| 6. | Napoli Shkolnik | | |

**CHART 9:  Voting For Clients Without Medical Records**

| | AHC Firm | Votes | Lack Of Medical Records For Claims Voted |
|---|---|---|---|
| 1. | Watts Guerra LLC | ███ | ████████████████████████████ |
| 2. | OnderLaw, LLC | ███ | ████████████████████████████ |
| 3. | Andrews & Thornton | ███ | ████████████████████████████ |
| 4. | Pulaski Kherkher, PLLC | ███ | ████████████████████████████ |

37

| | AHC Firm | Votes | Lack Of Medical Records For Claims Voted |
|---|---|---|---|
| 5. | Aylstock, Witkin, Kreis, & Overholtz, PLLC | ██ | ████████████ |
| 6. | Duncan Stubbs | ██ | ████████████ |
| 7. | The Miller Law Firm, LLC | ██ | ████████████ |
| 8. | Johnson Law Group | ██ | ████████████ |
| 9. | Napoli Shkolnik | ██ | ████████████ |

**CHART 10:  Plan Support Agreements**

| | Supporting Plaintiffs' Counsel | Votes | Date Of Plan Support Agreement | ███████████████ |
|---|---|---|---|---|
| 1. | Duncan Stubbs | ███ | ███████ | ████████████████ |
| 2. | Johnson Law Group | ███ | ███████ | ████████████████ |

### CHART 11:  Votes Excluded

| | |
|---|---|
| **Votes Submitted**[16] | **109,696** |
| **Minus - Votes Excluded** | **16,174** |
| *Duplicate/Superseded*[17] | *14,281* |
| *Inconsistent*[18] | *1,425* |
| *Facially Defective*[19] | *468* |
| **VOTES ALLOWED** | **93,522** |

---

[16] Voting information in this Chart 11 is from the Kjontvedt Decl. [Docket No. 47] and Kjontvedt Suppl. Decl. [Docket No. 307].

[17] Duplicate/superseded votes conflicted with a subsequent vote submitted on behalf of the same claimant and Epiq did not count one (including 11,480 votes submitted by Beasley Allen superseded by the Smith Law Firm).  *See* Kjontvedt Suppl. Decl. [Docket No. 307] ¶ 10.

[18] Inconsistent votes conflicted with other votes for the same claimant submitted by multiple law firms, and Epiq did not count either.  *See id.*

[19] Facially defective ballots include those that were unsigned, illegible, not indicating a vote, or without identifying information.  *See id.* ¶ 9.

**CHART 12:** ███████████████████████████████████████

| | Supporting Plaintiffs' Counsel | Comments |
|---|---|---|
| 1. | Adam Pulaski<br><br>*Pulaski Kherkher, PLLC* | ████████████████████████████████████ |
| 2. | Jeff Seldomridge<br><br>*The Miller Law Firm, LLC* | ████████████████████████████████████ |
| 3. | Michael Watts<br><br>*Watts Guerra LLC* | ████████████████████████████████████ |
| 4. | James Onder<br><br>*OnderLaw, LLC* | ████████████████████████████████████ |



| 5. | Majed Nachawati<br><br>*Nachawati Law Firm* | |
|---|---|---|
| 6. | Matthew Stubbs<br><br>*Duncan Stubbs* | |
| 7. | Basil Adham<br><br>*Johnson Law Group* | |
| 8. | Christopher LoPalo<br><br>*Napoli Shkolnik* | |

**CHART 13:  The Debtor And J&J Do Not Believe Talc Causes Gynecological Cancer**

| | Source | Comments |
|---|---|---|
| 1. | Red River's Sept. 20, 2024 Disclosure Statement for its Chapter 11 Plan of Reorganization [Docket No. 25-2] (the "Disclosure Statement") | • "The Plan proposes to pay claimants far more than they likely would be expected to recover litigating in the tort system—which typically is nothing—to resolve all present and future 'Channeled Talc Personal Injury Claims.'" Disclosure Statement at ii.<br><br>• "[I]n the 17 ovarian cancer cases that proceeded to trial against the Company, plaintiffs prevailed in only one; in all the other adjudicated cases claimants received nothing." *Id.* at 4.<br><br>• "LLT believes that the Plan's proposed treatment of Channeled Talc Personal Injury Claims will be far more favorable to the claimants than continued litigation in the tort system." *Id.* at 4-5. |
| 2. | Eric Haas<br><br>*J&J – Head of Worldwide Litigation* | |

