# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RED RIVER TALC, LLC,[1] | ) ) | Case No. 24-90505 (CML) |
|  Debtor. | ) ) ) |  |

### THE COALITION OF COUNSEL FOR JUSTICE FOR TALC CLAIMANTS' OBJECTION TO AD HOC COMMITTEE OF SUPPORTING COUNSEL'S MOTION FOR AN ORDER AUTHORIZING ONDERLAW, LLC TO SUBMIT A SUPPLEMENTAL MASTER BALLOT

(Related to Docket No. 1183)

The Coalition of Counsel for Justice for Talc Claimants (the "Coalition"), by and through its undersigned counsel, hereby submits this objection to the *Ad Hoc Committee of Supporting Counsel's Motion for an Order Authorizing OnderLaw, LLC to Submit a Supplemental Master Ballot* [Dkt. No. 1183] (the "Motion").[2] In support thereof, the Coalition respectfully states as follows:

### PRELIMINARY STATEMENT

1. As the Motion implicitly acknowledges by invoking Federal Rule of Bankruptcy 3018(a), the Federal Rules of Bankruptcy Procedure apply to the relief sought. The Coalition agrees. And in view of the Bankruptcy Rules' applicability, the standard for permitting OnderLaw's late ballot is "excusable neglect." Fed. R. Bankr. P. 9006(b)(1)(B). The Motion fails under that standard because OnderLaw's untimely ballot is not the result of neglect at all, but rather

---

[1] The last four digits of the debtor's federal tax identification number are 8508. The Debtor's address is 501 George Street, New Brunswick, NJ 08933.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Motion.

1

a conscious decision that the firm made pre-petition. The firm's apparent change of heart, however well-intentioned it may be, cannot suffice to permit a late ballot—particularly when it comes, without any timing justification, on the literal eve of a two-week trial.

2.  But even if this were not the case, the AHC's stated justification for seeking to submit a supplemental ballot on behalf of OnderLaw's clients cannot be squared with fundamental bankruptcy principles. Impaired claimants, and not their law firms, are entitled to vote on a proposed plan. While law firms may assist their clients in voting for procedural convenience, the claims do not belong to those firms. The AHC's rationale, if accepted, would turn this on its head, permitting claimants to be fully excluded from voting, and handing the process entirely over to law firms. This cannot be correct.

## **OBJECTION**

3.  OnderLaw, through the AHC, is seeking not to change votes timely cast, but to cast votes several months after the voting deadline of July 26, 2024 has passed. In support of this late submission, it invokes the Court's discretion under Bankruptcy Rule 3018(a) and 11 U.S.C. § 105(a). Mot. ¶ 13.

4.  The Coalition does not dispute the applicability of Bankruptcy Rule 3018(a) to the Motion, but even then, accepting a late ballot is not, as the AHC suggests, subject to a court's unfettered discretion. *Id.* Rather, though the Fifth Circuit has never weighed in on the appropriate standard, the majority of courts employ the "excusable neglect" standard set forth under Bankruptcy Rule 9006(b)(1)(B).[3] *See, e.g., In re Thomas Orthodontics, S.C.*, Case No. 23-25432-rmb, 2024 WL 4297032, at *3 (Bankr. E.D. Wis. Sept. 25, 2024) ("The cases addressing untimely

---

[3] The rule states, "[T]he court may--at any time and for cause--extend the time to act [set by these rules] if . . . on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect." Fed. R. Bankr. P. 9006(b)(1)(B).

ballots are nearly unanimous in holding that the 'excusable neglect' standard in Rule 9006(b)(1) should be applied when a request to extend the deadline to submit a ballot is made after expiration of the original deadline."); *In re Hills Stores Co.*, 167 B.R. 348, 351-52 (Bankr. S.D.N.Y. 1994) ("The concept of 'excusable neglect' is most often associated with the allowance of late-filed proofs of claim, but courts properly have applied the concept in deeming late ballots timely received.").

5. To qualify for this exception, a failure to act must result from "neglect." *In re Graham Bros. Const., Inc.*, 451 B.R. 646, 650 (Bankr. S.D. Ga. 2011) ("Consideration of 'excusable neglect' is a two-pronged analysis . . . . The first prong is whether the proof of claim was not timely filed because of 'neglect.'" (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). According to the Supreme Court, the ordinary meaning of neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer*, 507 U.S. at 388. But, as this definition makes plain, neglect does *not* encompass a carefully-considered omission that a party later seeks to walk back. *See Graham*, 451 B.R. at 650-51 ("After *Pioneer*, the majority of courts have held that a conscious and deliberate decision . . . does not constitute 'neglect' even where the decision ultimately is determined to be faulty.").

6. Yet, it is just that kind of deliberate decision that the AHC is attempting to reverse here. As reflected in the Motion and in Mr. Onder's testimony at trial, OnderLaw made a conscious choice *not* to vote on behalf of clients from whom it had not received an affirmative response, and for which did not believe it had a power of attorney to cast a ballot on the claimant's behalf. Even if OnderLaw has a different position now, this is not sufficient under the Bankruptcy Rules to permit a late filing. *See In re Sabbun*, 556 B.R. 383, 390 (Bankr. C.D. Ill. 2016) ("[I]t also is not

the Court's role to save [a party through Rule 9006(b)] . . . from the results of implementing its own strategies.").

