**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RED RIVER TALC, LLC,[1] | ) | Case No. 24-90505 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**THE COALITION OF COUNSEL FOR JUSTICE FOR TALC CLAIMANTS'
OBJECTION IN CONNECTION WITH ASHCRAFT & GEREL'S MOTION FOR
ENTRY OF AN ORDER PERMITTING ITS CLIENTS TO CHANGE THEIR VOTES
<u>WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN</u>**

(Related to Docket No. 1322)

The Coalition of Counsel for Justice for Talc Claimants (the "<u>Coalition</u>"), by and through

its undersigned counsel, hereby submits this objection in connection with *Ashcraft & Gerel, LLP's*

*Motion for Entry of an Order Permitting Its Clients.to Change Their Votes with Respect to the*

*Debtor's Chapter 11 Plan* [Dkt. No. 1322] (the "<u>Motion</u>").  In support thereof, the Coalition

respectfully states as follows:[2]

**<u>OBJECTION</u>**

1.      Ashcraft & Gerel asks the Court to approve a change of votes for its clients under

Rule 3018(a) of the Federal Rules of Bankruptcy Procedure subject to circumstances that have not

yet occurred and may never occur.  Bankruptcy Rule 3018(a) does not permit vote changes

conditioned on facts that don't yet exist.

---

[1]    The last four digits of the debtor's federal tax identification number are 8508.  The Debtor's address is 501
George Street, New Brunswick, NJ 08933.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Motion.

8353208.3

2.       Bankruptcy Rule 3018(a) permits a change in vote to occur only on a showing of cause. *In re MCorp Fin.*, 137 B.R. 237, 238 (Bankr. S.D. Tex. 1992). In *MCorp. Fin.*, the Southern District of Texas bankruptcy court noted that "[a] change of vote may not occur as a matter of right. This is to avoid the possibility of an entity changing its vote based upon consideration or promises outside of the plan. Vote changing is the exception, not the rule." *Id.*

3.       Here, Ashcraft & Gerel seeks to change its clients votes for exactly that reason— for promises made outside of the plan.   There is no record (even after completion of the confirmation hearing) that evidences the basis for the vote change.   As a result, the Motion should be denied.

4.       According to the Motion, Ashcraft & Gerel seeks authority to change its clients' votes because:

> the Firm has continued to engage in negotiations with the Debtor and all parties in interest to further improve the Plan and ensure that the key terms and settlement documents referenced in the TCC MOU **are finalized prior to confirmation**.  Based upon these developments, the Debtor's agreement and advice of counsel **that the operative Plan will contain** these key terms and documents referenced in the TCC MOU and communicated with its clients, Aschraft & Gerel now seeks the relief requested herein.

Mot. ¶ 18 (emphasis added).

5.       Ashcraft & Gerel further describes that it advised its clients that it was in their best interests to change their votes to accept the Plan "**assuming the terms of the TCC MOU were incorporated in an Amended Plan**." *Id.* at ¶ 20 (emphasis added).  But that has not yet been done. The record from the confirmation hearing is replete with references that the terms of the TCC MOU are not fully incorporated into the Third Amended Plan. *See* Confirmation Hr'g testimony, Day 5, 1926:22-1927:6, Day 6, 2728:19-2729:7, 2751:7-10, 2764:5-9. And the Motion itself repeatedly makes note that the vote change is "subject to the forthcoming necessary and agreed to

changes by the debtor reflecting the terms of the TCC MOU." *See* Motion at ¶ 28; *see also* Motion at ¶¶ 15, 18 and 20.

6.      But significantly, the confirmation hearing record belies the statement that the Third Amended Plan can be further amended to fully incorporate the terms of the TCC MOU. The FCR herself testified that it was "crystal clear" that she would ***not*** agree to the allocation of funds between the current and future claimants set forth in the TCC MOU.   Confirmation Hr'g Transcript, Day 6, 2789:8-20; *see also* Day 6, 2728:19-2729:7, 2751:7-10, 2764:5-9.

7.      That a law firm hopes or believes certain changes will be made to a Plan is not any basis to change the votes of its clients, especially after the request is made at the conclusion of a confirmation hearing with evidence suggesting that the hoped-for changes likely will never come. Apart from this hearsay assertion of counsel and copies of the Original Ballot and Amended Ballot—no evidence accompanies the Motion. There is no further amended Plan.  There is no new MOU on record.  The facts and circumstances have not changed. And the facts and circumstances at the conclusion of the confirmation hearing evidence that the terms of the TCC MOU will not be fully incorporated into the "operative" Plan.

8.      The Coalition respectfully submits that, especially with evidence on the record to the contrary, an assertion that certain further changes may be made to a plan cannot form an adequate factual basis to assess the basis for the vote change, and in turn authorize the exercise of the Court's discretion under Rule 3018(a).

9.      In addition, the record at the combined hearing demonstrates confusion, and extreme differences of opinion, amongst counsel interpreting "Option B" of the Master Ballot as to the requirement.  Ashcraft & Gerel has offered no evidence that it has the requisite power of

3

attorney required under the Debtor's voting and solicitation procedures to change the votes of 40% of its clients who previously voted.

10.     For the reasons set forth in this Objection, the Motion should be denied.

11.     The Coalition reserves all rights in the event the Debtor or Ashcraft & Gerel offer evidence regarding changes to the Plan that have not yet been filed or as to its requisite power of attorney.

## CONCLUSION

For the reasons set forth above, the Coalition respectfully requests that the Court deny the Motion.

Dated:  March 10, 2025

LAWSON & MOSHENBERG PLLC

By: */s/ Nicholas R. Lawson*
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
Lawson & Moshenberg PLLC
801 Travis Street
Suite 2101 #838
Houston, TX 77002
Telephone: 832-280-5670
Email: Nick.Lawson@lmbusinesslaw.com
Avi.Moshenberg@lmbusinesslaw.com

- and -

OTTERBOURG P.C.
Melanie L. Cyganowski (*pro hac vice*)
Adam C. Silverstein (*pro hac vice*)
Sunni P. Beville (*pro hac vice*)
Jennifer S. Feeney (*pro hac vice*)
230 Park Avenue
New York, New York 10169-0075
(212) 661-9100
mycganowski@otterbourg.com
asilverstein@otterbourg.com
sbeville@otterbourg.com

4

8353208.3

5

jfeeney@otterbourg.com

*Co-Counsel for Coalition of Counsel for
Justice for Talc Claimants*

## CERTIFICATE OF SERVICE

I certify that on March 10, 2025, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Nicholas R. Lawson*
Nicholas R. Lawson

8353208.3