United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 17, 2025
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-90505 |
| RED RIVER TALC LLC, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 11 |

### ORDER DENYING MOTIONS FOR RECONSIDERATION
### AND MOTION TO ORDER MEDIATION
(RE: ECF Nos. 1433, 1435, 1437, 1438, 1440)

The Official Committee of Talc Claimants and Rhonda McKey filed separate motions seeking reconsideration of the Court's *Memorandum Decision and Order*. The Committee seeks "reconsideration, amendment of, or relief from" the Order so that the Court may resolve pending retention applications and other disputed administrative matters. McKey asks the Court to reconsider the Order and requests a hearing. The future claimants' representative and Darci Vandiest, on behalf of certain parties, filed joinders to McKey's motion. Heather Velasquez also filed a motion asking the Court to order mediation and joined McKey's motion.

Federal Rule of Civil Procedure 59 applies to bankruptcy cases through Federal Rule of Bankruptcy Procedure 9023. Rule 59(e) provides that a party may file a motion to alter or amend a judgment. "A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accts. v. Transtexas Gas Corp.* (*In re Transtexas Gas Corp.*), 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly-discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). To prevail on a motion to alter or amend, the movant has the burden of establishing one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). A Rule 59 motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citation omitted).

Federal Rule of Civil Procedure 60 applies to bankruptcy cases through Federal Rule of Bankruptcy Procedure 9024. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; [or] . . . (6) any other reason that justifies relief.

Rule 60(b)(6) is a general catch-all category that is reserved for "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citation omitted); *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (same). The United States Supreme Court held that Rule 60(b)(6) "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' . . . while also cautioning that it should only be applied in 'extraordinary circumstances.'" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (citations omitted). The Fifth Circuit has also held that:

> Rule 60(b)(6) requires a showing of "manifest injustice" and will not be used to relieve a party from the "free, calculated, and deliberate choices he has made."

*Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (citations omitted).

The Court conducted a two-week trial and considered over 1,800 exhibits. No party was deprived an opportunity to present evidence or make arguments to the Court. There are no errors of law. There is no mistake, inadvertence, surprise, or excusable neglect. There is no manifest injustice or extraordinary circumstances warranting reconsideration or relief from the Order. The Court also declines to exercise discretion to use § 105 of the Bankruptcy Court to resolve administrative issues or to order parties to mediate. All motions to reconsider the Order, including related relief, are respectfully denied.

Signed on April 17, 2025

_____
Christopher Lopez
United States Bankruptcy Judge