| 3. | James Murdica<br><br>*J&J - Settlement Counsel* | ███████████████████████ |
|----|----|----|
| 4. | John Kim<br><br>*Red River – Chief Legal Officer* | ███████████████████████ |
| 5. | *In re Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Litig.*, 509 F. Supp. 3d 116 (D.N.J. 2020) ("Decision") | • In the J&J talc MDL, the court's 2020 *Daubert* ruling recognized that Plaintiffs did not attempt to prove a scientific link between talc and non-epithelial ovarian cancer—that is, Gynecological Cancer.<br><br>• "The experts do not opine as to any link between talc use and any other genital cancer.  Their findings are limited to epithelial ovarian cancer."  2020 *Daubert* Decision at 181. |
| 6. | J&J-Sponsored Website About Talc Safety[20] | • "Talc does not cause cancer."<br><br>• "Research, clinical evidence and over 40 years of studies by medical experts around the world continue to support the safety of cosmetic talc."<br><br>• "Even with talc's long history of safe use in consumer products, some have questioned whether using talcum powder can increase a person's risk of developing cancer. Recently, there have been questions raised as to whether the talc used in consumer products is contaminated with asbestos. The weight of the science does not support any claim that our talc products cause cancer." |

---

[20] Available at https://www.factsabouttalc.com/safety.

| 7. | J&J Press Release, *Johnson & Johnson Consumer Health to Transition Global Baby Powder Portfolio to Cornstarch* (Aug. 11, 2022)[21] | • "Our position on the safety of our cosmetic talc remains unchanged. We stand firmly behind the decades of independent scientific analysis by medical experts around the world that confirms talc-based JOHNSON'S® Baby Powder is safe, does not contain asbestos, and does not cause cancer." |
|---|---|---|

---

[21]   Available at https://www.jnj.com/media-center/press-releases/johnson-johnson-consumer-health-to-transition-global-baby-powder-portfolio-to-cornstarch.

## CHART 14:  The Debtor Is Not An Ongoing Business

| | Source | Comments |
|---|---|---|
| 1. | Robert Wuesthoff<br><br>*Red River – President* | |
| 2. | Richard Dickinson<br><br>*Red River – Chief Financial Officer* | |

| 3. | John Kim<br><br>*Red River –<br>Chief Legal<br>Officer* |  |
|---|---|---|
| 4. | William Powley<br><br>*Travelers –<br>Expert<br>Witness* | |

Respectfully submitted this 13th day of February, 2025.

**GRAY REED**

By: */s/ Jason S. Brookner*_____
    Jason S. Brookner
    Texas Bar No. 24033684
    Lydia R. Webb
    Texas Bar No. 24083758
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7000
Facsimile:  (713) 986-7100
Email:       jbrookner@grayreed.com
             lwebb@grayreed.com

- and -

**SIMPSON THACHER & BARTLETT LLP**
    Lynn K. Neuner (admitted *pro hac vice*)
    William T. Russell, Jr. (admitted *pro hac vice*)
    David R. Zylberberg (admitted *pro hac vice*)
    Matthew C. Penny (admitted *pro hac vice*)
425 Lexington Avenue
New York, New York 10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502
Email:       lneuner@stblaw.com
             wrussell@stblaw.com
             david.zylberberg@stblaw.com
             matthew.penny@stblaw.com

**COUNSEL TO TRAVELERS CASUALTY AND SURETY COMPANY (F/K/A THE AETNA CASUALTY AND SURETY COMPANY) AND THE TRAVELERS INDEMNITY COMPANY**

**<u>Certificate Of Service</u>**

I certify that, on February 13, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive electronic service in this Bankruptcy Case.

*/s/ Jason S. Brookner*

Jason S. Brookner