7. Moreover, the timing of the AHC's Motion counsels strongly against granting its requested relief. The Supreme Court in *Pioneer* identified several factors to assess whether neglect was excusable, including the length of delay and whether it was in the movant's control. *Pioneer*, 507 U.S. at 395; *see also In re Eagle Bus. Mfg., Inc.*, 62 F.3d 730, 737 (5th Cir. 1995) (same). Even assuming that OnderLaw's action could be considered "neglect" under Bankruptcy Rule 9006(b), no reason has been offered for why the late Master Ballot could not have been submitted before the eve of trial. And, indeed, it is likely that no such reason exists.

8. OnderLaw has long been a member of the AHC. That group was involved in negotiating the pre-petition plan in the first place, well before it was originally solicited in June of 2024. Since that date, there has been no late-occurring change in circumstance that could have precluded OnderLaw from attempting to cast these ballots prior to the eve of trial. Indeed, this new Master Ballot does not follow any new negotiations or change in position involving the AHC. While the Third Amended Plan [Dkt. No. 1171] was filed on the same date as the Motion, this was not cited as a reason for casting these additional votes. The Third Amended Plan is also highly unlikely to have served as a new catalyst for additional votes from the firm's clients, as the firm was already supporting the Plan.

9. Rather, all that is alleged to have changed is OnderLaw's awareness of the opinion of AHC's proposed expert, Edgar Gentle. But even then, that opinion was circulated to the parties on January 7, 2025, over a month before the AHC made the Motion. OnderLaw presents no reason that it was unable to seek relief at that time.

10. Finally, while the above considerations justify denial of the Motion even if the Court adopts the AHC and Debtor's view on Option B voting, the deficiency of that view is another, independent reason to deny the Motion. The AHC is, on behalf of OnderLaw, asking to cast the votes of 5,600 Gynecological Claim holders based on Option B. As described in the Motion, it claims that this action is warranted by the opinion of Edgar Gentle, whose testimony was not permitted at trial. *See* Mot. ¶ 7. The justification is lacking.

11. The Motion makes no mention of ever having contacted these claimants about how to cast their votes. It does not state whether they were made aware that OnderLaw (through the AHC) was attempting to have their votes cast after the deadline. In fact, the AHC does not mention or represent that the Motion reflects the wishes of the claimants in any way. Rather, the AHC asserts that OnderLaw should be permitted to vote on behalf of these clients simply because it thinks it has a good reason to do so. *See* Mot. ¶ 7. Such a view—essentially, that a lawyer can act independently of its client in deciding whether and how to vote on a chapter 11 plan, based solely and exclusively on the lawyer's own judgment—entirely divorces the process of solicitation from the claimants whose votes are being solicited. Yet, as the AHC acknowledges, § 1126(a) gives the power to vote *to claimants*—not to their counsel. 11 U.S.C. § 1126(a); *see* Mot. ¶ 11. A process that, when taken to its logical conclusion, permits excluding those claimants altogether is not consistent with this plan language. And, for that matter, such a process also bears no resemblance to the pre-petition solicitation procedures adopted by the Debtor in this case, which by its own terms require informed consent or a power of attorney.

## **CONCLUSION**

For the reasons set forth above, the Coalition respectfully requests that the Court deny the Motion.

Dated:  March 10, 2025                    Respectfully submitted,

**LAWSON & MOSHENBERG PLLC**

/s/ *Nicholas R. Lawson*
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
801 Travis Street Suite 2101 #838
Houston, TX 77002
Telephone:  (832) 280-5670
Nick.Lawson@lmbusinesslaw.com
Avi.Moshenberg@lmbusinesslaw.com

- AND -

**OTTERBOURG P.C.**
Melanie L. Cyganowski (*pro hac vice*)
Adam C. Silverstein (*pro hac vice*)
Sunni P. Beville (*pro hac vice*)
David A. Castleman (*pro hac vice*)
Jennifer S. Feeney (*pro hac vice*)
230 Park Avenue
New York, NY 10169
Telephone:     (212) 661-9100
Facsimile:     (212) 682-6104
mcyganowski@otterbourg.com
asilverstein@otterbourg.com
sbeville@otterbourg.com
dcastleman@otterbourg.com
jfeeney@otterbourg.com

- AND -

**BAILEY & GLASSER LLP**
Brian A. Glasser (*pro hac vice*)
Thomas B. Bennett (*pro hac vice*)
David L. Selby II (*pro hac vice*)
Jonathan Gold (*pro hac vice*)
1055 Thomas Jefferson Street, NW, Suite

540 Washington, DC 20007
Telephone:      (202) 463-2101
Facsimile:        (202) 463-2103
bglasser@baileyglasser.com
tbennett@baileyglasser.com
dselby@baileyglasser.com
jgold@baileyglasser.com

Katherine E Charonko (*pro hac vice*)
209 Capitol Street
Charleston WV 25301
Tel: (304) 345-6555
Fax: (304) 342-1110
kcharonko@baileyglasser.com

Elizabeth L. Stryker (*pro hac vice*)
94 Long Street Suite 200
Westover WV 26501
Tel: (304) 594-0087
estryker@baileyglasser.com

*Co-Counsel for the Coalition of Counsel
for Justice for Talc Claimants*

## CERTIFICATE OF SERVICE

I certify that on March 10, 2025, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Nicholas R. Lawson*
Nicholas R. Lawson

7